

January 16, 2024

Arturo Rivera, Case Manager
To United States District Judge Keith P. Ellison
United States District Clerk
515 Rusk Avenue, Room 3716
Houston, Texas 77002
Telephone: 713-250-5181
Arturo_Rivera@txs.uscourts.gov

**Re: Results of Plaintiff's criminal case in *Ramos v. Irwin* et al., 4:23-cv-2517**

Judge Ellison,

The state brought three felony charges against Plaintiff Alberto Ramos ("Mr. Ramos") in connection with the events being litigated in *Ramos v. Irwin* et al., 4:23-cv-2517. *See generally* Doc. 26 (Mr. Ramos' sur-reply in opposition to Defendants' motion to dismiss arguing that he did not admit to any crimes). All three charges are part of one criminal case in the 183rd District Court of Harris County, Texas, cause number 173095301010- 3. Mr. Ramos' trial for those charges took place on January 8 through 9, 2024. The jury reached the following conclusions:

| Charge | Decision | Complainant |
|---|---|---|
| Assault on an Officer | Not Guilty (see Appendix A) | Hallie Smith |
| Assault on an Officer | Not Guilty (see Appendix B) | Frederick Morrison |
| Harassment of a Public Servant | Guilty, 2 years of probation (see Appendix C) | Jennifer Gilbreath |

Respectfully submitted,
/s/ Kiah Duggins
Caitlin Halpern (Texas Bar No. 24116474; S.D. Tex. Bar No. 3454643)*
caitlin.halpern@gmail.com
4416 Bell Street
Houston, TX 77023
Telephone: (571) 215-2002
Kiah Duggins (pro hac vice)
Washington, D.C. Bar No. 1779266
Kiah@civilrightscorps.org
Brittany Francis (pro hac vice)
DC Bar #90008960
NY Bar #5337555

brittany@civilrightscorps.org
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
Telephone: (202) 844-4975
*Attorney-in-Charge
Counsel for Plaintiff

# APPENDIX A

CASE No. 173095301010
INCIDENT No. /TRN: 9268927934A003

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 183RD DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| RAMOS, ALBERTO NICOLAS | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX14504558 | § | |

## JUDGMENT OF ACQUITTAL BY JURY

| Judge Presiding: | **KRISTIN M. GUINEY** | Date Judgment Entered: | **1/9/2024** |
|---|---|---|---|
| Attorney for State: | **GORDON MCCORMACK** | Attorney for Defendant: | **FRANK HANNAH JEAN** |

Charged Offense:
**ASSAULT PEACE OFFICER**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | |

Plea to Offense:
**NOT GUILTY**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that the Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The **INDICTMENT** was read to the jury, and Defendant entered a plea of **NOT GUILTY** to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and the argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of the Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict. The Court received the jury's verdict and ordered the verdict entered of record upon the minutes of the Court as follows:

"We, the Jury, find the defendant **NOT GUILTY**."

The Court **ORDERS, ADJUDGES, AND DECREES** that the Defendant is **NOT GUILTY** of the charged offense as FOUND BY THE VERDICT OF THE JURY. The Court **FURTHER ORDERS** that the Defendant be immediately discharged.

**Signed and entered on 1/9/2024**

X _____

**KRISTIN M. GUINEY**
JUDGE PRESIDING

Clerk: J BAXTER

OCA Standard Judgment Form - Judgment of Acquittal by Jury 02/23/20023

# APPENDIX B

CASE NO. 173095201010
INCIDENT NO. /TRN: 9268927934A002

| THE STATE OF TEXAS | § | IN THE 183RD DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| RAMOS, ALBERTO NICOLAS | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX14504558 | § | |

## JUDGMENT OF ACQUITTAL BY JURY

| Judge Presiding: | **KRISTIN M. GUINEY** | Date Judgment Entered: | **1/9/2024** |
| Attorney for State: | **GORDON MCCORMACK** | Attorney for Defendant: | **FRANK, HANNAH JEAN** |

Charged Offense:
**ASSAULT PEACE OFFICER**

Charging Instrument:                                         Statute for Offense:
**INDICTMENT**

Plea to Offense:
**NOT GUILTY**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that the Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The **INDICTMENT** was read to the jury, and Defendant entered a plea of **NOT GUILTY** to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and the argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of the Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict. The Court received the jury's verdict and ordered the verdict entered of record upon the minutes of the Court as follows:

"We, the Jury, find the defendant **NOT GUILTY**."

