IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALBERTO RAMOS,** *Plaintiff* | § § § | |
| v. | § § | Civil Action No.: 4:23-cv-02517 |
| **SCOTT ERWIN; JENNIFER GILBREATH; HALLIE SMITH; FREDERICK MORRISON; and GINO DAGO,** *Defendants*. | § § § § § § | |

### DEFENDANT OFFICER SCOTT IRWIN'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Scott Irwin ("Defendant Irwin") files this Original Answer to Plaintiff's Complaint [Doc. #1] as follows:

1. Defendant Irwin admits this action is brought under 42 U.S.C. §1983. However, Defendant Irwin denies that he committed, or Plaintiff suffered any 42 U.S.C. §1983 violations. Defendant Irwin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant Irwin admits he was notified of a 911 call in the early morning on July 11, 2021, for an assault by a Hispanic male. Defendant Irwin denies all other allegations in paragraph 2.

3. Defendant Irwin denies race and gender were the only physical descriptors he received. Defendant Irwin admits 44.55% percent of Houstonians identify as Hispanic.

4. Defendant Irwin denies the allegations in paragraph 4.

5. Defendant Irwin denies the allegations in paragraph 5.

1

6. Defendant Irwin admits Ramos was placed in a police vehicle. Defendant Irwin denies all other allegations in paragraph 6.

7. Defendant Irwin is not required to respond to the allegations or claims against other parties in paragraph 7, therefore they are denied.

8. Defendant Irwin is not required to respond to the allegations or claims against other parties in paragraph 8, therefore they are denied.

9. Defendant Irwin is not required to respond to the allegations or claims against other parties in paragraph 9, therefore they are denied.

10. Defendant Irwin is not required to respond to the allegations or claims against other parties in paragraph 10, therefore they are denied.

## I. Parties

11. Defendant Irwin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Defendant Irwin admits the allegations in paragraph 12 regarding his employment and authority under state law and pursuant to his employment as a Houston police officer; Defendant is not required to answer to legal conclusion about the capacity in which other defendants are sued, therefore they are denied at this time.

## II. Jurisdiction and Venue

13. With respect to the allegations pertaining to paragraph 13, Defendant Irwin admits the same. However, Defendant Irwin denies that he is subject to suit because he is protected by qualified immunity.

14. With respect to the allegations pertaining to paragraph 14, Defendant Irwin admits this Court has jurisdiction over Plaintiff's alleged claims, but denies that he is subject to suit because he is protected by qualified immunity

15. Defendant Irwin admits venue is proper.

### III. Statement of Facts

16. Defendant Irwin admits the allegations in paragraph 16.

17. Defendant Irwin denies the allegations in paragraph 17.

18. Defendant Irwin denies the allegations in paragraph 18.

19. Defendant Irwin denies the allegations in paragraph 19.

20. Defendant Irwin admits the allegations in paragraph 20.

21. Defendant Irwin denies the allegations in paragraph 21.

22. Defendant Irwin denies the allegations in paragraph 22.

23. Defendant Irwin denies the allegations in paragraph 23.

24. With respect to the allegations pertaining to paragraph 24, Defendant Irwin denies that Ramos being shirtless makes it visibly apparent Ramos was unarmed.

