## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO RAMOS, § | | |
|    *Plaintiff* § | | |
| § | | |
| v. § | Civil Action No.: 4:23-cv-02517 | |
| § | | |
| SCOTT ERWIN; JENNIFER GILBREATH; § | | |
| HALLIE SMITH; FREDERICK § | | |
| MORRISON; and GINO DAGO, § | | |
|    *Defendants*. § | | |

### DEFENDANT OFFICERS HALLIE SMITH, FREDERICK MORRISION AND GINO DAGO'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Hallie Smith, Frederick Morrison, and Gino Dago ("Defendants") files this Original Answer to Plaintiff's Complaint [Doc. #1] as follows:

1. Defendants admits this action is brought under 42 U.S.C. §1983. However, Defendants denies they committed, or Plaintiff suffered any 42 U.S.C. §1983 violations. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2. Defendants are not required to respond to the allegations or claims against other parties in paragraph 2, therefore they are denied.

3. Defendants are not required to respond to the allegations or claims against other parties in paragraph 3, therefore they are denied.

4. Defendants are not required to respond to the allegations or claims against other parties in paragraph 4, therefore they are denied.

5. Defendants are not required to respond to the allegations or claims against other parties in paragraph 5, therefore they are denied.

6. Defendants are not required to respond to the allegations or claims against other parties in paragraph 6, therefore they are denied.

7. Defendants are not required to respond to the allegations or claims against other parties in paragraph 7, therefore they are denied.

8. Defendants are not required to respond to the allegations or claims against other parties in paragraph 8, therefore they are denied.

9. Defendants are not required to respond to the allegations or claims against other parties in paragraph 9, therefore they are denied.

10. Defendants are not required to respond to the allegations or claims against other parties in paragraph 10, therefore they are denied.

**Parties**

11. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12 regarding their employment and authority under state law and pursuant to their employment as Houston police officers; Defendants are not required to answer to legal conclusion about the capacity in which other defendants are sued, therefore they are denied at this time.

**Jurisdiction and Venue**

13. With respect to the allegations pertaining to paragraph 13, Defendants admit the same. However, Defendants deny that they are subject to suit because they are protected by qualified immunity.

14. With respect to the allegations pertaining to paragraph 14, Defendants admit this Court has jurisdiction over Plaintiff's alleged claims but denies that they are subject to suit because they are protected by qualified immunity.

15. Defendants admit venue is proper.

**Statement of Facts**

16. Defendants are not required to respond to the allegations or claims against other parties in paragraph 16, therefore they are denied.

17. Defendants are not required to respond to the allegations or claims against other parties in paragraph 17, therefore they are denied.

18. Defendants are not required to respond to the allegations or claims against other parties in paragraph 18, therefore they are denied.

19. Defendants are not required to respond to the allegations or claims against other parties in paragraph 19, therefore they are denied.

20. Defendants are not required to respond to the allegations or claims against other parties in paragraph 20, therefore they are denied.

21. Defendants are not required to respond to the allegations or claims against other parties in paragraph 21, therefore they are denied.

22. Defendants are not required to respond to the allegations or claims against other parties in paragraph 22, therefore they are denied.

23. Defendants are not required to respond to the allegations or claims against other parties in paragraph 23, therefore they are denied.

24. Defendants are not required to respond to the allegations or claims against other parties in paragraph 24, therefore they are denied.

25. Defendants are not required to respond to the allegations or claims against other parties in paragraph 25, therefore they are denied.

26. Defendants are not required to respond to the allegations or claims against other parties in paragraph 26, therefore they are denied.

27. Defendants are not required to respond to the allegations or claims against other parties in paragraph 27, therefore they are denied.

28. Defendants are not required to respond to the allegations or claims against other parties in paragraph 28, therefore they are denied.

29. Defendants are not required to respond to the allegations or claims against other parties in paragraph 29, therefore they are denied.

30. Defendants are not required to respond to the allegations or claims against other parties in paragraph 30, therefore they are denied.

31. Defendants are not required to respond to the allegations or claims against other parties in paragraph 31, therefore they are denied.

32. Defendants are not required to respond to the allegations or claims against other parties in paragraph 32, therefore they are denied.

