IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| **ALBERTO RAMOS,** § | |
| *Plaintiff* § | |
| § | |
| v. § | Civil Action No.: 4:23-cv-02517 |
| § | |
| **SCOTT ERWIN; JENNIFER GILBREATH;** § | |
| **HALLIE SMITH; FREDERICK** § | |
| **MORRISON; and GINO DAGO,** § | |
| *Defendants*. § | |

## PLAINTIFF'S PROPOSED CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is Plaintiff's Confidentiality and Protective Order ("Order"). After careful consideration, the Court is of the opinion that said Order should be GRANTED.

IT IS HEREBY, ORDERED AND DECREED that until this Order is amended or suspended, that the following restrictions and procedures apply to certain information, documents and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests:

1. This Confidentiality and Protective Order applies to any document, record, information, or other tangible or intangible thing (collectively "documents" or "materials") furnished by any party to any other party, that contains Confidential Information, as defined in Paragraph 2. This Confidentiality and Protective Order also applies to documents obtained via subpoena from a third party and copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents. "Document," as used in this Protective Order, means any information recorded in any way, including, but not limited to, handwriting, print, computer media, video or audio tape, film, microfilm, and microfiche. The information protected may include, but is not limited to, answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced. The least possible portion of any document shall be designated as confidential.

2. **Definition of "Confidential Information."** "Confidential Information" refers to records that contain or constitute: (i) protected health information ("PHI") regarding the Plaintiff; (ii) personal information that is protected by statute or otherwise required by law to be kept confidential, provided the statute or law is applicable and identified with production; (iii) information held by a law enforcement agency that deals with the investigation of crime committed by a non-party if that investigation did not result in conviction or deferred

adjudication, pursuant to Tex. Gov't Code §552.108(a)(2); and (iv) sensitive and personal information, ("SPI") as defined in Paragraph 3 of this Confidentiality and Protective Order.

3. **Definition of "Sensitive and Personal Information."** "Sensitive and Personal Information" ("SPI") refers to bank account numbers, credit card numbers, financial account numbers, birthdates, home addresses, driver's license numbers, social security numbers, tax ID numbers, employee ID numbers other than badge numbers, information regarding family members of police officers, and other information of a similarly sensitive and personal nature. As reflected in the preceding paragraph, SPI falls within the definition of Confidential Information for the purposes of this Confidentiality and Protective Order.

4. **Definition of "Protected Health Information."** For the purposes of this Confidentiality and Protective Order, Protected Health Information ("PHI") shall include, without limitation, all information within the scope and definition as set forth in 45 CFR 160.103 and 164.501 and all information within the scope and definition of mental health records as set forth in Tex. Health & Safety Code T. 7, Subt. E, Ch. 611. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, mental health information, and drug and alcohol treatment/rehabilitation information, including demographic information, relating to (a) the past, present or future physical or mental health condition of an individual; (b) the provision of care or treatment to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual, or which identifies the mental health services or which reasonably could be expected to identify the mental health services. Nothing in this Confidentiality and Protective Order authorizes any Party or counsel to obtain PHI through means other than formal discovery requests, subpoenas, depositions, pursuant to a knowing and voluntary patient authorization through counsel, or through attorney-client communications or information protected by the work product doctrine.

5. **Designation of Confidential Information.** Any party to this action or other person or entity, including any third party, who produces or supplies documents in connection with this action (hereinafter the "Designating Party" or the "Producing Party") may designate documents or portions of documents "Confidential" if it reasonably and in good faith believes the designated portions thereof constitute or contain information that falls within the definition of Confidential Information outlined in Paragraph 3 of this Confidentiality and Protective Order. With the exception of Sensitive and Personal Information ("SPI") as defined in Paragraph 4 of this Confidentiality and Protective Order, a Designating Party shall not designate information as "Confidential" without contemporaneously identifying the basis under which they believe it is protectable. A Designating Party shall not routinely designate documents or portions thereof as "Confidential" without a reasonable inquiry to

