# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO RAMOS, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No.: 4:23-cv-02517 |
| | § | |
| SCOTT ERWIN; JENNIFER GILBREATH; | § | |
| HALLIE SMITH; FREDERICK | § | |
| MORRISON; and GINO DAGO, | § | |
| *Defendants.* | § | |

## DEFENDANT SCOTT IRWIN'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

TO: Plaintiff Alberto Ramos, by and through his attorneys of record, Brittany Francis and Destiny Planter, Civil Rights Corp., 1601 Connecticut Ave. NW, Washington, DC 20009 and Caitlin Halper, 4416 Bell St., Houston, TX 77023.

Defendant Irwin serves these supplemental objections and responses to Plaintiff's First Requests for Production pursuant to the Federal Rules of Civil Procedure. Defendant reserves the right to amend and supplement these objections and responses, in accordance with the Rules.

Date: October 10, 2025.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By:   */s/ Alexander Garcia*
Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.Garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October 2025, a true and correct copy of the foregoing and attached documents were delivered to all opposing counsel(s), in accordance with the Rules, via email and/or certified mail, return receipt requested, to parties of record.

*/s/ Alexander Garcia*
Alexander Garcia

# DEFENDANT SCOTT IRWIN'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

1. All documents and tangible things (including video and audio footage) that evince, support, concern, refer to, refute, or otherwise relate to the matters alleged in the Complaint (Doc. 1) or Defendants' Answer(s).

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome and vague. Defendant further objects to the extent this request seeks attorney-client communications, attorney impressions/work product and privileged information. Subject to and without waiving these objections, *see* Defendants' initial disclosures and documents previously produced; Defendant's responses to Plaintiff's requests for productions. Defendant reserves the right to supplement in accordance with the rules.

2. Any and all documents, communications, or any tangible evidence identified, referred to, or relied upon in responding to these Requests or Plaintiff's Interrogatories to you.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome and vague. Defendant further objects to the extent this request seeks attorney-client communications, attorney impressions/work product and privileged information. Subject to and without waiving these objections, *see* Defendants' initial disclosures and documents previously produced; Defendant's responses to Plaintiff's requests for productions. Defendant reserves the right to supplement in accordance with the rules.

3. All documents and tangible things relating to or referencing any person with relevant knowledge identified in your Initial Disclosures, including any supplements or anticipated supplements thereto.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome and vague. Defendant further objects to the extent this request seeks attorney-client communications, attorney impressions/work product and privileged information. Subject to and without waiving these objections, *see* Defendants' initial disclosures and documents previously produced; Defendant's responses to Plaintiff's requests for productions. Defendant reserves the right to supplement in accordance with the rules.

4. Any and all documents and tangible things you relied on in evaluating or preparing your defense to this litigation.

RESPONSE: Defendant objects to this request as overbroad and vague. Defendant further objects to this request as it seeks attorney-client communications, attorney impressions/work product and privileged information and seeks from Defendant information subject to the non-party discovery procedures, information from anticipated testimony and/or subject to expert testimony and requires Defendant to prematurely marshal his proof. Subject to and without waiving these objections, *see* Defendants' initial disclosures and documents previously produced; Defendant's responses to Plaintiff's requests for productions. Defendant reserves the right to supplement in accordance with the rules.

5. All documents and tangible things provided or shown to a potential witness by Defendant(s) in anticipation of the potential witness providing testimony or a statement relevant to a claim or defense asserted in this lawsuit, whether made before or after the initiation of this lawsuit.

RESPONSE: Defendant objects to this request as overbroad and vague. Defendant further objects to the extent this request seeks attorney-client communications, attorney impressions/work product and privileged information. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery and seeks from Defendant information subject to the non-party discovery procedures, information from anticipated testimony and/or subject to expert testimony and requires Defendant to prematurely marshal his proof. Subject to and without waiving these objections, *see* Defendants' initial disclosures and documents previously produced; Defendant's responses to Plaintiff's requests for productions. Defendant reserves the right to supplement in accordance with the rules.

6. All materials provided by you to be reviewed by, referenced by, considered by, used by, or relied upon by any expert witness or consultant retained or consulted by the Defendants in connection with this litigation, and all discoverable communications with any expert witness or consultant.

RESPONSE: Defendant objects to this request as overbroad and vague. Defendant further objects to the extent this request seeks attorney-client communications, attorney impressions/work product and privileged information. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery and seeks from Defendant information subject to the non-party discovery procedures, information from anticipated testimony and/or subject to expert testimony and requires Defendant to prematurely marshal his proof. Subject to and without waiving these objections, *see* Defendants' initial disclosures and documents previously produced; Defendant's responses to Plaintiff's requests for productions. Defendant reserves the right to supplement in accordance with the rules.

