IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO RAMOS, <br> *Plaintiff* | § § § | |
| v. | § § § | Civil Action No.: 4:23-cv-02517 |
| SCOTT ERWIN; JENNIFER GILBREATH; HALLIE SMITH; FREDERICK MORRISON; and GINO DAGO, <br> *Defendants*. | § § § § § | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Scott Erwin, Jennifer Gilbreath, Hallie Smith, Fredrick Morrison, and Gino Dago (collectively, "Defendants") file this Response in opposition to Plaintiff Alberto Ramos' Motion to Compel Production. In support of said motion, Defendants would respectfully show the Court as follows:

## INTRODUCTION

This is an individual capacity § 1983 action alleging excessive force and false arrest arising from a single incident in July 2021. No *Monell* claim has ever been pled, the City of Houston is not a party, and the deadline to add parties and amend pleadings has passed. Defendants have consistently invoked qualified immunity, and it remains a live defense in this case. Defendants have produced everything necessary for the qualified immunity analysis including body-worn camera footage from all officers (depicting Plaintiff fleeing on foot, ignoring commands to stop, physically resisting handcuffing, and spitting on officers), sworn statements from each officer, training records, complaint history, resumes, the offense report, and each officer's full personnel file.

Plaintiff nevertheless seeks broad discovery into HPD policies, prior incidents, investigations, and Defendants' personal finances. Documents that contain no relevance to the pled claims or qualified immunity. Plaintiff even admits an intent to "explore" unpled *Monell* claims through discovery, an approach that is improper under Rule 26 and Fifth Circuit precedent.

Plaintiff has failed to show, or even argue, how any of the requested documents they seek to compel bear on the qualified immunity analysis as Fifth Circuit precedent requires discovery that is narrowly tailored to uncover only those facts needed to rule on the immunity claim. Defendants respectfully request the Court deny the Motion in its entirety.

### ARGUMENT AND AUTHORITIES

**Qualified Immunity Requires Narrowly Tailored Discovery, and Plaintiff's Requests Far Exceed the Scope, Risking Reversible Error.**

Qualified immunity is more than "a mere defense to liability," it is "an immunity from suit." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). One of its most important benefits is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Carswell v.*

2

*Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)); see also *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (refusal to rule on immunity deprives officials of "entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters").

The Fifth Circuit has unequivocally held that, when qualified immunity is raised, even after the denial at the pleadings stage, discovery must be narrowly tailored to uncover only those facts needed to rule on the immunity claim. *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024). Failure to limit discovery is "tantamount to the denial of qualified immunity" and immediately appealable under the collateral order doctrine. *Id.* The collateral order doctrine permits immediate appeals of these orders because a defendant's entitlement to qualified immunity must be determined "at the earliest possible stage of the litigation." *Ramirez v. Guadarrama,* 3 F.4th 129, 133 (5th Cir. 2021) (per curiam).

Plaintiff has provided no argument as to how any of the requested documents they seek bear on the qualified immunity analysis, which focuses solely on whether Defendants violated clearly established law based on the objective reasonableness of their actions in this specific incident. *Graham v. Connor*, 490 U.S. 386 (1989)). With the produced body-worn camera footage of all Defendants, depicting the full sequence of events (flight, resistance, and restraint), as well as their sworn statements, training records, personnel files, and offense reports, Plaintiff has all facts needed to test qualified immunity. These productions provide a complete picture of the incident and officers' backgrounds, exceeding what is required for false arrest and excessive force. Plaintiff's requests for additional reports, (RFP Nos. 14, 15, 20) policies and customs, (RFP 13) and personal finance information (RFP Nos. 27 and 28) exceed this 'narrowly tailored' scope and probe unpled claims. Compelling further discovery would undermine the defense's purpose and

invite appealable error.

