# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ALBERTO RAMOS, | |
| Plaintiff | |
| v. | Case No. 4:23-cv-2517 |
| SCOTT ERWIN, JENNIFER GILBREATH, HALLIE SMITH, FREDRICK MORRISON, GINO DAGO, | **JURY DEMAND** |
| Defendants. | |

## PLAINTIFF ALBERTO RAMOS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff Alberto Ramos submits this Reply in support of his Motion to Compel Production. On July 10, 2023, after being falsely arrested, tackled, and hogtied, Plaintiff Alberto Ramos filed a Complaint against Houston Police Department ("HPD") Officers Scott Irwin, Gino Dago, Frederick Morrison, Hallie Smith, and Jennifer Gilbreath (collectively, "Defendants"). *See* Doc. 1 ("Complaint"). After this Court declined to extend qualified immunity to the Defendants at the motion to dismiss stage, they appealed. *See* Doc. 35; *see also* Doc. 36. On December 9, 2024, the United States Court of Appeals for the Fifth Circuit affirmed the Court's decision, supporting this Court's denial of qualified immunity. *See* Doc. 40. Discovery has proceeded since.

**INTRODUCTION**

Despite discovery being underway for the past six months, and notwithstanding two virtual meet and confers at Plaintiff's request, Plaintiff has yet to receive the following records responsive to his July 18, 2025 Requests for Production ("RFPs"): (1) relevant HPD policies and training materials in use at the time of the Incident (RFP No. 13); (2) records regarding injuries to arrestees caused by the Defendants (RFP No. 14); (3) records concerning use of force incidents involving the Defendants (RFP No. 15); (4) records related to investigations of the Defendants for racial bias, excessive force, discrimination, and evidence fabrication (RFP No. 20); and (5) records concerning the Defendants' net worth and ability to pay damages (RFP Nos. 27 and 28). In their Opposition to Plaintiff's Motion to Compel, Defendants do not contest that the requested records are squarely relevant to this case. Instead, Defendants: (1) mischaracterize Fifth Circuit case law; (2) make the fruitless argument that there are no *Monell* claims in this case; (3) incorrectly represent that the joinder deadline has passed, despite agreeing that the joinder deadline would be June 15, 2026[1] in the parties' Consent Motion for 180-Day Extension of All Deadlines. *See* Doc. 64; and (4) ignore this Court's prior ruling that Texas confidentiality statutes do not and will not control in this case.[2] Plainly, Defendants have no basis to withhold the records Plaintiff seeks.

All of the requested records are relevant to Plaintiff's Fourth Amendment claims and requests for relief, and no orders limiting the scope of discovery have been entered in the case. The Defendants' refusal to produce obviously discoverable and relevant records has frozen this case

---

[1] The Court scheduled a Motion Hearing on the parties' Consent Motion for 180-Day Extension of All Deadlines on November 25, 2025. During the Hearing, the Court granted what seems to be a 90-day extension of all deadlines in the case. Based on the Scheduling Order that was entered, the joinder deadline should be on or around March 16, 2026.

[2] *See Carnaby v. City of Houston*, No. 4:08-cv1366, 2008 WL 4546606, at *3 (S.D. Tex. Oct. 10, 2008).

for far too long, and is now hindering Plaintiff's ability to prepare for and conduct depositions.

Yesterday, Plaintiff was forced to reschedule Defendant Dago's upcoming deposition, originally

scheduled for January 21, 2026, because Defendants refuse to produce even the use of force policy

that was in effect at the time of the incident underlying this lawsuit. Plaintiff now requests that the

Court enter an order compelling Defendants to cure their deficient responses within one week of

the date of the Court's order. *See* Fed. R. Civ. P. 37(a).

## ARGUMENT

### A. Defendants' Own Citations Make Clear that Discovery Is Not Limited to Qualified Immunity In This Section 1983 Lawsuit.

