UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERTO RAMOS,<br><br>Plaintiff<br><br>v.<br><br>SCOTT ERWIN, JENNIFER GILBREATH, HALLIE SMITH, FREDRICK MORRISON, GINO DAGO,<br><br>Defendants. | Case No. 4:23-cv-2517<br><br>**JURY DEMAND** |

**PLAINTIFF ALBERTO RAMOS' REPLY IN SUPPORT OF MOTION
FOR ENTRY OF AN ORDER REGARDING THE PRODUCTION OF
ELECTRONICALLY STORED INFORMATION**

**INTRODUCTION**

On December 18, 2025, Plaintiff filed a Motion for Entry of an Order Regarding the Production of Electronically Stored Information ("Motion"). *See* Doc. 68. On January 8, 2026, Defendants filed a response opposing the entry of Plaintiff's Proposed ESI Order, attached to the Motion ("Opposition"). *See* Doc. 70. As outlined below, Defendants' objections to the entry of Plaintiff's Proposed ESI Order are unavailing. Plaintiff's Motion should be granted in its entirety and the Proposed ESI Order should be entered.

**LEGAL STANDARD**

Courts have broad discretion in all matters concerning discovery, including granting orders to govern discovery. *Castillo v. JLG Indus.*, No. 5:18-CV-41, 2019 U.S. Dist. LEXIS 245046, at *3 (S.D. Tex. July 15, 2019) (citing *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th

1

Cir. 2001)). The discovery of ESI "stands on equal footing with discovery of paper documents." *In re Concho Res., Inc. Sec. Litig.*, No. 4:21-cv-2473, 2025 U.S. Dist. LEXIS 200974, at *8 (S.D. Tex. Oct. 10, 2025). The production of ESI is governed by Federal Rules of Civil Procedure 34 and 26. *Id.* at *7 ("Rule 34 permits parties to request any other party to produce and permit the requesting party . . . to inspect, copy, test, or sample any designated documents or ESI—including writings, drawings, graphs, charts or data compilations. Such requests must be made with reasonable particularity and may specify the form or forms in which electronically stored information is to be produced.") (internal citations omitted). Courts have entered ESI orders even where parties cannot agree on the terms. *See*, *e.g.*, *Doe v. Baylor Univ.*, No. 6:16-CV-173-RP, 2018 U.S. Dist. LEXIS 248768, at *6 (W.D. Tex. May 6, 2018) (entering second order on ESI where parties were unable to agree on some topics).

## ARGUMENT[1]

### A. Orders Governing Electronic Discovery are Standard Practice.

In opposition to Plaintiff's Motion, Defendants contend that an ESI Order should not be entered in the instant case because it "does not involve complex litigation, voluminous electronic records, or any identified issues with prior productions," as if those are precursors to the entry of an ESI Order. Doc. 70 at 2. They are not. Instead, it is commonplace for an ESI Order to govern electronic productions and streamline discovery in a variety of cases, including individual-capacity Section 1983 lawsuits like this one. *See Thomas v. Bruss,* No. H-23-00662, 2024 WL 4729479,

---

[1] Defendants rely on *Asante-Chioke v. Dowdle* to claim that "failure to tailor discovery to QI is reversible error." Doc. 70 at 2 (citing 103 F.4th 1126, 1131 (5th Cir. 2024)). This is an incorrect and recycled argument from Defendants' Opposition to Plaintiff's Motion to Compel that Plaintiff has already disposed of. *Asante-Chioke v. Dowdle* does not direct this Court to limit discovery in scope to qualified immunity. *See* 103 F.4th at 1131. Even if that were the case, it is unclear how the Court's entry of an ESI Order would constitute a failure to tailor discovery.

2

Case 4:23-cv-00662, Doc. 21-1 (S.D. Tex. 2023); *see also Chrimar Sys. v. Alcatel-Lucent USA Inc.*, No. 6:15-CV-00163-JDL, 2015 U.S. Dist. LEXIS 179198, at *3 (E.D. Tex. Sep. 28, 2015) ("[This order] streamlines Electronically Stored Information ("ESI") production to promote a just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1.") (internal citation omitted).

ESI Orders are crucial in modern litigation because, for decades, electronic discovery has taken the place of paper discovery. *See, e.g., Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*, 968 F. Supp. 2d 852, 857 n.1 (E.D. Tex. 2013) ("Format and search methods, not transportation of paper, are the problems to be solved.") (citing *Effective Use of Courtroom Technology: A Judges Guide to Pretrial and Trial*, 64-65 (Federal Judicial Center, 2001) (noting even in 2001 that most documents "originate in digital form" and describing the "wasteful and time-consuming paradigm of printing digital material to then scan it and turn it back into digital format")). Electronic discovery requires parties "to attend to production issues at a level of detail that [is] simply not required with paper." Lee H. Rosenthal, *A Few Thoughts on Electronic Discovery After December 1, 2006*, 116 Yale L.J. Pocket Part 167 (2006), http://yalelawjournal.org/forum/metadata-and-issues-relating-to-the-form-of-production.

