IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO RAMOS,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No.: 4:23-cv-02517 |
| SCOTT ERWIN; JENNIFER GILBREATH;<br>HALLIE SMITH; FREDERICK<br>MORRISON; and GINO DAGO,<br>*Defendants*. | §<br>§<br>§<br>§<br>§ | |

### DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM AND FOR PROTECTION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Scott Erwin, Jennifer Gilbreath, Hallie Smith, Fredrick Morrison, and Gino Dago (collectively, "Defendants") file this Motion to Quash the Plaintiff's subpoena duces tecum to non-party Houston Police Department and Motion for Protection. In support of said motion, Defendants would respectfully show the Court as follows:

## INTRODUCTION

This is an individual capacity § 1983 action alleging excessive force and false arrest arising from a single incident in July 2021. No *Monell* claim has ever been pled, and the City of Houston is not a party. Defendants have consistently invoked qualified immunity, which remains a live defense. Plaintiff has filed a pending motion to compel seeking broad discovery from Defendants, including but not limited to, HPD interal policies, prior incidents, investigations, and use-of-force reports—materials irrelevant to the qualified immunity analysis or the pled claims.

Now, Plaintiff has attempted to circumvent the Defendants' objections to the same discovery and Plaintiff's pending motion to compel by issuing a subpoena duces tecum to non-party Houston Police Department seeking the same materials. *See* Ex. A (Notice of Subpoena); Ex. B (Subpoena). The subpoena is defective on multiple grounds: it fails to provide reasonable time to comply; its proof of service is blank and incomplete, suggesting improper service; it imposes an undue burden on non-party HPD; it seeks privileged or protected matter; and it is overbroad and seeks information irrelevant to the pled claims or qualified immunity. Moreover, allowing this end-run would undermine qualified immunity and the discovery procedures by permitting broad discovery without a ruling on Defendants' objections and the pending motion to compel. Defendants object, move to quash under Fed. R. Civ. P. 45(d)(3), and for a protective order under Fed. R. Civ. P. 26(c).

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(i)-(iv).

To challenge a subpoena under Rule 45, the movant must be in possession or control of the requested material, be the person to whom the subpoena is issued, or have a personal right or privilege in the subject matter or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d at 967. "Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Where qualified immunity is asserted, discovery must be narrowly tailored to uncover only those facts needed to rule on the immunity claim. *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024); *Carswell v. Camp,* 54 F.4th 307, 311-12 (5th Cir. 2022). Failure to limit discovery is reversible error. *Id.*

### The Subpoena is an Improper Circumvention of the Defendants' Discovery Objections, Pending Motion to Compel and Qualified Immunity Protections.

The subpoena improperly seeks the same documents the subject of Defendants' objections and Plaintiff's pending motion to compel. This is an end-run around the Court's authority to resolve

3

discovery objections and the motion to compel first.

"Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Thomas v. IEM, Inc.*, No. 06-886-B-M2, 2008 U.S. Dist. LEXIS 19186, 2008 WL 695230, at *2 (M.D. La. March 12, 2008). Indeed, "[i]t is well established that a party may not use Rule 45 subpoenas duces tecum or Rule 34 requests for productions to circumvent a discovery deadline." *Hernandez v. City of Corpus Christi*, No. C-10-186, 2011 U.S. Dist. LEXIS 60452, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011).

Additionally, qualified immunity entitles Defendants to protection from broad discovery, limiting it to facts needed for the immunity analysis. Here, the objective reasonableness of their actions during the July 2021 incident and encounter with Plaintiff. *Graham v. Connor*, 490 U.S. 386 (1989). Defendants have already produced body-worn camera footage, sworn statements concerning these events, their training records, complaint histories, resumes, offense reports, and full personnel files. Broader requests for HPD-wide policies or unrelated incidents do not bear on whether Defendants violated clearly established law in this specific event. *See Asante-Chioke*, 103 F.4th at 1131 (remanding to limit discovery).

**The Subpoena Fails to Allow Reasonable Time to Comply and is Defective.**

Plaintiff's firm sent an email to Defendants 'counsel on January 14, 2026, stating they were going to serve the Houston Police Department with the attached subpoena (Exhibit B). The subpoena commands non-party production by January 28, 2026. Fourteen days is an unreasonable amount of time for parties to object or move to quash, and for non-party to move to quash and comply with this subpoena duces tecum. Additionally, it is not clear whether the subpoena has

4

already been served on non-party Houston Police Department or whether Plaintiff has received responsive information by the improper subpoena.

### The Subpoena Subjects the Defendants and Non-Party HPD to Undue Burden.

The requests are overbroad: "all records" on 21 policy topics since July 2021; all injury/use-of-force reports and investigations involving Defendants since 2016. This imposes significant burden on HPD to search archives and implicates privacy laws. The subpoena subjects the Defendants to undue burden by seeking to interject voluminous irrelevant materials into this case.

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." TEX. LOC. GOV'T CODE § 552.101. This section encompasses information protected by other statutes such as section 143.089 of the Local Government Code. Section 143.089 contemplates two different types of personnel files relating to a police officer: a police officer's civil service file that the civil service director is required to maintain, and an internal file that the police department may maintain for its own use. TEX. LOC. GOV'T CODE § 143.089(a), (g). A document relating to an officer's alleged misconduct may not be placed in his civil service personnel file if there is insufficient evidence to sustain the charge of misconduct. TEX. LOC. GOV'T CODE § 143.089(b).

Evidence of internal investigations are often excluded under Rule 403, Fed. R. Evid, because their probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or misleading the jury. Other complaints, claims, investigations, or discipline for alleged violations of an employer's general order are not evidence of a violation of the Constitution and their use would be impermissible at trial. *Harris v. Payne*, 254 F. App'x 410, 416-17 (5th Cir. 2007) (citations omitted); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992) (stating that "even a negligent departure from established police procedure does not necessarily signal violation of constitutional protections".)

Finally, the subpoena is unduly burdensome, intrusive, and designed to harass Defendants. Defendants have provided Plaintiff with their disciplinary and complaint history, complete personnel files, training history, and all information relevant to the events at issue for the qualified immunity analysis.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court sustain their objections, grant this Motion to Quash and for Protection, and enter an order quashing the subpoena to non-party HPD, order Plaintiff to immediately notify Defendants' counsel confirming whether the subpoena has been served on HPD and if any production has occurred, and granting any further relief to which Defendants may be deemed entitled in equity or under law.

        Respectfully submitted,

        **ARTURO G. MICHEL**
        **City Attorney**

        CHRISTY L. MARTIN
        Chief, Torts/Civil Rights

By:   */s/ Alexander Garcia*
        Alexander Garcia
        Assistant City Attorney
        SBN: 24104429
        FBN: 3852904
        832.393.6293
        Alexander.garcia@houstontx.gov
        CITY OF HOUSTON LEGAL DEPARTMENT
        900 Bagby, 4th Floor
        Houston, Texas 77002
        832.393.6259 Facsimile

        ***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

    I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

                                                    */s/ Alexander Garcia*
                                                   Alexander Garcia