UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERTO RAMOS,<br><br>          Plaintiff<br><br>v.<br><br>SCOTT ERWIN, JENNIFER GILBREATH, HALLIE SMITH, FREDRICK MORRISON, GINO DAGO,<br><br>          Defendants. | Case No. 4:23-cv-2517<br><br>**JURY DEMAND** |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH

In response to discovery requests served by Plaintiff Alberto Ramos ("Plaintiff"), Defendants Scott Irwin, Jennifer Gilbreath, Hallie Smith, Fredrick Morrison, and Gino Dago (collectively, "Defendants") have insisted that they do not have access to certain documents maintained by their employer, the Houston Police Department ("HPD"). Accordingly, Plaintiff served a subpoena on HPD seeking four categories of documents that are highly relevant to the claims and defenses in this Section 1983 case. On the deadline for HPD's response, Defendants filed a Motion to Quash (the "Motion"), contending that the subpoena improperly circumvents the discovery process and asserting a laundry list of other objections. Defendants lack standing to raise most of these objections, and all of them are baseless. The Motion should be denied.

Moreover, the Defendants cannot have it both ways: Either the Defendant officers and HPD are separate entities, such that each has custody and control of different records, or they are one and the same, such that counsel for the Defendants can properly speak for HPD in response to

1

Plaintiff's subpoena. Plaintiff is entitled to clarity regarding which HPD records are available through the Defendants and which require enforcement of the subpoena.

I. **Plaintiff's Subpoena Seeks Four Categories of Documents That Defendants Claim are Outside of Their Possession, Custody, or Control.**

On July 18, 2025, Plaintiff served his First Requests for Production on each of the five Defendants. In responses served on August 25, 2025, the Defendants uniformly objected that 12 of the 28 Requests for Production sought documents outside the Defendants' possession, custody, or control. Defendants maintained that position in supplemental responses served on October 10, 2025; in a meet-and-confer call held on November 25, 2025; and in their response to Plaintiff's motion to compel filed on January 7, 2026. *See, e.g.*, Ex. A (10/10/2025 Defendant Morrison's Supplemental Objections and Responses to Plaintiff's First Requests for Production) at Requests 7, 8, 11, 13, 14, 15, 16, 18, 19, 20, 21, 22; Dkt. No. 69 (Defendants' Opposition to Plaintiff's Motion to Compel) at 5.

In reliance on Defendants' repeated representations, Plaintiff issued a subpoena to the Houston Police Department requesting four categories of documents that Defendants claim to be unable to access: (1) HPD policies in effect at the time of the incident; (2) records of injuries to persons arrested by the Defendants; (3) records of use of force by the Defendants; and (4) records of investigations into excessive force, racial bias, discrimination, or fabrication of evidence by the Defendants. *See* Ex. B (Subpoena). The four requests in the subpoena to HPD correspond to Requests for Production 13, 14, 15, and 20. *See* Ex. A. The subpoena was served on January 22, 2026. *See* Dkt. No. 78 (Proof of Service).

II. **Plaintiff's Subpoena to HPD Was Appropriate in Light of Defendants' Claimed Lack of Access to HPD Records.**

When a Defendant represents that documents are not within his possession, custody, or control, issuing a subpoena to a third party that does possess the documents is an appropriate and

routine next step—not an "improper circumvention" of the discovery process. Motion at 4. The cases Defendants cite stand only for the uncontroversial proposition that "if documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them pursuant to Rule 45." *Thomas v. IEM, Inc.*, No. Civ. A. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (citation omitted); *see also Hernandez v. City of Corpus Christi*, No. CIV.A. C-10-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) ("[R]equests for documents from an opposing party are normally made pursuant to a request for production under Federal Rule of Civil Procedure 34, rather than a subpoena duces tecum under Rule 45.").[1] On the other hand, when documents are not available from a party, which Defendants have repeatedly represented, Rule 45 exists to facilitate the production of documents from third parties. *See id.*

