IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO RAMOS, *Plaintiff* | § § § | |
| v. | § § | Civil Action No.: 4:23-cv-02517 |
| SCOTT ERWIN; JENNIFER GILBREATH; HALLIE SMITH; FREDERICK MORRISON; and GINO DAGO, *Defendants*. | § § § § § | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM AND FOR PROTECTION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Scott Erwin, Jennifer Gilbreath, Hallie Smith, Fredrick Morrison, and Gino Dago (collectively, "Defendants") files this Reply in Support of their Motion to Quash the Plaintiff's subpoena duces tecum to non-party Houston Police Department and Motion for Protection. Plaintiff's opposition fails to cure the subpoena's fatal defects or rebut Defendants' arguments. The subpoena remains an improper end-run around the pending motion to compel, is procedurally invalid, seeks irrelevant and protected materials, and imposes an undue burden. It must be quashed under Fed. R. Civ. P. 45(d)(3).

### The Subpoena is Procedurally Defective and Must Be Quashed for Improper Service and Lack of Reasonable Time to Comply.

Plaintiff's Opposition ignores the subpoena's fundamental procedural flaws, which independently require quashing. First, the subpoena was not properly served. Fed. R. Civ. P. 45(b)(1) requires personal delivery by a non-party over 18 years old. "The Fifth Circuit has interpreted this to mean that serving a subpoena requires personal service." *Benchmark Ins. Co. v. Johnson Bros. Constr., LLC*, No. 5:15-MC-0412-RP, 2015 WL 12712072, at *1 (W.D. Tex. May 26, 2015) (citing *In re Dennis,* 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires … personal delivery of the subpoena."); *see also Lexington Ins. Co. v. Harvia Oy,* No. 4:13-cv-713-O, 2013 WL 12330197, at *1 (N.D. Tex. Nov. 14, 2013) ("In the Fifth Circuit, personal service of a subpoena is required under Rule 45(b).").

Service of a subpoena by mail is invalid. *See Emesowum v. Zeldes,* No. SA-15-CV-831-XR, 2016 WL 3579232, at *10 (W.D. Tex. June 27, 2016) (holding service of subpoena by certified mail was improper); *see also Ferrara v. 4JLJ, LLC,* No. 2:15-cv-182, 2016 WL 4800891, at *2 (S.D. Tex. Sept. 14, 2016) ("The Court declines to stretch the words 'delivering a copy to the named person' to mean anything other than personal delivery of a copy of the subpoena ....").

Here, the subpoena was mailed to the Houston Police Department ("HPD"). Plaintiff's Proof of Service (Doc.78) is blank and incomplete, failing to indicate any personal delivery. Plaintiff's Opposition does not dispute this. This renders the subpoena fatally defective on its face.

Second, the subpoena fails to provide any reasonable time to comply under Fed. R. Civ. P. 45(d)(3)(A)(i). Plaintiff alleges HPD received the subpoena on January 22, 2026, but has not provided any indication HPD received the subpoena on that day or that HPD received it at all. Assuming arguendo HPD received the subpoena, 3 business days to respond to broad requests spanning years of policies, reports, investigations, and personnel files is unreasonable. Rule

45(d)(3)(A)(i) provides that a subpoena must be quashed if it fails to allow a reasonable time to comply. *See Mario Parra v. State Farm Lloyds*, No. 7:14-CV-691, 2015 WL 12940023, at *1 (S.D. Tex. Jan. 13, 2015) ("Defendant clearly was not given thirty days to respond to the subpoena duces tecum – he was given only twenty-two days to respond. Based on Rule 45 the Court must quash the subpoena since it does not allow Defendant a 'reasonable time' to comply with the request.").

Each of these independent defects alone warrant quashing, regardless of Plaintiff's arguments about relevance or access.

**Defendants Have Standing to Challenge the Subpoena.**

Plaintiff's contention that Defendants lack standing to challenge the subpoena is incorrect. To challenge a subpoena under Rule 45, a movant need only have possession or control of the materials, be the recipient, or possess a personal right, privilege, or sufficient interest in the subject matter. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Defendants satisfy this standard. The subpoena seeks their personnel-related records, including use-of-force reports, injury records, and all internal investigations into any alleged misconduct. These implicate Defendants' privacy interests and qualified immunity protections. *See Howard v. Seadrill Americas, Inc.*, No. 15-2441, 2016 WL 7012275, at *3 (E.D. La. Nov. 30, 2016) (parties have standing to challenge subpoenas seeking their confidential information due to privacy interest); *Winter v. Bisso Marine Co.*, No. 13-5191, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014) (standing due to privacy interest in records); *Wagner v. Harris Cnty.*, *Texas*, No. 4:23-CV-2886, 2025 WL 950088, at *8 (S.D. Tex. Mar. 28, 2025) (Ellison, J.) (recognizing standing where federal privilege applies).