The Court **ORDERS, ADJUDGES, AND DECREES** that the Defendant is **NOT GUILTY** of the charged offense as FOUND BY THE VERDICT OF THE JURY. The Court **FURTHER ORDERS** that the Defendant be immediately discharged.

**Signed and entered on 1/9/2024**

X _____
**KRISTIN M. GUINEY**
JUDGE PRESIDING

Clerk: J BAXTER

OCA Standard Judgment Form - Judgment of Acquittal by Jury 02/23/20023

# APPENDIX C



## CAUSE NO. 173095101010

INCIDENT NO. /TRN: 9268927934A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 183RD DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| RAMOS, ALBERTO NICOLAS | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX14504558 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | **KRISTIN M. GUINEY** | Date Sentence Imposed: | **1/10/2024** |
| Attorney for State: | **GORDON MCCORMACK** | Attorney for Defendant: | **MOORE, ALIA JISHI** |

Offense for which Defendant Convicted:
**HARASSMENT OF PUBLIC SERVANT**

| | |
|---|---|
| Charging Instrument: | Statute for Offense: |
| **INDICTMENT** | |
| Date of Offense: | Plea to Offense: |
| **7/11/2021** | **NOT GUILTY** |
| Degree of Offense: | |
| **3RD DEGREE FELONY** | |
| Verdict of Jury: | Findings on Deadly Weapon: |
| **GUILTY** | **N/A** |
| 1st Enhancement Paragraph: **N/A** | Finding on 1st Enhancement Paragraph: **N/A** |
| 2nd Enhancement Paragraph: **N/A** | Finding on 2nd Enhancement Paragraph: **N/A** |
| Punishment Assessed by: | Date Sentence Commences: (Date does not apply to confinement served as a condition of community supervision.) |
| **COURT** | **N/A** |
| Punishment and Place of Confinement: | **10 YEARS TDCJ, CORRECTIONAL INSTITUTIONS DIVISION** |

THIS SENTENCE SHALL RUN: **CONCURRENT**

☒ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **2 YEARS**.
(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

☐ Defendant is required to register as sex offender in accordance with Chapter 62, Tex. Code Crim. Proc.

**(For sex offender registration purposes only)** The age of the victim at the time of the offense was **N/A** .

| Fines: | Restitution: | Restitution Payable to: **N/A** |
|---|---|---|
| $ **N/A** | $ **N/A** | (See special finding or order of restitution which is incorporated herein by this reference.) |
| Court Costs: | Reimbursement Fees: | |
| $ **290.00** | $ **20** | |

Was the victim impact statement returned to the attorney representing the State? **N/A**

*(FOR STATE JAIL FELONY OFFENSES ONLY)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? **N/A**

| Total Jail Time Credit: | If Defendant is to serve sentence in county jail or is given credit toward the fine and costs, enter days credited below: |
|---|---|
| | **N/A DAYS**      NOTES: **N/A** |

This cause was called for trial by jury and the parties appeared. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared with counsel.
☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

☐ Defendant was tried in absentia.

　　Both parties announced ready for trial. It appeared to the Court that Defendant was mentally competent to stand trial. A jury was selected, impaneled, and sworn, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

　　The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

　　The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

<u>**Punishment Assessed by Jury / Court / No election**</u> **(select one)**

☐ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☒ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

　　In accordance with the jury's verdict, the Court **ADJUDGES** Defendant **GUILTY** of the above offense. The Court **FINDS** that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

　　The Court **ORDERS** Defendant punished in accordance with the jury's verdict or Court's findings as to the proper punishment as indicated above. After having conducted an inquiry into Defendant's ability to pay, the Court **ORDERS** Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above and further detailed below.

<u>**Punishment Options**</u> **(select one)**

☐ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court **ORDERS** Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or arrange to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Defendant shall be confined in the county jail for the period indicated above. Upon release from confinement, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or arrange to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY**. The Court **ORDERS** Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or arrange to pay the fine, court costs, reimbursement fees, and restitution ordered by the Court in this cause.