25. Defendant Irwin admits the allegations in paragraph 25.

26. Defendant Irwin admits the allegations in paragraph 26.

27. Defendant Irwin denies the allegations in paragraph 27.

28. Defendant Irwin denies the allegations in paragraph 28.

29. Defendant Irwin denies the allegations in paragraph 29.

30. Defendant Irwin denies the allegations in paragraph 30.

31. Defendant Irwin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. To the extent a response is required, deny.

32. Defendant Irwin admits the allegations in paragraph 32.

33. Defendant Irwin admits the allegations in paragraph 33.

34. Defendant Irwin denies the allegations in paragraph 34.

35. Defendant Irwin denies the allegations in paragraph 35.

36. Defendant Irwin denies the allegations in paragraph 36.

37. Defendant Irwin denies the allegations in paragraph 37.

38. Defendant Irwin admits the allegations in paragraph 38.

39. Defendant Irwin denies the allegations in paragraph 39.

40. Defendant Irwin denies the allegations in paragraph 40.

41. Defendant Irwin denies assaulting Ramos but admits Defendant Gilbreath appeared on the scene.

42. Defendant Irwin denies the allegations in paragraph 42.

43. Defendant Irwin admits the allegations in paragraph 43.

44. Defendant Irwin admits the allegations in paragraph 44.

45. Defendant Irwin is not required to respond to the allegations or claims against other parties in paragraph 45, therefore they are denied.

46. Defendant Irwin denies the allegations in paragraph 46.

47. Defendant Irwin denies the allegations in paragraph 47.

48. Defendant Irwin denies the allegations in paragraph 48.

49. Defendant Irwin admits the allegations in paragraph 49.

50. Defendant Irwin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50. To the extent a response is required, deny.

51. Defendant Irwin denies the allegations in paragraph 51.

52. Defendant Irwin denies the allegations in paragraph 52.

53. Defendant Irwin admits Ramos responded, "she's my sister." Defendant Irwin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, therefore they are denied.

54. Defendant Irwin admits the allegations in paragraph 54.

55. Defendant Irwin denies the allegations in paragraph 55.

56. Defendant Irwin denies the allegations in paragraph 56.

57. Defendant Irwin denies the allegations in paragraph 57.

58. Defendant Irwin admits the allegations in paragraph 58.

59. Defendant Irwin denies the allegations in paragraph 59.

60. Defendant Irwin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60. To the extent a response is required, deny.

61. With regard to the allegations in paragraph 61, Defendant Irwin admits that Ramos was handcuffed and unarmed but denies all other allegations in paragraph 61.

62. Defendant Irwin denies the allegations in paragraph 62.

63. Defendant Irwin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63. To the extent a response is required, deny.

64. Defendant Irwin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64. To the extent a response is required, deny.

65. Defendant Irwin admits to making comments on the scene regarding Ramos' mental state. Defendant Irwin denies the remaining allegations in paragraph 65.

66. Defendant Irwin is not required to respond to the allegations or claims against other parties in paragraph 66, therefore they are denied.

67. Defendant Irwin denies the allegations in paragraph 67.

68. Defendant Irwin admits the allegations in paragraph 68.

69. With regard to the allegations in paragraph 69, Defendant Irwin admits Ramos was acting erratically while handcuffed in the back of the police vehicle but denies all other allegations in particular 69.

70. Defendant Irwin is not required to respond to the allegations or claims against other parties in paragraph 70, therefore they are denied.

71. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 71. To the extent that an answer is required, denied.

72. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 72. To the extent that an answer is required, denied.

73. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 73. To the extent that an answer is required, denied.

74. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 74. To the extent that an answer is required, denied.

75. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 75. To the extent that an answer is required, denied.

76. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 76. To the extent that an answer is required, denied.

77. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 77. To the extent that an answer is required, denied.

78. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 78. To the extent that an answer is required, denied.

79. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 79. To the extent that an answer is required, denied.

80. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 80. To the extent that an answer is required, denied.

81. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 81. To the extent that an answer is required, denied.

82. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 82. To the extent that an answer is required, denied.

83. Defendant Irwin denies the allegations in paragraph 83.

84. Defendant Irwin denies the allegations in paragraph 84.

### IV. Alleged Counts

85. Defendant Irwin admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 85; Defendant Irwin's responses and denials to each are incorporated herein.

86. Defendant Irwin is not required to answer the legal propositions in paragraph 86. To the extent a response is required, deny.

87. Defendant Irwin denies the allegation in paragraph 87.

88. Defendant Irwin denies the allegations in paragraph 88.

89. Defendant Irwin denies the allegations in paragraph 89.

90. Defendant Irwin denies the allegations in paragraph 90.

91. Defendant Irwin admits Ramos was not charged for the allegations in the 911 call. Defendant Irwin denies the remaining allegations in paragraph 91.