33. Defendants are not required to respond to the allegations or claims against other parties in paragraph 33, therefore they are denied.

34. Defendants are not required to respond to the allegations or claims against other parties in paragraph 34, therefore they are denied.

35. Defendants are not required to respond to the allegations or claims against other parties in paragraph 35, therefore they are denied.

36. Defendants are not required to respond to the allegations or claims against other parties in paragraph 36, therefore they are denied.

37. Defendants are not required to respond to the allegations or claims against other parties in paragraph 37, therefore they are denied.

38. Defendants are not required to respond to the allegations or claims against other parties in paragraph 38, therefore they are denied.

39. Defendants are not required to respond to the allegations or claims against other parties in paragraph 39, therefore they are denied.

40. Defendants are not required to respond to the allegations or claims against other parties in paragraph 40, therefore they are denied.

41. Defendants are not required to respond to the allegations or claims against other parties in paragraph 41, therefore they are denied.

42. Defendants are not required to respond to the allegations or claims against other parties in paragraph 42, therefore they are denied.

43. Defendants are not required to respond to the allegations or claims against other parties in paragraph 43, therefore they are denied.

44. Defendants are not required to respond to the allegations or claims against other parties in paragraph 44, therefore they are denied.

45. Defendants are not required to respond to the allegations or claims against other parties in paragraph 45, therefore they are denied.

46. Defendants are not required to respond to the allegations or claims against other parties in paragraph 46, therefore they are denied.

47. Defendants are not required to respond to the allegations or claims against other parties in paragraph 47, therefore they are denied.

48. Defendants are not required to respond to the allegations or claims against other parties in paragraph 48, therefore they are denied.

49. Defendants are not required to respond to the allegations or claims against other parties in paragraph 49, therefore they are denied.

50. Defendants are not required to respond to the allegations or claims against other parties in paragraph 50, therefore they are denied.

51. Defendants are not required to respond to the allegations or claims against other parties in paragraph 51, therefore they are denied.

52. Defendants are not required to respond to the allegations or claims against other parties in paragraph 52, therefore they are denied.

53. Defendants are not required to respond to the allegations or claims against other parties in paragraph 53, therefore they are denied.

54. Defendants are not required to respond to the allegations or claims against other parties in paragraph 54, therefore they are denied.

55. Defendants are not required to respond to the allegations or claims against other parties in paragraph 55, therefore they are denied.

56. Defendants are not required to respond to the allegations or claims against other parties in paragraph 56, therefore they are denied.

57. Defendants are not required to respond to the allegations or claims against other parties in paragraph 57, therefore they are denied.

58. Defendants are not required to respond to the allegations or claims against other parties in paragraph 58, therefore they are denied.

59. Defendants are not required to respond to the allegations or claims against other parties in paragraph 59, therefore they are denied. Defendants admit Ramos was placed into an HPD police vehicle.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60. To the extent a response is required, deny.

61. With regard to the allegations in paragraph 61, Defendants admit Ramos was handcuffed and unarmed, but denies all other allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny Ramos was physically subdued. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63. To the extent a response is required, deny.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64. To the extent a response is required, deny.

65. Defendants are not required to respond to the allegations or claims against other parties in paragraph 65, therefore they are denied.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66. To the extent a response is required, deny.

67. Defendants deny the allegations in paragraph 67.

68. Defendants admit the allegations in paragraph 68.

69. With regard to the allegations in paragraph 69, Defendants admit Ramos was acting erratically while handcuffed in the back of the police vehicle but denies all other allegations in paragraph 69.

70. Defendants admits they pulled Ramos out of the police vehicle, but deny the remaining allegations in paragraph 70.

71. Defendants admit the allegations in paragraph 71.

72. Defendants admit the allegations in paragraph 72.

73. Defendants admit attempting to tie Ramos handcuffs to his leg restraints. Defendants deny the remaining allegations in paragraph 73.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74. To the extent a response is required, deny.

75. Defendants admit they tied Ramos' leg restraints to his handcuffs.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

**Alleged Counts**

85. Defendants admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 85; Defendants' responses and denials to each are incorporated herein.

86. Defendants are not required to answer the legal propositions in paragraph 86. To the extent a response is required, deny.