determine whether it qualifies for such a designation. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated, a legend that in substance states: "CONFIDENTIAL." Only those portions containing the Confidential Information shall be deemed "Confidential." Any identification of documents or material as confidential shall not obscure any portion of the documents or material so designated unless the information qualifies as SPI as defined in paragraph 4. The designation "Confidential," and the restrictions which accompany such a designation under this Confidentiality and Protective Order, shall not apply to information or material that (i) was, is, or becomes public knowledge in a manner other than by violation of this Confidentiality and Protective Order; (ii) is acquired by the non-designating party from a third party having the right to disclose such information or material; or (iii) was lawfully possessed by the non-designating party before the date of this Confidentiality and Protective Order.

6. **Depositions and Other Pretrial Testimony.** Depositions and other pretrial testimony taken in discovery may be designated Confidential by indicating that fact on the record at the deposition or by written notice, sent by counsel to all Parties within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any information designated as Confidential. Once a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition, then any portion of deposition transcript in which Confidential Information is discussed, and any Confidential Information, documents, or materials that are marked as exhibits, shall be treated as documents designated as Confidential. The least possible portion of a deposition and/or exhibits to a deposition shall be designated as Confidential.

7. **Confidential Electronically-Stored Information ("ESI").** With respect to any documents or materials designated as Confidential that are not produced in paper form (including electronically-stored information, and other non-paper methods) and that are not susceptible to the imprinting of a stamp signifying its confidential nature, the Producing Party shall, to the extent practicable, produce such documents or materials with a cover labeled Confidential and shall inform all counsel in writing of the Confidential designation of such documents at the time such documents are produced. Documents designated as Confidential produced on compact discs, magnetic or electronic media, and other non-paper methods shall immediately be marked with the appropriate Confidential stamp prior to distributing such material unless such a stamp cannot be made. ESI containing sensitive and personal information ("SPI") shall be treated as Confidential upon designation by the Producing Party. However, only those portions of the ESI containing the Confidential

Information shall be deemed Confidential. The provisions of this paragraph only apply to documents or material produced on compact discs, magnetic or electronic media, and other non-paper methods.

8. **Duty to Preserve Confidentiality.**
   a. Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information:
      i. Must hold and maintain such information or document solely for use in connection with this action. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever; and
      ii. Must not disclose the information or document to any other person.
   b. Information or documents designated as "confidential" shall not be disclosed to any person, except:
      i. The requesting party and counsel, including outside and/or in-house counsel;
      ii. Employees of such counsel assigned to and necessary to assist in the litigation;
      iii. Consultants or experts retained by or in the process of being retained by either party to the extent deemed necessary by retaining counsel;
      iv. Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and
      v. The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions.
   c. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(a), (b), (c), and (d), counsel shall:
      i. Inform the person of the confidential nature of the information and documents; and
      ii. Inform the person that this Court has enjoined the use of the information or documents for any purpose other than in connection with this action and has enjoined the disclosure of that information or documents to any other person

9. **Use by the Court.** This Confidentiality and Protective Order does not restrict the Court's ability to consider Confidential Information in rendering any order or judgment in this case.

10. **Use at Depositions**. This Confidentiality and Protective Order does not preclude counsel for the parties from questioning witnesses about information contained in the documents that are subject to this Protective Order; however, prior to disclosing such information to any witness, counsel must first inform the individual that the information is confidential

and is subject to this Protective Order. Counsel shall provide a copy of this Protective Order to the witness and shall secure the witness's agreement on the record to comply with the terms of this Protective Order.

11. **Subpoenas.** If another court or administrative agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Confidentiality and Protective Order such a party shall, if there are fewer than ten (10) days to comply, within two (2) business days, or if more than ten (10) days, at least seven (7) business days after receipt of the subpoena or order, notify the Designating Party of the pendency of the subpoena or order in writing, and shall not produce the Confidential Information until the Designating Party has had reasonable time to take appropriate steps to protect the documents or material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance and, to give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order or any extensions granted thereto.