7. Any and all dispatch records (including but not limited to 911 calls, dispatch audio records, police radio audio records, written dispatch logs, or documents) created, collected, or stored in connection with the incident described in the Complaint.

RESPONSE: Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery. Defendant objects as this request seeks information not within Defendant's care, custody, or control, and information made confidential by law. Subject to and without waiving these objections, *see* RAMOS_000069-000091.

8. Any and all incident reports associated with the incident described in the Complaint, including in every stage of drafting the report (this includes without limitation handwritten notes, an initial draft, or rough incident report, any updated or edited report, as well as any supervisor approved and finalized report).

RESPONSE: Defendant objects to this request as overbroad and vague. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery. Defendant objects as this request seeks information not within Defendant's care, custody, or control, and information made confidential by law. Subject to and without waiving the foregoing, *see* DEFENDANTS_RAMOS_000059-000068.

9. Any and all reports, medical records, assessments, or other documentation regarding injuries you incurred as a result of the incident outlined in the Complaint.

RESPONSE: Defendant objects to the request as to relevance, overbroad, and vague. Defendant further objects to medical privilege and privacy. Subject to and without waiving these objections, none.

10. Any and all documents or reports, such as a time sheet, showing the hours you worked on the day of the incident described in the Complaint.

RESPONSE: Defendant objects to the request as to relevance. Subject to and without waving these objections, *see* DEFENDANTS_RAMOS_00014. Command Shift III 2300-0700 hours.

11. All documents and tangible things relating to or referencing Plaintiff, including without limitation communications and records of communications:

    a. between you and Plaintiff, or

    b. between you and any other person or entity referencing Plaintiff, the incident described in the Complaint, or the Complaint itself.

RESPONSE: Defendant objects to this request as overbroad and vague. Defendant further objects to the extent this request seeks attorney-client communications, attorney impressions/work product and privileged information. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery and seeks from Defendant information subject to the non-party discovery procedures, information from anticipated testimony and/or subject to expert testimony and requires Defendant to prematurely marshal his proof. Defendant objects as this request seeks information not within Defendant's care, custody, or control, and information made confidential by law. Subject to and without waiving these objections, *see* Defendants' initial disclosures and documents previously produced; Defendant's responses to Plaintiff's requests for productions. Defendant reserves the right to supplement in accordance with the rules.

12. All social media and online forum posts, social media stories, and the like that you have authored; contributed to; been featured, referenced, tagged, or otherwise depicted in; or "liked," reacted to, commented on, shared, or otherwise engaged with relating to the subject matter of this lawsuit.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome, and irrelevant. Subject to and without waving these objections, none.

13. All records, communications, and materials concerning policies, plans, protocols, procedures, orders, rules, regulations, guidelines, manuals, directives, pamphlets, customs, or practices, whether formal or informal, issued, received, or in use by the Houston Police Department at the time of the incident described in the Complaint which relate to the allegations in the complaint (Doc. 1) or Defendants' Answer(s), including without limitation those concerning the following subjects:

    a. the use of force,

    b. excessive force,

    c. the Fourth Amendment and case law interpreting it,

    d. qualified immunity,

    e. the use of spit hoods (whether referred to as spit masks, hoods, or mesh bags),

    f. the use of four-point restraints or hog-tying (whether referred to as a hobble restraint),

    g. responding to 911 calls,

    h. identifying a suspect,

    i. investigating or interviewing a witness or suspect,

    j. responding to mental health or medical crises,

    k. the duty to intervene when a fellow officer is committing misconduct or violating the law,

    l. de-escalation techniques,

    m. medical care for persons in custody,

    n. combatting racial bias or discrimination,

    o. the use of handcuffs,

    p. effectuating arrests,

    q. communicating with and/or assisting in the prosecution of a suspect,

arrestee, or other person,

r. verbal altercations with civilians, or

s. how to complete incident reports, use of force reports, and other paperwork.

RESPONSE: Defendant objects to this request as overbroad and vague. Defendant further objects to the extent this request seeks attorney-client communications, attorney impressions/work product and privileged information. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery and seeks from Defendant information subject to the non-party discovery procedures, information from anticipated testimony and/or subject to expert testimony and requires Defendant to prematurely marshal his proof. Defendant objects as this request seeks information not within Defendant's care, custody, or control. Subject to and without waiving these objections, see publicly available HPD General Orders https://www.houstontx.gov/police/general_orders/index.htm.

14. Any and all reports regarding injuries to persons arrested by you throughout your tenure at the Houston Police Department.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome and irrelevant. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery. Defendant objects as this request seeks information not within Defendant's care, custody, or control and information made confidential by law. Subject to and without waiving these objections, none.