The Fifth Circuit has already decided this issue clearly and consistently: Discovery in qualified immunity cases must be limited to facts necessary for the immunity determination, and broader requests must be rejected. *Carswell v. Camp*, 54 F.4th 307, 311–12 (5th Cir. 2022) ; *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014); *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 995 (5th Cir. 1995); *Asante-Chioke v. Dowdle*, 113 F.4th 1126, 1131 (5th Cir. 2024) (remanding and directing the district court to limit discovery to uncover only the facts necessary to rule on qualified immunity). As Plaintiff has made no showing that the requested discovery is narrowly tailored to qualified immunity, or even relevant to it, the Motion to Compel must be denied.

### Plaintiff Cannot Use Discovery to "Explore" Unpled Monell Claims.

Plaintiff's transparency about intending to probe municipal customs via discovery is an admission of improper bootstrapping to use discovery to develop an entirely new pled cause of action. Under Fed. R. Civ. P. 26(b)(1), discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevance is measured against the claims and defenses actually pled in the complaint, not hypothetical or unpled theories a party might develop later. As the Fifth Circuit has explained, "The role of discovery, however, is to find support for properly pleaded claims, not to find the claims themselves. *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.")(emphasis in original).

In the present case, no *Monell* claim has ever been pled, the City of Houston is not a party,

and the deadline to add parties and amend pleadings has passed (Doc. 66). Plaintiff's "exploration" of unpled *Monell* claims further supports that their requests have no bearing on the qualified immunity analysis. Municipal customs, Houston Police Department policies, or any of the alleged documents sought is irrelevant, as interal policy compliance does not determine Fourth Amendment reasonableness. *Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009). Qualified immunity hinges on whether Defendants violated clearly established law and Plaintiff's request far exceed this limited scope. Compelling such discovery would evade qualified immunity protections. *Asante-Chioke*, 103 F.4th at 1131.

### The Requests Are Overbroad, Unduly Burdensome, and Seek Documents Not in Defendants' Possession, Custody, or Control

Plaintiff seeks requested items that are irrelevant to qualified immunity and are maintained by non-party City of Houston, not the individual Defendants. These Defendants lack possession, custody, or control under Fed. R. Civ. P. 34(a)(1) and cannot be compelled to produce them. If Plaintiff wants HPD-wide records, he must subpoena the City.

Even if Defendants could access the materials, the requests are facially overbroad: "all" policies and training materials on listed topics (RFP 13); injuries to arrestees "throughout their tenures" (RFP 14); use-of-force files from 2016 to present (RFP 15); and "any" investigation for listed misconduct (RFP 20). No time limits, no similarity requirement, no tailoring. These broad requests impose an undue burden on these Defendants and additionally they have no bearing on the qualified immunity analysis. Plaintiff has failed to provide any Fifth Circuit case law that allows for this broad discovery when a *monell* claim has not been pled.

### Net Worth Discovery Is Premature and Irrelevant to Qualified Immunity.

Net worth discovery for punitive damages is premature while qualified immunity remains unresolved, and Plaintiff has failed to make any showing as to how it is relevant to the qualified

5

immunity analysis. Moreover, tax returns and full financial records are highly invasive and require compelling need. *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993). No such need exists here.

As Plaintiff has provided no argument as to how these requests are relevant to the qualified immunity analysis, Plaintiff's request should be denied.

## Conclusion

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel in its entirety. Defendants have produced extensive, incident-specific evidence including body-worn camera footage from all officers, sworn statements, training records, complaint history, resumes, the offense report, and full personnel files that fully addresses the pled claims of excessive force and false arrest as well as the pending qualified immunity defense. Plaintiff's remaining requests seek irrelevant, disproportionate, and unduly burdensome discovery on unpled *Monell* theories and matters bearing no relation to qualified immunity.

Compelling further production would circumvent pleading requirements, evade qualified immunity protections, and reward an impermissible fishing expedition. No Fifth Circuit authority supports such an approach and controlling precedent mandates denial.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By:  */s/ Alexander Garcia*
Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.garcia@houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

/s/ Alexander Garcia
Alexander Garcia