In opposition to Plaintiff's motion to compel, Defendants argue for the first time that

discovery in this case is limited to qualified immunity merely because Defendants have raised the

defense. *See* Doc. 69 at 2-4. As Defendants' own citations demonstrate, this is not the state of the

law in this circuit. *See Asante-Chioke v. Dowdle,* 113 F. 4th 1126 (5th Cir. 2024); *see also Carswell*

*v. Camp,* 54 F. 4th 307 (5th Cir. 2022).

Quoting *Carswell,* 54 F. 4th at 312, the *Asante-Chioke* court instructed that defendants

have two options after a motion to dismiss based on qualified immunity is denied: "(1) 'the

defendant can immediately appeal the district court's denial under the collateral order doctrine;'

or (2). . . 'the defendant can move the district court for discovery limited to the factual disputes

relevant to whether [qualified immunity] applies, then reassert [qualified immunity] in a summary

judgment motion.'" 113 F. 4th at 1130.

Defendants exercised the first option by appealing this Court's denial of qualified

immunity, and they were unsuccessful. *See* Doc. 40 ("Having reviewed the record and the parties'

briefs, and having heard oral argument, we affirm essentially for the reasons stated in the district

court's opinion."). Even with the understanding that "courts have an obligation…to carefully

scrutinize a plaintiff's claim before subjecting public officials to the burdens of broad-reaching discovery," the Fifth Circuit affirmed Plaintiff's claims over the Defendants' Motions to Dismiss and found that qualified immunity was not warranted. *Jacquez v. Procunier,* 801 F.2d 789 (5th Cir. 1986).

Regarding the second option, despite the fact that this case has been before this Court for seven months post-appeal, the Defendants have never filed a motion requesting limited discovery. In turn, the Court has not entered an order requiring that discovery be "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Lion Boulos v. Wilson,* 834 F.2d 504, 507-508 (5th Cir. 1987). Discovery has been underway for six months. The Defendants have produced body-worn camera footage, sworn statements, training records, personnel records, and offense reports, and not once have they requested that discovery be limited prior to this point. Defendants cannot pick and choose when to engage in discovery and when to flout their obligations. If Defendants wanted discovery to be limited in this case, they should have requested it before discovery opened. They did not.

Further, contrary to Defendants' representations, neither *Zapata v. Melson*, 750 F. 3d 481 (5th Cir. 2014), nor *Backe v. LeBlanc,* 691 F.3d 645 (5th Cir. 2012), require that the Court limit discovery in this case. *See* Doc. 69 at 3-4. Both cases are inapplicable as they address situations where the district court "*refused* to rule or *deferred* ruling on the defense of qualified immunity at the motion to dismiss stage." *See Asante-Chioke v. Dowdle,* 113 F. 4th at 1130 (citing *Zapata,* 750 F.3d at 484); *see also Backe,* 691 F.3d at 648. That is not the case here. Here, as outlined above, the Court denied qualified immunity at the motion to dismiss stage, as did the Fifth Circuit. For these reasons, Defendants must be compelled to produce all records that meet the broad relevance

standard set forth under FRCP 26, and their persistent attempts to evade this responsibility must be rebuffed.

**B. Plaintiff's Requests Are Proper and Each Pertains to an Integral Issue or Existing Claim in this Case.**

Despite Defendants' assertion that Plaintiff seeks the aforementioned information solely to add a *Monell* claim, each of the requested records addresses an integral issue in this individual-capacity lawsuit against the Defendants. Although Plaintiff clearly outlined how each Request seeks relevant information in Plaintiff's Motion to Compel, Defendants did not contest or engage with any of these arguments in their Opposition. *See generally* Doc. 69.

In sum, the requested HPD policies and training materials (RFP No. 13) bear on the reasonableness of the Defendant officers' conduct. *See* Doc. 67 at 7-8. In *Hope v. Peltzer*, a case without a *Monell* claim, the Supreme Court examined a department regulation, similar to the policies that Plaintiff requested in RFP No. 13, to evaluate the reasonableness of force used by the defendant prison guards. 536 U.S. 730, 732 (2002); *see also* Doc. 67 at 7. In *Cruz v. Cervantez*, although a *Monell* claim was pleaded, the Fifth Circuit analyzed the individual defendant officer's behavior under the department's policies. 96 F. 4th 806, 814 (5th Cir. 2024); *see also* Doc. 67 at 7. This analysis, and the Fifth Circuit's explanation that "failure to follow departmental policy makes actions more questionable," shows that departmental policies are regularly discoverable in Section 1983 cases against officers, with or without *Monell* claims. 96 F.4th at 814.