B. **Plaintiff's Proposed ESI Order is the Most Efficient Way to Limit and Address Future Discovery Disputes.**

Contrary to Defendants' claims, there need not be a pending discovery dispute for an ESI Order to be warranted. As Judge Rosenthal has indicated, Federal Rule of Civil Procedure 34(b) "provides a procedure for identifying disputes over producing metadata *before* production occurs." Lee H. Rosenthal, *A Few Thoughts on Electronic Discovery After December 1, 2006*, 116 Yale L.J. Pocket Part 167 (2006), http://yalelawjournal.org/forum/metadata-and-issues-relating-to-the-form-of-production; *see also* Fed. R. Civ. P. 34(b). As such, Plaintiff is attempting to avoid future

discovery disputes over the production of ESI by having an order in place for the parties to follow. *See* Motion at 1-2 ("Plaintiff is only requesting that the [ESI] Order govern future productions, not requesting that the Defendants alter any of their prior productions.").

Defendants' argue both that Plaintiff's Proposed ESI Order "adds nothing" and that the order will facilitate "improper fishing expeditions." *See* Doc. 70 at 2. Both cannot be true. The Proposed ESI Order is necessary because it creates a clear and efficient protocol for producing electronic discovery, only requiring the parties to: (1) reasonably preserve all potentially relevant information; (2) produce electronic documents in their native formats with metadata; (3) refrain from disassociating attachments; and (4) confer about discovery disputes promptly.

The production of digital records in their native file formats is important not only because it permits the parties to organize and parse files efficiently in modern discovery management software, but because native file formats come with metadata capturing creation dates, modification dates, authorship, and other important information bearing on the authenticity and origin of the records disclosed. Accordingly, where litigants have removed metadata, courts have "rejected the production as insufficient." Lee H. Rosenthal, *A Few Thoughts on Electronic Discovery After December 1, 2006*, 116 Yale L.J. Pocket Part 167 (2006), http://yalelawjournal.org/forum/metadata-and-issues-relating-to-the-form-of-production; *see also MC Asset Recovery, LLC v. Castex Energy, Inc.*, 4:07-CV-076-Y, 2012 WL 12919263, at n.8 (N.D. Tex. April 26, 2012)(noting that there is a growing presumption that metadata should be preserved). In *Williams v. Sprint*, after the defendants removed metadata from a document production, the court found that: (1) the removed metadata was relevant and likely to lead to the discovery of admissible evidence; (2) the unilateral removal was unacceptable. 230 F.R.D. 640, 653 (D. Kan. 2005).

Moreover, the Proposed ESI Order does not grant either party the ability to "embark on improper fishing expeditions," Doc. 70 at 2, as it clearly states that "compliance with this Order does not constitute a waiver. . .of any objection to the production of particular ESI for any reason, including as irrelevant, undiscoverable, or otherwise inadmissible, unduly burdensome, or not reasonably accessible." Prop. ESI Order at ¶ 1. Although Defendants claim that the Proposed ESI Order is unduly burdensome, they do not explain how. *See* Doc. 70 at 1. Indeed, this claim of burden contradicts Defendants' claim that Plaintiff's Proposed ESI Order "adds nothing." If Defendants intend to provide all digital records in their original, native formats with metadata intact—a basic expectation in modern discovery—Plaintiff's ESI Order should pose no concerns.

### C. Defendants' Proposed Order is Insufficient.

Defendants argue that there should be no ESI Order in this case, while simultaneously proposing a different order "as a starting point." Doc. 70 at 2. Because the parties agree that there should be an ESI Order in this case after all, any order entered should increase efficiency rather than reducing it. Defendants' proposed order creates an undue burden and expense by requiring parties to (1) request specific documents be produced in their native format *after they have already been produced in another format* and (2) *show good cause* when requesting metadata. https://www.txs.uscourts.gov/sites/txs/files/Form%2010_E-Discovery%20Order.pdf at 1(b) and 1(f) (emphasis added). In sum, Defendants' proposed order would require the parties to engage in a cumbersome and inefficient back-and-forth and re-production of documents that could be avoided by Plaintiff's Proposed ESI Order.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff Alberto Ramos respectfully requests that this Court grant his Motion for Entry of an Order Regarding the Production of Electronically Stored Information.

Respectfully submitted this 15th day of January, 2026.

/s/ Destiny Planter
Destiny Planter (pro hac vice)
Washington, D.C. Bar No. 1780910
Brittany Francis (Texas Bar No. 24141616; S.D. Tex. Bar No. 3837908)
Peoples' Counsel
1900 W. Gray Street,
P.O. Box 130442
Houston, TX 77219
Caitlin Halpern (Texas Bar No. 24116474; S.D. Tex. Bar No. 3454643)*
caitlin.halpern@gmail.com
4416 Bell Street
Houston, TX 77023
Telephone: (571) 215-2002
*Attorney-in-Charge
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on January 15, 2026, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

*/s/ Destiny Planter*
Destiny Planter