### III. The Documents Requested are Relevant and Discoverable.

Defendants next complain that Plaintiff's subpoena seeks materials that are irrelevant and confidential. *See* Motion at 5-6. As a threshold matter, the Motion conflates ***discoverability*** with ***admissibility***. At this stage, the Court need not decide what evidence should be "excluded under Rule 403." Motion at 5. The possibility that certain materials may ultimately be found "impermissible at trial" does not mean those materials are exempt from discovery. *Id.*; *see also, e.g.*, *Clay v. Sunrise Breach Corp.*, No. 5:10-CV-224, 2011 WL 13217902, at *7 (E.D. Tex. Nov. 8, 2011) ("Whether or not portions of the [requested] file will ultimately be deemed admissible at trial is not the test for whether it is discoverable."). Rather, discovery requests need only be "reasonably calculated to lead to the discovery of admissible evidence." *Degen v. United States*,

---

[1] These cases also involved transparent attempts to circumvent discovery deadlines by issuing subpoenas to parties where Requests for Production would have been untimely. *Thomas*, 2008 WL 695230, at *2; *Hernandez*, 2011 WL 2194254, at *1. Here, however, the deadline to complete discovery is more than four months away on June 9, 2026. *See* Dkt. No. 75 (Amended Scheduling/Docket Control Order).

517 U.S. 820, 826 (1996) (quoting Fed. R. Civ. Proc. 26(b)(1)). "The threshold for relevance in discovery matters is extremely low," *Wellogix, Inc. v. Accenture, LLP*, No. 3:08-CV-119, 2011 WL 1458632, at *5 (S.D. Tex. Apr. 15, 2011) (Ellison, J.), and Plaintiff's subpoena easily satisfies the applicable standard.

Starting with Plaintiff's first request, the Supreme Court and Fifth Circuit have found that departmental policies are relevant in Section 1983 cases because they bear on factual questions including whether the law enforcement officer behaved reasonably and whether he should have known that his conduct violated the Constitution. *See, e.g.*, *Hope v. Pelzer*, 536 U.S. 730, 743-44 (2002) ("Relevant to the question whether *Ort* provided fair warning to respondents that their conduct violated the Constitution is a regulation promulgated by ADOC in 1993."); *Cruz v. Cervantez*, 96 F.4th 806, 814 (5th Cir. 2024) ("[F]ail[ure] to follow departmental policy makes [law enforcement] actions more questionable" because it may be "objectively unreasonable to violate such a departmental rule." (quoting *Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1133 (5th Cir. 2014)); *see also* Dkt. No. 67 (Motion to Compel) at 5-8.

While it is true that the violation of a policy, by itself, "do[es] not necessarily state a constitutional claim," *Harris v. Payne*, 254 F. App'x 410, 416-17 (5th Cir. 2007), the cases cited in Defendants' Motion analyzed departmental policies—and therefore must have allowed for discovery of them, *see* Motion at 5 (citing *id.*; *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992) (same)). Defendants do not—and cannot—advance any serious argument that the HPD policies Plaintiff requests are irrelevant.

Turning to Plaintiff's remaining requests for injury, use of force, and investigative reports concerning the Defendants, these documents are discoverable because they are relevant to the Defendants' frame of mind, including their knowledge of constitutional requirements, "motive,

4

intent, and absence of mistake." *Hornback v. Czartorski*, 2022 WL 4279725, at *4 (W.D. Ky. Sept. 15, 2022) (allowing evidence related to defendant officer's prior uses of force to be heard at trial); *United States v. Mendez*, No. 08-20406-STA, 2009 WL 2982628, at *2 (W.D. Tenn. Sept. 11, 2009) (allowing evidence of "other acts" to prove "motive, opportunity, intent, [or] knowledge"). These factors are relevant to whether a constitutional violation occurred, whether Defendants are entitled to qualified immunity, and whether punitive damages are warranted. *See Hornback*, 2022 WL 4279725, at *4; *see also* Dkt. No. 67 (Motion to Compel) at 8-9.

Defendants' arguments to the contrary are unavailing. The Motion misconstrues Fifth Circuit precedent to claim that "discovery must be narrowly tailored to uncover only those facts needed to rule on the immunity claim." Motion at 3; *see also id.* at 2, 4, 6 (invoking the same erroneous theory). But the opinions cited held that defendants asserting qualified immunity have "two choices" after the court denies a motion to dismiss: "(1) 'the defendant can immediately appeal the district court's denial under the collateral order doctrine' or (2) ' … the defendant can move the district court for discovery limited to the factual disputes relevant to whether [qualified immunity] applies, then reassert [qualified immunity] in a summary judgment motion.'" *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1130 (5th Cir. 2024) (quoting *Carswell v. Camp*, 54 F.4th 307, 311-12 (5th Cir. 2022)). Here, when the Defendants chose the first path by filing an interlocutory appeal of this Court's motion to dismiss ruling, they lost. *See* Dkt. Nos. 36 (Notice of Appeal), 40 (Fifth Circuit Opinion). The Defendants never exercised the second option. As a result, discovery is now underway for all purposes, and is not limited to qualified immunity.