Plaintiff misreads *Wagner*, which denied standing only because the movant asserted solely state-law privileges. Here, Defendants invoke federal qualified immunity and common-law privileges protecting law enforcement personnel files from undue intrusion. Moreover, as

employees of the Houston Police Department, Defendants have a sufficient interest in protecting confidential records pertaining to them, especially where the subpoena circumvents discovery directed to them. Standing is clear.

**The Subpoena is an Improper Circumvention of the Pending Motion to Compel, and Discovery Rules.**

Defendants have consistently maintained that they lack possession, custody, or control over certain HPD-maintained documents and have objected that the requested materials are irrelevant, overbroad, and protected. As individual-capacity defendants, they do not have personal possession, custody, or control over the broad array of institutional records sought, such as department-wide policies, historical use-of-force reports, or internal investigations spanning years. These are maintained centrally by HPD and are not in Defendants' personal files.

Moreover, Defendants lack of possession, custody, or control, does not automatically entitle Plaintiff to obtain the documents from non-party HPD. HPD is not a defendant, and no *Monell* claim has been pled against the City of Houston. Subpoenas to non-parties are subject to scrutiny for undue burden and must independently satisfy Rules 45 and 26, regardless of party discovery limitations. See Fed. R. Civ. P. 45(d)(3)(A)(iv); *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (Rules 45 and 26 authorize quashing or modifying subpoenas exceeding permissible scope). Plaintiff's subpoena remains an improper "end-run around the regular discovery process under Rules 26 and 34." *Thomas v. IEM, Inc.*, No. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008).

**Plaintiff Misinterprets *Asante-Chioke v. Dowdle*; Qualified Immunity Remains Live, Requiring Tailored Discovery.**

Plaintiff's interpretation on *Asante-Chioke v. Dowdle*, 103 F.4th 1126 (5th Cir. 2024), is erroneous. Far from authorizing unlimited discovery after a lost appeal, *Asante-Chioke* held that allowing broad discovery to proceed is "tantamount to the denial of qualified immunity" and

4

reversible error. *Id*. The Fifth Circuit vacated the district court's order and remanded to enforce limits, emphasizing that qualified immunity protects against "pretrial discovery, which is costly, time-consuming, and intrusive." *Id.* at 1131.

Plaintiff misconstrues the "two choices" post-motion-to-dismiss denial. Defendants appealed and the Fifth Circuit affirmed the denial based solely on the pleadings. This did not resolve qualified immunity on the merits; it merely confirmed the allegations were sufficent to proceed beyond the pleadings. Qualified immunity remains a live defense and will be renewed at summary judgment with evidence. *See Behrens v. Pelletier*, 516 U.S. 299, 308-09 (1996) (QI assertable at multiple stages; denial at one does not preclude renewal). Until resolved, discovery must follow a "careful procedure": limit it "narrowly" to "only those facts needed to rule on the immunity claim." *Asante-Chioke*, 103 F.4th at 1131 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

Defendants have consistently invoked the defense of qualified immunity throughout this case and have further argued for tailored and limited discovery in their opposition to the motion to compel (Doc. 69). Here, the subpoena seeks broad and irrelevant qualified immunity materials (21 policy topics, all injury/use-of-force reports from 2016-present, all misconduct investigations), violating this mandate. These requests objectively exceed facts about the July 2021 incident and are irrelevant to whether Defendants' actions violated clearly established law. Allowing full discovery now would undermine qualified immunity , as the Fifth Circuit warned.

## Conclusion

For the foregoing multiple and independent reasons, Defendants respectfully request the Court grant this Motion to Quash and for Protection, and enter an order quashing the subpoena to non-party HPD, and granting any further relief to which Defendants may be deemed entitled in equity or under law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By:   */s/ Alexander Garcia*
     Alexander Garcia
     Assistant City Attorney
     SBN: 24104429
     FBN: 3852904
     832.393.6293
     Alexander.garcia@houstontx.gov
     CITY OF HOUSTON LEGAL DEPARTMENT
     900 Bagby, 4th Floor
     Houston, Texas 77002
     832.393.6259 Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

                    */s/ Alexander Garcia*
                    Alexander Garcia