☐ **Confinement as a Condition of Community Supervision.** The Court **ORDERS** Defendant confined _____ days in _____ as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

<u>**Fines Imposed Include**</u> **(check each fine and enter each amount as pronounced by the court):**

☐ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, or any other Code) $ _____ (not to exceed $10,000)
☐ Add'l Monthly Fine for Sex Offenders (Art. 42A.653, Code Crim. Proc.) $ As assessed as a Cond. CS ($5.00/per month of community supervision)
☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) **$100**
☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) **$100**
☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) **$100**
☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) **$50**
☐ State Traffic Fine (§ 542.4031, Transp. Code) **$50**
☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) $ As assessed in Cond of CS (not to exceed $50)
☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $ _____ (To Be Determined by the Court)
☐ Payment of Fine to Crime Stoppers Organization - as Cond of CS (Art. 42A.301 (b) (19), Code Crim. Proc.) $ _____ As assessed as a Cond. CS. (not to exceed $50)
☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $ _____ (not to exceed $6,000)

<u>**Execution of Sentence**</u>

☐ The Court **ORDERS** Defendant's sentence **EXECUTED**. The Court **FINDS** that Defendant is entitled to the jail time credit indicated above. The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

**Furthermore, the following special findings or orders apply:**

☒ The Court enters an affirmative finding that the Defendant has been found guilty of a felony.

**SEE THE ATTACHED FIREARM ADMONISHMENT**

_____.

_____

**Date Judgment Entered: 1/10/2024**

X _____

**KRISTIN M. GUINEY**   JUDGE PRESIDING

Clerk: J BAXTER

Notice of Appeal Filed: _

Mandate Received: _____ Type of Mandate: _____

After Mandate Received, Sentence to Begin Date is: _____

Jail Credit: _____DAYS

Thumbprint

Case Number: 1730951 Court: 183RD Defendant: **RAMOS, ALBERTO NICOLAS**

## WRITTEN ADMONITION ON INELIGIBILITY TO POSSESS FIREARM OR AMMUNITION

In accordance with Texas Administrative Code §176.1, the Court hereby admonishes you of the following:

1. You are, by entry of order or judgment, ineligible under Texas law to possess a firearm or ammunition.

2. Beginning now, if you possess a firearm or ammunition it could lead to charges against you. If you have questions about how long you will be ineligible to possess a firearm or ammunition, you should consult an attorney.

3. Under Texas Penal Code §46.01(3):

a. "**Firearm**" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use

b. "**Firearm**" does not include a firearm that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by Penal Code Chapter 46 and that is (1) an antique or curio firearm manufactured before 1899 or (2) a replica of an antique or curio firearm manufactured before 1899 but only if the replica does not use rim fire or center fire ammunition.

The statutes listed below are a starting point for ineligibility to possess a firearm or ammunition. For more information about the laws that make you ineligible to possess a firearm or ammunition, or for more information on how long your ineligibility to possess a firearm or ammunition lasts, the Court recommends you contact an attorney.

• Code of Criminal Procedure Article 17.292 – Magistrate's Order for Emergency Protection
• Code of Criminal Procedure Article 42.0131 – Notice for Persons Convicted of Misdemeanors Involving Family Violence
• Penal Code §46.02 – Unlawful Carrying Weapons
• Penal Code §46.04 – Unlawful Possession of Firearm
• Penal Code §25.07 – Violation of Certain Court Orders or Conditions of Bond in a Family Violence, Child Abuse or Neglect, Sexual Assault or Abuse, Indecent Assault, Stalking, or Trafficking Case
• Family Code §85.026 – Warning on Protective Order

DATE: 01/10/2024

DEFENDANT:

CASE NUMBER: 173095101010

DEFENDANT NAME: RAMOS, ALBERTO NICOLAS

CAUSE **173095101010**

STATE OF TEXAS                                                                 183RD DISTRICT COURT
VS.                                                                                                        OF
ALBERTO NICOLAS RAMOS                                            HARRIS COUNTY, TEXAS

## CONDITIONS OF COMMUNITY SUPERVISION

On this the 10th day of January, 2024, you are sentenced to 10 years confinement in the TEXAS
DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION probated to 2 years community
supervision for the FELONY - LEVEL 3 offense of HARASSMENT OF PUBLIC SERVANT in accordance
with Article 42A, Texas Code of Criminal Procedure, in the 183RD DISTRICT COURT of Harris County,
Texas, by the Honorable Kristin Guiney Judge Presiding. It is the order of this Court that you abide by the
following Conditions of Community Supervision:

1.  Commit no offense against the laws of this or any other State or of the United States. You are to report
    any arrests within 24 hours.