92. Defendant Irwin denies the allegations and purported legal conclusions in paragraph 92.

93. Defendant Irwin admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 93; Defendant Irwin's responses and denials to each are incorporated herein.

94. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 94. To the extent that an answer is required, denied.

95. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 95. To the extent that an answer is required, denied.

96. Defendant Irwin denies the allegations in paragraph 96.

97. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 97. To the extent that an answer is required, denied.

98. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 98. To the extent that an answer is required, denied.

99. Defendant Irwin is not required to respond to allegations that do not pertain to Defendant Irwin in paragraph 99. To the extent that an answer is required, denied.

100. Defendant Irwin admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 100; Defendant Irwin's responses and denials to each are incorporated herein.

101. Defendant Irwin denies the allegations in paragraph 101.

102. Defendant Irwin denies the allegations in paragraph 102.

103. Defendant Irwin denies the allegations in paragraph 103.

104. Defendant Irwin denies the allegations and purported legal conclusions in paragraph 104.

105. Defendant Irwin denies the allegations and purported legal conclusions in paragraph 105.

106. Defendant Irwin denies the allegations in paragraph 106.

107. Defendant Irwin admits that Plaintiff demands a jury trial but denies that Plaintiff is entitled to any relief sought in paragraph 107.

## AFFIRMATIVE DEFENSES

108. Defendant Irwin asserts that Plaintiff fails to state an actionable claim against him, upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

109. Defendant Irwin asserts that he is protected by qualified immunity from Plaintiff's claims, which includes protection from pretrial discovery, which is costly, time-consuming, and intrusive. *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). Consequently, this Court must follow the careful procedure limiting discovery to that which is necessary to ascertain the availability of that defense. Defendant further asserts that Plaintiff fails to meet the threshold requirement of stating a claim for relief that is plausible on its face and that would overcome qualified immunity. *Id.* (citing *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991 (5th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face" — excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")). Plaintiff failed to plead the required specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987).

110. Defendant Irwin asserts that Plaintiff fails to assert a justiciable claim for declaratory and injunctive relief.

111. At the time of the incident in question, Defendant Irwin was a peace officer for the City of Houston and entitled to qualified immunity from suit and from damages because he acted, if at all, without malice, without an intent to deprive Plaintiff of any clearly established rights, with a reasonable good faith belief that his actions were lawful, proper and within as well as pursuant to the scope of his discretionary authority as a peace officer; and he did not violate clearly established law of which a reasonable officer would have known.

112. Defendant Irwin states that the detention or arrest of Plaintiff, if any, was conducted lawfully, without any intent to injure Plaintiff, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known.

113. Defendant Irwin denies that he was deliberately indifferent in any manner and denies any violation of Plaintiff's constitutional rights.

114. Defendant Irwin states that Houston Police Department properly trains its peace officers, including Defendants, in full compliance with the State standards as established by the Texas Commission on Law Enforcement (TCOLE), and in accordance with the Constitution, and that Defendants acted in accordance with the law, training, and policy.

115. Defendant Irwin states that his use of force, if any, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

116. Defendant Irwin states that legal authority existed for the actions of any Houston Police Department police officers during the events at issue, and that the actions of City's

officers did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

117. Defendant Irwin states that he cannot be held vicariously liable as a matter of law for negligent or grossly negligent acts, if any, of the City's agents, servants and employees. Therefore, Defendant Irwin cannot be liable to Plaintiff under a theory of respondeat superior, or for the actions of another Defendant or officer.