87. Defendants are not required to respond to the allegations or claims against other parties in paragraph 87, therefore they are denied.

88. Defendants are not required to respond to the allegations or claims against other parties in paragraph 88, therefore they are denied.

89. Defendants are not required to respond to the allegations or claims against other parties in paragraph 89, therefore they are denied.

90. Defendants are not required to respond to the allegations or claims against other parties in paragraph 90, therefore they are denied.

91. Defendants are not required to respond to the allegations or claims against other parties in paragraph 91, therefore they are denied.

92. Defendants are not required to respond to the allegations or claims against other parties in paragraph 92, therefore they are denied.

93. Defendants admit that Plaintiff purports to incorporate the preceding paragraphs in paragraph 93; Defendants' responses and denials to each are incorporated herein.

94. Defendants deny the allegations in paragraph 94.

95. Defendants admit they believe Ramos was under the influence. Defendants deny all other allegations in paragraph 95.

96. Defendants are not required to respond to allegations that do not pertain to Defendants in paragraph 96. To the extent that an answer is required, denied.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations and purported legal conclusions in paragraph 98.

99. Defendants deny the allegations and purported legal conclusions paragraph 99.

100. Defendants admit that Plaintiff purports to incorporate the preceding paragraphs in paragraph 100; Defendants' responses and denials to each are incorporated herein.

101. Defendants are not required to respond to the allegations or claims against other parties in paragraph 101, therefore they are denied.

102. Defendants are not required to respond to the allegations or claims against other parties in paragraph 102, therefore they are denied.

103. Defendants are not required to respond to the allegations or claims against other parties in paragraph 103, therefore they are denied.

104. Defendants are not required to respond to the allegations or claims against other parties in paragraph 104, therefore they are denied.

105. Defendants are not required to respond to the allegations or claims against other parties in paragraph 105, therefore they are denied.

106. Defendants deny the allegations in paragraph 106.

107. Defendants admit that Plaintiff demands a jury trial, but denies that Plaintiff is entitled to any relief sought in paragraph 107.

**AFFIRMATIVE DEFENSES**

108. Defendants asserts that Plaintiff fails to state an actionable claim against him, upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

109. Defendants asserts that they are protected by qualified immunity from Plaintiff's claims, which includes protection from pretrial discovery, which is costly, time-consuming, and intrusive. *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). Consequently, this Court must follow the careful procedure limiting discovery to that which is necessary to ascertain the availability of that defense. Defendants further assert that Plaintiff fails to meet the threshold requirement of stating a claim for relief that is plausible on its face and that would overcome qualified immunity. *Id.* (citing *Wicks*

*v. Mississippi State Employment Servs.*, 41 F.3d 991 (5th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face" — excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")). Plaintiff failed to plead the required specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987).

110. Defendants assert that Plaintiff fails to assert a justiciable claim for declaratory and injunctive relief.

111. At the time of the incident in question, Defendants were peace officers for the City of Houston and entitled to qualified immunity from suit and from damages because they acted, if at all, without malice, without an intent to deprive Plaintiff of any clearly established rights, with a reasonable good faith belief that his actions were lawful, proper and within as well as pursuant to the scope of their discretionary authority as peace officers; and they did not violate clearly established law of which a reasonable officer would have known.

112. Defendants state that the detention or arrest of Plaintiff, if any, was conducted lawfully, without any intent to injure Plaintiff, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known.

113. Defendants deny that they were deliberately indifferent in any manner and deny any violation of Plaintiff's constitutional rights.

114. Defendants state that Houston Police Department properly trains its peace officers, including Defendants, in full compliance with the State standards as established by the

Texas Commission on Law Enforcement (TCOLE), and in accordance with the Constitution, and that Defendants acted in accordance with the law, training, and policy.

115. Defendants state that their use of force, if any, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

116. Defendants state that legal authority existed for the actions of any Houston Police Department police officers during the events at issue, and that the actions of City's officers did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

117. Defendants state that they cannot be held vicariously liable as a matter of law for negligent or grossly negligent acts, if any, of the City's agents, servants and employees. Therefore, Defendants cannot be liable to Plaintiff under a theory of respondeat superior, or for the actions of another Defendant or officer.