12. **Advice to Clients.** This Order shall not bar any attorney in the course of rendering advice to such attorney's client(s) with respect to this litigation from conveying the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Order.

13. **Non-Waiver of Objections and Confidentiality**. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later designate such document or information provided that the producing party designates such material as Confidential Information no later than fourteen days after the discovery of the inadvertent failure. Upon such designation, all parties must treat such document or information as Confidential Information. No producing party may hold a receiving party accountable for any use or disclosure prior to such designation.

14. **Inadvertent Production.** In the case of inadvertently produced privileged documents, work product documents or other documents where a Party would otherwise be entitled to withhold production, upon request of the Party or upon realization by the receiving Party that such documents were inadvertently produced, the documents together with all copies thereof (electronic or otherwise) and any notes made therefrom shall be promptly returned to the Party claiming privilege or work product immunity. Such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work

product, or other ground for withholding production to which the Party would otherwise be entitled, provided that, promptly after discovering that the information was inadvertently produced, the Party requests in writing (a "Return Request") that the other Party return all documents as to which the claim of inadvertent production has been made and destroy all copies of other material derived therefrom. All documents covered by a Return Request shall be returned or destroyed as requested within ten (10) days of receipt of the Return Request and shall not be used during such time except as to comply with the Return Request. If a party objects to the Return Request, that party must file a motion challenging the protected status of the documents. Any party so objecting shall not use the documents covered by the Return Request for any purpose other than for such a motion pending the resolution of the issue. No such motion will challenge the protected status of such documents on the ground that it was produced in this litigation. Any documents submitted in support of such a motion must be filed under seal.

15. **Manner of Use in Proceedings.** In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following:
    a. File only a redacted copy of the information; or
    b. File such information under seal with the Court consistent with the sealing requirements of the Court

16. **Court Filings.** If a party desires to file Confidential Information in support of motions, pleadings, or other proceedings in this action, the party shall file the document under seal. If the Confidential Information consists of information that can be readily redacted (e.g., social security number, birthdate, or home address), the party may file a copy of the record that redacts the Confidential Information.

17. **Disposal of Confidential Information After Final Judgment.** Within sixty thirty days after entry of final judgment no longer subject to further appeal, each party shall either destroy or return all Confidential Information and any copies to the producing party or provide certification of its destruction. Each parties' counsel may retain their working files on the condition that those files will remain confidential.
    a. The foregoing is without prejudice to the right of any party to:
        i. Object to documents and materials designated as confidential. Any party may, at any time after production of material designated "Confidential" under this Order, object to its designation by notifying the designating party in writing of that objection and specifying the designated material to which the objection is made. A failure to object at the time of receipt, disclosure, or designation thereof, shall not preclude a subsequent objection thereto. The parties shall, within seven (7) days of service of the written objections, confer concerning the objection. If the objection is not resolved, the objecting party shall, within fifteen (15) days of the conference, file and

      serve a motion to resolve the dispute over the designation of the material. The burden of proving the confidentiality of designated information remains with the party asserting confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions. If a motion is filed, information subject to dispute shall be treated consistently with its designation until the designating Party agrees otherwise, or until further order of the Court— whichever comes first. With respect to any material which ceases to be subject to the protection of this Order, the designating party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation; or

  b. apply to the Court for an order to:
     i. Further protect Confidential Information;
     ii. Seek protection regarding the production of documents or information;
     iii. Compel production of documents or information; or
     iv. Modify this Order

18. **Right to Object.** Nothing in this Confidentiality and Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

19. **Relief from Protective Order.** Any party may petition the Court if the party desires relief from a term or condition of this Protective Order.

20. **Privilege.** The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

21. **Enforcement.** Any party may enforce this Order by motion to the Court. Any violation may result in the imposition of sanctions.

        SIGNED on _____, 2025 at Houston, Texas.

_____
**HONORABLE KEITH P. ELLISON**
**UNITED STATES DISTRICT JUDGE**
**U.S. Southern District of Texas, Houston**