15. Any and all documents concerning use of force incidents conducted by or involving you, including but not limited to any such deployments where you were present, contacted, or consulted, before, during, or after force was used on a suspect from July 10, 2016 to present.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome and irrelevant. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery. Defendant objects as this request seeks information not within Defendant's care, custody, or control and information made confidential by law. Subject to and without waiving these objections, none.

16. All documents pertaining to criminal allegations against Defendant(s), regardless of the disposition of any charge.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome and irrelevant. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules

governing non-party discovery. Defendant objects as this request seeks information not within Defendant's care, custody, or control. Subject to and without waiver of these objections, none.

17. Any and all documentation related to any and all federal and/or state civil actions or lawsuits filed against you, including, but not limited to lawsuits alleging civil rights violations.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome and irrelevant. Subject to and without waiver of these objections, *see* Doc. #1 in Civil Action No. 4:23-cv-02517.

18. All complaints of misconduct concerning Defendant(s), formal or informal, made to any entity responsible or previously responsible for investigating, monitoring, or responding to alleged misconduct by Defendant(s) in their capacities as law enforcement officers.

RESPONSE: Defendant objects to this request as overbroad, vague, and irrelevant. Defendant objects to this request as overbroad, unduly burdensome and irrelevant. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery. Defendant further objects as this request seeks information not within Defendant's care, custody, or control, and information made confidential by law. Subject to and without waiving these objections, *see* DEFENDANTS_RAMOS_000025.

19. All documents that are part of or concern any internal complaint and/or internal affairs investigation or inquiry of any kind in which you were the subject of the allegation, complaint, investigation, or inquiry.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome and irrelevant. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery. Defendant objects as this request seeks information not within Defendant's care, custody, or control and made confidential by law. Personnel files maintained by a police officer's employer contain specific personal information that is confidential under Texas law and thus, exempt from public disclosure. *See* Texas Government Code, Chapter 552 et seq. Specifically, the statutory exemptions include but are not limited employee personal information, including employee ID number; home address and telephone numbers, social security numbers, information regarding family members of peace officers; and investigation of a crime under certain circumstances. Tex. Gov't Code §§552.102, 552.117, 552.1175, & 557.108(a)(2). An employer may not release any information contained in the employer created personnel file to any agency or person requesting information relating to an employee, which includes the named defendant police officer in this case. See Tex. Local Gov't Code §l43.089(g); *City of San Antonio*, 851 S.W.2d at 949. Internal Affairs Division files are investigatory files that relate to disciplinary action against peace officers and are created by the police department for the police department's use. *See* Tex. Local Gov't Code 143.1214(b; §143.089(a-f). Pursuant to Section 143.089(g), a police department may not release any information contained in the department file to any agency or person requesting information relating to a police officer. Tex. Local Gov't Code § l43.089(g). Further, Section 143.089 declares "a legislative policy decision against disclosure of unsubstantiated claims

of misconduct made against police officers…, except with an individual's written consent." *City of San Antonio v. Texas Attorney General*, 851 S.W.2d 946, 949 (Tex. App.—Austin 1993, writ denied); Tex. Local Gov't Code §143.089 (a-f). Subject to and without waiving these objections, *see* DEFENDANTS_RAMOS_000025 and 000299-588.

20. All documents pertaining to any administrative, quasi-judicial, or other investigation into allegations of excessive force, racial bias or discrimination, or the fabrication of evidence or reports by Defendant(s).

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome and irrelevant. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery. Defendant objects as this request seeks information not within Defendant's care, custody, or control and made confidential by law. Personnel files maintained by a police officer's employer contain specific personal information that is confidential under Texas law and thus, exempt from public disclosure. *See* Texas Government Code, Chapter 552 et seq. Specifically, the statutory exemptions include but are not limited employee personal information, including employee ID number; home address and telephone numbers, social security numbers, information regarding family members of peace officers; and investigation of a crime under certain circumstances. Tex. Gov't Code §§552.102, 552.117, 552.1175, & 557.108(a)(2). An employer may not release any information contained in the employer created personnel file to any agency or person requesting information relating to an employee, which includes the named defendant police officer in this case. See Tex. Local Gov't Code §l43.089(g); *City of San Antonio*, 851 S.W.2d at 949. Internal Affairs Division files are investigatory files that relate to disciplinary action against peace officers and are created by the police department for the police department's use. *See* Tex. Local Gov't Code 143.1214(b; §143.089(a-f). Pursuant to Section 143.089(g), a police department may not release any information contained in the department file to any agency or person requesting information relating to a police officer. Tex. Local Gov't Code § l43.089(g). Further, Section 143.089 declares "a legislative policy decision against disclosure of unsubstantiated claims of misconduct made against police officers…, except with an individual's written consent." *City of San Antonio v. Texas Attorney General*, 851 S.W.2d 946, 949 (Tex. App.—Austin 1993, writ denied); Tex. Local Gov't Code §143.089 (a-f). Subject to and without waiving these objections, none.