Records regarding injuries to persons arrested by Defendants throughout their tenures (RFP No. 14); records concerning use of force incidents from July 2016 to present (RFP No. 15); and records pertaining to any administrative, quasi-judicial, or other investigation of the Defendants for excessive force, racial bias, discrimination, and evidence fabrication (RFP No. 20) bear on motive, intent, and absence of mistake, which relates to punitive damages. *See Hornback v.*

*Czartorski,* 2022 WL 4279725, at \*4 (W.D. Ky. Sept. 15, 2022); *see also* Doc. 67 at 8-9. Finally, net worth records (RFP Nos. 27 and 28) are routinely discoverable in connection with claims for punitive damages and are relevant to the Defendants' ability to pay. *See Quest Med., Inc. v. Apprill,* 90 F. 3d 1080, 1091 (5th Cir. 1996); *see also* Doc. 67 at 9-10. As such, each of Plaintiff's Requests is "relevant to [his] claim and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

In any case, Fifth Circuit precedent demonstrates that exploring policies and procedures in discovery and later adding *Monell* claims is common practice. *See Sanchez v. Young County Texas*, 956 F.3d 785, 793 (5th Cir. 2020) (demonstrating that plaintiffs in the case amended their Complaint to allege that several *de facto* policies made the county liable for the decedent's death). Plaintiff's approach to discovery complies with the law in this jurisdiction. Further, it is within this Court's sound discretion to deem municipal policy and custom within the scope of discovery in this case. *See Herbert v. Lando*, 441 U.S. 153, 176 (1979) (explaining that the "discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials."); *see also Coleman v. American Red Cross,* 23 F.3d 1091, 1096 (6th Cir. 1994) (noting that "it is well established that the scope of discovery is within the sound discretion of the trial court").

As Plaintiff has demonstrated, all of Plaintiff's Requests seek records bearing on integral issues in this lawsuit. For this reason, Defendants must be compelled to produce the requested records.

**C. Defendants Have Refused to Engage with Caselaw Showing that They Have an Obligation to Produce All Relevant Records that They Have the Legal Right or Practical Ability to Obtain.**

Defendants have refused to produce a large array of records[3] that are squarely relevant to this case because they are purportedly outside of their possession, custody, and control. As Plaintiff made clear in his motion to compel, Defendants have an obligation to produce discovery whether or not it is presently in their physical possession, so long as they have a legal right or practical ability to obtain it. *See, e.g.*, *Vestas-Am. Wind Tech., Inc. v. Salazar,* 2020 WL 6365549, at *5 (N.D. Tex. Oct. 21, 2020); *see also* Doc. 67 at 7. Further, it is evident that Defendants' Counsel can reasonably access the requested records, because he has already accessed and disclosed other records within HPD custody, including records that are far more sensitive, such as Defendants' personnel and IAD records. *See* Doc. 67 at 7. Defendants offered no response to either of these points in their opposition brief, because there are no good arguments to make. These records must be produced.

**D. Fifth Circuit Caselaw Requires Defendants to Produce Net Worth Records in Response to Plaintiff's RFP Nos. 27 and 28.**

In their Opposition, Defendants falsely claim that *Natural Gas Pipeline v. Energy Gathering* justifies the withholding of their net worth documents. *See* 2 F. 3d 1397 (5th Cir. 1993); *see also* Doc. 69 at 6. To the contrary, in *Natural Gas Pipeline*, the Fifth Circuit found that the lower court abused its discretion by ordering one of the attorneys in the case to produce his personal tax returns as a sanction for his "complicity in his client's scandalous behavior." *Id.* The

---

[3] Defendants have refused to produce the following: HPD policies and training materials (RFP No. 13); reports regarding injuries to persons arrested by the Defendants throughout their tenures (RFP No. 14); records concerning use of force incidents from July 2016 to present (RFP No. 15); and records pertaining to any administrative, quasi-judicial, or other investigation of the Defendants for excessive force, racial bias, discrimination, and evidence fabrication (RFP No. 20).