The Motion also rehashes Defendants' appeal to confidentiality provisions in the Texas Government Code, *see* Motion at 5, which this Court found inapplicable during a hearing on the protective order more than seven months ago. *See* Dkt. No. 60-61; *see also Carnaby v. City of*

*Houston*, No. 4:08-cv1366, 2008 WL 4546606, at *2-3 (S.D. Tex. Oct. 10, 2008) (holding that Texas statutory privilege is not controlling in federal court). This argument did not carry the day last June, and it cannot carry the day now. That is particularly true in the context of a motion to quash because "Defendant must assert privileges under federal law, rather than Texas law, to establish standing to challenge the subpoenas. Since Defendant only asserts state law privileges, it lacks standing." *Wagner v. Harris Cnty., Texas*, No. 4:23-CV-2886, 2025 WL 950088, at *8 (S.D. Tex. Mar. 28, 2025) (Ellison, J.).

IV.    **Defendants Lack Standing to Object to the Subpoena.**

As Defendants themselves admit, "[t]o challenge a subpoena under Rule 45, the movant must be in possession or control of the requested material, be the person to whom the subpoena is issued, or have a personal right or privilege in the subject matter or a sufficient interest in it." Motion at 3 (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)); *see also, e.g.*, *Wagner*, 2025 WL 950088, at *8 ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. "). All five defendants are individual law enforcement officers. They have no personal right, privilege, or interest in the propriety of service on HPD, the adequacy of time for HPD to comply with the subpoena, or the burden imposed on HPD. *See* Motion at 4-5.

Furthermore, Plaintiff's subpoena does not suffer from any of the defects Defendants claim: HPD was properly served, *see* Dkt. No. 78; the time to comply is consistent with Rule 45, which authorizes a response time of 14 days or less, *see* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."); and the requests are limited to just four of the 12 categories of documents that Defendants claim not to possess, *see* Exs. A-B. Even if Defendants' objections were valid, the proper course would be for HPD's counsel to confer with Plaintiff's counsel and, if necessary,

6

serve objections or file a motion to quash on HPD's own behalf. To have standing to raise these objections, Defendants would need to admit that they do, in fact, have possession or control over the requested records and withdraw their refusal to produce documents on that basis.

V.   **Conclusion**

For the foregoing reasons, the Motion to Quash should be denied.

/s/ Destiny Planter
Destiny Planter *(pro hac vice)*
Washington, D.C. Bar No. 1780910
destiny@peoplescounsel.org
Brittany Francis* (Texas Bar No. 24141616; S.D. Tex. Bar No. 3837908)
brittany@peoplescounsel.org
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
Caitlin Halpern (Texas Bar No. 24116474; S.D. Tex. Bar No. 3454643)
caitlin.halpern@gmail.com
4416 Bell Street
Houston, TX 77023
Telephone: (571) 215-2002
*Attorney-in-Charge

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on February 5, 2026, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

/s/ *Destiny Planter*
Destiny Planter

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ALBERTO RAMOS, <br><br> Plaintiff <br><br> v. <br><br> SCOTT ERWIN, JENNIFER GILBREATH, HALLIE SMITH, FREDRICK MORRISON, GINO DAGO, <br><br> Defendants. | Case No. 4:23-cv-2517 <br><br> **JURY DEMAND** |

## [PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM AND FOR PROTECTION

Having considered Defendants' Motion to Quash Plaintiff's Subpoena Duces Tecum and for Protection filed January 28, 2026 (the "Motion"); Plaintiff's Opposition filed February 5, 2026; and Defendants' Reply, if any, IT IS HEREBY ORDERED that the Motion is DENIED.

    IT IS SO ORDERED.


Signed on _____, in Houston, Texas

_____

Hon. Keith P. Ellison
United States District Judge