2.  Not use, possess, or consume any illegal drug or prescription drug not currently prescribed to you by a
    medical professional. You shall bring all current prescription containers to your Community
    Supervision Officer. If new medication is prescribed, you must bring the new prescription containers by
    your next scheduled report date.

3.  Report to the Community Supervision Officer as directed for the remainder of the supervision term
    unless so ordered differently by the Court.

4.  Permit a Community Supervision Officer to visit you at your home, place of employment or elsewhere.

5.  Work at suitable employment and/or attend school full-time. Present either verification of employment
    or provide a log of all attempts to secure employment to your Community Supervision Officer as
    directed. You must notify HCCSCD of any change in your employment status by your next scheduled
    reporting date.

6.  Abide by the rules and regulations of the Harris County Community Supervision and Corrections
    Department (hereinafter referred to as HCCSCD).

7.  Remain within Harris County, Texas or any counties directly touching Harris County, Texas. You may
    not travel outside these locations unless you receive prior written permission from the Court through
    your Community Supervision Officer.

8.  Notify HCCSCD by your next report date of any change in residence.

9.  Submit a non-diluted, valid, unaltered sample for the purpose of alcohol/drug monitoring at the request
    of the HCCSCD.

10. Support your dependents as required by law. Provide your Community Supervision Officer with proof
    that you are in compliance with all court-ordered support of dependents.

11. Not ship, transport, possess, receive, or purchase a firearm, altered firearm, or ammunition, or attempt to
    ship, transport, possess, receive, or purchase a firearm, altered firearm, or ammunition.

## CONDITIONS OF COMMUNITY SUPERVISION

Defendant **Alberto Nicolas Ramos**                    Cause **173095101010**

12.    Pay all fees through HCCSCD. All payments MUST be in the form of a Money Order, Cashier's Check or credit card. Online payments may be made with a credit card at PAYCSCD.COM. A $2.00 transaction fee will be charged by HCCSCD to process each payment.

13.    Pay a Supervision Fee at the rate of $25.00 per month for the duration of your community supervision beginning 03/10/2024 to HCCSCD.

14.    Pay a $12.50 fee for a Client Card by 03/10/2024 to HCCSCD if the client does not have a valid state issued Driver's License or Texas ID Card.

15.    Pay a fine of $.00 and Court Costs at the rate of $25.00 per month beginning 03/10/2024 to Harris County through HCCSCD. Court grants credit for 0 days served.

16.    Pay $5.00 per month to cover expenses of drug testing beginning 03/10/2024.

17.    Report in person to HCCSCD to provide a DNA sample to the Department of Public Safety at the direction of and through HCCSCD for the purpose of creating a DNA Record by 04/10/2024 and pay a fee by this date of $25.00 unless a sample has already been submitted under other state law.

18.    Submit to an assessment through HCCSCD Assessment Unit as directed. Participate and successfully complete any program(s) as indicated by the assessment or until further order of the court.

19.    Pay a one-time fee of $100.00 to HCCSCD for the purpose of screening and assessment.

20.    Submit to an evaluation of your Educational skill level by 03/10/2024. If it is determined that you have not attained the average skill of students who have completed the sixth grade in public schools in this State, you shall participate in a program that teaches functionally illiterate persons to read. If you are non-English speaking, you will participate in English as a Second Language (ESL) program, if it is determined there is a need in order for you to meet the state mandate beginning upon referral until successfully discharged or released by further order of the Court.

## CONDITIONS OF COMMUNITY SUPERVISION

Defendant **Alberto Nicolas Ramos**                              Cause **173095101010**

I understand that under the laws of this State, the Court shall determine the terms and conditions of Community Supervision, and may alter or modify said conditions during the period of Community Supervision. I further understand that failure to abide by these Conditions of Community Supervision may result in the revocation of Community Supervision or an adjudication of guilt.

**Court Directive for Release**

Community Supervision expires on January 9, 2026.

_____ *SIGN*          01/10/2024
Alberto Nicolas Ramos                                              Date Signed
Defendant

Signed this the January 10, 2024.

_____ *SIGN*
Kristin Guiney
Presiding Judge

_____                01/10/2024
Ginea Pride                                                        Date Signed
Court Liaison Officer

SPN **02818573**

Plea ~~Guilty~~ Not Guilty