118. Defendant Irwin asserts that to the extent any individual capacity claim is purportedly asserted against him, Plaintiff is not entitled to punitive damages because he cannot show malice, recklessness, or deliberate indifference. Any claim for punitive damages against Defendant Irwin individually cannot be sustained to the extent not subject to a fact-specific, reasonable limit. Without waiving any defense, Defendant Irwin states that any award of punitive damages must be based only on the specific facts of this case and Defendant Irwin's own acts and omissions, if any, related thereto. Any award of punitive damages which do not bear a reasonable relationship to the specific facts of this case, and which are not limited in specific relation to those facts of Defendant Irwin's own acts or omissions, if any, would violate Defendant Irwin's Due Process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

119. Defendant Irwin asserts that he himself, and any police officers employed by the City Police Department at the time of the incident in question, are entitled to qualified immunity, and are immune from suit and liability in the present case. Defendant Irwin further asserts that he himself, and any of the City's police officers, were performing discretionary duties within the course and scope of their authority as Houston Police Department peace officers; that their actions were objectively reasonable; that they did not violate clearly-established law of which a reasonable person would have known; and that a reasonable officer could have believed that their

11

actions were lawful in light of clearly-established law and the information they possessed a the time.

120. Defendant Irwin states that no deprivation of Plaintiff's federal rights occurred in connection with the incident made the basis of this lawsuit.

121. Defendant Irwin states that probable cause existed to detain and/or arrest Plaintiff.

122. Defendant Irwin states that Plaintiff's own actions and/or crimes and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

123. Defendant Irwin states that Plaintiff's contributory negligence and/or crimes or actions were the cause of injuries of which he now complains.

124. Defendant Irwin asserts official immunity as an affirmative defense to all of Plaintiff's claims and cannot be held vicariously liable for any alleged acts or omissions.

125. Defendant Irwin asserts the defense of consent, either express or implied, by Plaintiff to any intentional tort cause of action including assault or battery. [Tex. Pen. Code § 22.06; *Gravis v. Physicians & Surgeons Hospital of Alice*, 427 S.W.2d 310, 311 (Tex. 1968)].

126. Defendant Irwin states he is immune from suit or liability for actions taken towards the prevention of crime or apprehension of a criminal [See Tex. Civ. Prac. & Rem. Code § 87.002].

127. Defendant Irwin further asserts he is entitled to recover court costs and fees and reasonable attorney's fees from the Plaintiff for claims related to Defendant Irwin's prevention of crime or apprehension of a criminal. [See Tex. Civ. Prac. & Rem. Code § 86.004].

**ATTORNEYS FEES**

128. Defendant Irwin would show that the claims asserted by Plaintiff in this lawsuit are frivolous, unreasonable or groundless, such that defendants are entitled to attorney's fees in a civil rights action when a plaintiff's underlying claim is frivolous, unreasonable or groundless, if they prevail. *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). A suit is "frivolous" for purposes of civil rights attorney fee statute, if it is so lacking in arguable merit as to be groundless or without foundation. *Id.* at 240. Defendant Irwin seeks to recover his reasonable and necessary attorney's fees as prevailing party pursuant to 42 U.S.C. §1988 in defending against Plaintiff's frivolous claim asserted in this lawsuit.

## JURY DEMAND

129. Defendant Irwin demands a trial by jury.

## RESERVATION OF RIGHTS

130. Defendant Irwin reserves the right to amend or supplement this Answer.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Irwin prays that Plaintiff take nothing by his suit, that Defendant Irwin recover their attorneys' fees and costs, and for all other relief to which they may be entitled in equity or under law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief Torts/Civil Rights

By:   */s/ Alexander Garcia*
ALEXANDER GARCIA
Assistant City Attorney
Attorney in Charge
Texas Bar No. 24104429
Tel. (832) 393-6293

Alexander.Garcia@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
Main (832) 393-6491
Fax (832) 393-6259

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, a true and correct copy of the foregoing document, and any attachments, were delivered to all parties and counsel by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested and/or email or facsimile transaction to:

Kiah Duggins
kiah@civilrightscorps.org
Brittany Francis
brittany@civilrightscorps.org
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009

Caitlin Halpern
Caitlin.halpern@gmail.com
4416 Bell Street
Houston, TX 77023

*/s/ Alexander Garcia*
Alexander Garcia