118. Defendants assert that to the extent any individual capacity claim is purportedly asserted against them, Plaintiff is not entitled to punitive damages because he cannot show malice, recklessness, or deliberate indifference. Any claim for punitive damages against Defendants individually cannot be sustained to the extent not subject to a fact-specific, reasonable limit. Without waiving any defense, Defendants state that any award of punitive damages must be based only on the specific facts of this case and Defendants' own acts and omissions, if any, related thereto. Any award of punitive damages which do not bear a reasonable relationship to the specific facts of this case, and which are not limited in specific relation to those facts of Defendants' own acts or omissions, if any, would violate Defendants' Due Process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

119. Defendants' asserts that they themselves, and any police officers employed by the City Police Department at the time of the incident in question, are entitled to qualified immunity, and are immune from suit and liability in the present case. Defendants further assert that they themselves, and any of the City's police officers, were performing discretionary duties within the course and scope of their authority as Houston Police Department peace officers; that their actions were objectively reasonable; that they did not violate clearly-established law of which a reasonable person would have known; and that a reasonable officer could have believed that their actions were lawful in light of clearly-established law and the information they possessed a the time.

120. Defendants state that no deprivation of Plaintiff's federal rights occurred in connection with the incident made the basis of this lawsuit.

121. Defendants state that probable cause existed to detain and/or arrest Plaintiff.

122. Defendants state that Plaintiff's own actions and/or crimes and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

123. Defendants state that Plaintiff's contributory negligence and/or crimes or actions were the cause of injuries of which he now complains.

124. Defendants asserts official immunity as an affirmative defense to all of Plaintiff's claims and cannot be held vicariously liable for any alleged acts or omissions.

125. Defendants assert the defense of consent, either express or implied, by Plaintiff to any intentional tort cause of action including assault or battery. [Tex. Pen. Code § 22.06; *Gravis v. Physicians & Surgeons Hospital of Alice*, 427 S.W.2d 310, 311 (Tex. 1968)].

126. Defendants state they are immune from suit or liability for actions taken towards the prevention of crime or apprehension of a criminal [See Tex. Civ. Prac. & Rem. Code § 87.002].

127. Defendants further assert they are entitled to recover court costs and fees and reasonable attorney's fees from the Plaintiff for claims related to Defendants' prevention of crime or apprehension of a criminal. [See Tex. Civ. Prac. & Rem. Code § 86.004].

## ATTORNEYS FEES

128. Defendants would show that the claims asserted by Plaintiff in this lawsuit are frivolous, unreasonable or groundless, such that defendants are entitled to attorney's fees in a civil rights action when a plaintiff's underlying claim is frivolous, unreasonable or groundless, if they prevail. *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). A suit is "frivolous" for purposes of civil rights attorney fee statute, if it is so lacking in arguable merit as to be groundless or without foundation. *Id.* at 240. Defendants seeks to recover reasonable and necessary attorney's fees as prevailing party pursuant to 42 U.S.C. §1988 in defending against Plaintiff's frivolous claim asserted in this lawsuit.

## JURY DEMAND

129. Defendants demands a trial by jury.

## RESERVATION OF RIGHTS

130. Defendants reserve the right to amend or supplement this Answer.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by his suit, that Defendants recover their attorneys' fees and costs, and for all other relief to which they may be entitled in equity or under law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief Torts/Civil Rights

By:     */s/ Alexander Garcia*
         ALEXANDER GARCIA
         Assistant City Attorney
         Attorney in Charge
         Texas Bar No. 24104429
         Tel. (832) 393-6293
         Alexander.Garcia@houstontx.gov
         City of Houston Legal Department
         P.O. Box 368
         Houston, Texas 77001-0368
         Main (832) 393-6491
         Fax (832) 393-6259

## CERTIFICATE OF SERVICE

      I hereby certify that on January 14, 2025, a true and correct copy of the foregoing document, and any attachments, were delivered to all parties and counsel by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested and/or email or facsimile transaction to:

Kiah Duggins
kiah@civilrightscorps.org
Brittany Francis
brittany@civilrightscorps.org
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009

Caitlin Halpern
Caitlin.halpern@gmail.com
4416 Bell Street
Houston, TX 77023

                                                       */s/ Alexander Garcia*
                                                       Alexander Garcia