21. Any and all personnel records concerning you, including files stored pursuant to Tex. Local Gov't Code § l43.089(g).

RESPONSE: Defendant objects to this request as overbroad, vague, and irrelevant. Defendant objects as this request seeks information not within Defendant's care, custody, or control, and information made confidential by law. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery. Personnel files maintained by a police officer's employer contain specific personal information that is confidential under Texas law and thus, exempt from public disclosure. *See* Texas Government Code, Chapter 552 et seq. Specifically, the statutory exemptions include but are not limited employee personal information, including employee ID number; home address and telephone numbers, social security

numbers, information regarding family members of peace officers; and investigation of a crime under certain circumstances. Tex. Gov't Code §§552.102, 552.117, 552.1175, & 557.108(a)(2). An employer may not release any information contained in the employer created personnel file to any agency or person requesting information relating to an employee, which includes the named defendant police officer in this case. *See* Tex. Local Gov't Code §l43.089(g); *City of San Antonio*, 851 S.W.2d at 949. Internal Affairs Division files are investigatory files that relate to disciplinary action against peace officers and are created by the police department for the police department's use. *See* Tex. Local Gov't Code 143.1214(b; §143.089(a-f). Pursuant to Section 143.089(g), a police department may not release any information contained in the department file to any agency or person requesting information relating to a police officer. Tex. Local Gov't Code § l43.089(g). Further, Section 143.089 declares "a legislative policy decision against disclosure of unsubstantiated claims of misconduct made against police officers…, except with an individual's written consent." *City of San Antonio v. Texas Attorney General*, 851 S.W.2d 946, 949 (Tex. App.—Austin 1993, writ denied); Tex. Local Gov't Code §143.089 (a-f). Subject to and without waiving these objections, *see* DEFENDANTS_RAMOS_000056 and 000299-000588.

22. All documents concerning your application, hiring, evaluation, promotion, job assignment, rank, or performance evaluations.

RESPONSE: Defendant objects to this request as overbroad, vague, and irrelevant. Defendant objects as this request seeks information not within Defendant's care, custody, or control. Defendant objects to the improper request for third party discovery directed to Defendant, which exceeds the scope of permissible discovery and constitutes a prohibited circumvention of the rules governing non-party discovery. Subject to and without waiving these objections, *see* DEFENDANTS_RAMOS_ 000056 and 000299-000588.

23. Any and all records pertaining to your education and training in law enforcement, including but not limited to records maintained by the Texas Commission on Law Enforcement (TCOLE).

RESPONSE: Defendant objects to this request as overbroad, vague, and irrelevant. Subject to and without waiving these objections, *see* DEFENDANTS_RAMOS_000036-000045.

24. Any and all of your medical records resulting from injuries incurred from the events outlined in the Complaint.

RESPONSE: Defendant objects to this request as overbroad, vague, and irrelevant. Defendant further objects to medical privilege and privacy. Subject to and without waiving these objections, none.

25. Any and all of your psychiatric and psychotherapist records that have either been disclosed to others or have not been generated with the expectations of confidentiality from July 10, 2016 to present.

RESPONSE: Defendant objects to this request as overbroad, vague, and irrelevant. Subject to and without waiving these objections, none.

26. All documents related to:

    a. insurance policies;

    b. risk pools;

    c. potential payment of legal fees, costs, settlement payments, jury awards, and/or other payments associated with this lawsuit;

    d. indemnification agreements; or

    e. any other financial arrangement or agreement that could impact your ability to pay money damages required as a result of settlement, judgment, or other resolution of this case.

RESPONSE: Defendant objects to this request as overbroad, vague, and irrelevant. Subject to and without waiving these objections, *see generally* City of Houston Code of Ordinances, Chapter 2, Article X, LEGAL REPRESENTATION AND INDEMNIFICATION OF CITY OFFICERS AND EMPLOYEES, §§2-301 – 2.307.

27. Any and all federal, state, and local income tax returns and all attachments thereto filed by all corporations, companies, partnerships and businesses owned in whole or in part by you for the five year period ending with and including 2025.

RESPONSE: Defendant objects to this request as overbroad and on grounds of relevance. Defendant further objects to the extent Plaintiff seeks this information for purposes of undisclosed and inadequately disclosed damages claims, and for purposes of unsupported damages claims. Subject to and without waiving these objections, none in Defendant's possession.

28. Excluding documents produced in response to Request No. 27, all documents related to your current net worth.

RESPONSE: Defendant objects to this request as overbroad and on grounds of relevance. Defendant further objects to the extent Plaintiff seeks this information for purposes of undisclosed and inadequately disclosed damages claims, and for purposes of unsupported damages claims. Subject to and without waiving these objections, none in Defendant's possession.