Fifth Circuit shunned this *sua sponte* action, determining that it was unreasonable as the attorney's

tax returns were "never included in their discovery requests," suggesting that they were

"irrelevant." *Id.*

In this case, *Plaintiff* has requested *Defendants*' tax returns via discovery, and has

established why these documents are necessary. Specifically, net worth records are routinely

discoverable in connection with claims for punitive damages and relevant to a defendants' ability

to pay. *See Quest Med., Inc. v. Apprill,* 90 F. 3d 1080, 1091 (5th Cir. 1996) ("Net worth is relevant

to the issue of punitive damages"); *see also Gill v. Devlin,* 867 F. Supp. 2d 849, 857 (N.D. Tex.

2012) ("A plaintiff raising § 1983 claims may recover punitive damages against an official in his

personal capacity if the official acted with malicious or evil intent or callous disregard of the

plaintiff's federally protected rights."); *see also* Doc. 67 at 9-10.

Indeed, Plaintiff has requested punitive damages from the onset of this lawsuit. *See* Doc.

1, Compl. ¶ 107(c); *see also* Doc. 67 at 10. As the Defendants' net worth records are directly

relevant to their ability to pay punitive damages, Plaintiff urges, and the Fifth Circuit advises, the

Court to compel their production.

**REQUEST FOR RELIEF**

Plaintiff respectfully requests the Court to enter an order requiring Defendants to produce

the following records within one week from the date of the Court's order, so that Plaintiff can

commence depositions and make progress in litigating this case:

1. HPD policies, training materials, and other records requested in RFP. No. 13, including, without limitation, records concerning reasonable suspicion and probable cause; excessive force; qualified immunity; the use of spit hoods; de-escalation techniques; identifying a suspect; the use of four-point restraints or hog-tying; and providing medical care for persons in custody. (*See* Ex. A, RFP No. 13).

2. records regarding injuries to persons arrested by the Defendants throughout their respective tenures at the Houston Police Department (*Id.* at RFP No. 14);

3. records concerning use of force incidents involving the Defendants from July 10, 2016 to present (*Id.* at RFP No. 15);

4. records pertaining to any administrative, quasi-judicial, or other investigation of the Defendants for excessive force, racial bias, discrimination, and evidence fabrication (*Id.* at RFP No. 20);

5. Defendants' tax returns (*Id.* at RFP No. 27); and

6. All other records related to Defendants' net worth (*Id.* at RFP No. 28).

Plaintiff also requests that the Court grant whatever other relief the Court deems appropriate.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Plaintiff Alberto Ramos respectfully requests that this Court grant his Motion to Compel Discovery.

Respectfully submitted this 14th day of January, 2026.

/s/ Destiny Planter

Caitlin Halpern (Texas Bar No. 24116474; S.D. Tex. Bar No. 3454643)\*

caitlin.halpern@gmail.com

4416 Bell Street

Houston, TX 77023

Telephone: (571) 215-2002

Destiny Planter (pro hac vice)

Washington, D.C. Bar No. 1780910

destiny@civilrightscorps.org

Brittany Francis (pro hac vice)

brittany@civilrightscorps.org

1601 Connecticut Ave. NW, Suite 800

Washington, DC 20009

Telephone: (202) 844-4975

\*Attorney-in-Charge

*Counsel for Plaintiff*

## RULE 37 CERTIFICATION

I hereby certify that the undersigned, Plaintiff's Counsel, have conferred in good faith with Counsel for the Defendants in an attempt to obtain the requested discovery without court action. Those efforts are described in the Motion.

## CERTIFICATE OF SERVICE

I certify that on January 14, 2026, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

*/s/ Destiny Planter*
Destiny Planter