**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALBERTO RAMOS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:23-cv-02517** |
| | § | |
| **SCOTT ERWIN; JENNIFER GILBREATH;** | § | |
| **HALLIE SMITH; FREDERICK** | § | |
| **MORRISON; and GINO DAGO,** | § | |
| *Defendants*. | § | |

**DEFENDANTS' MOTION TO LIMIT DISCOVERY TO QUALIFIED IMMUNITY, FOR
PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(C), AND TO QUASH PLAINTIFF'S
SUBPOENA TO NON-PARTY HOUSTON POLICE DEPARTMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Scott Irwin, Jennifer Gilbreath, Hallie Smith, Fredrick Morrison, and Gino

Dago (collectively, "Defendants") respectfully move this Court, pursuant to Federal Rules of Civil

Procedure 26(c) and 45(d)(3), for a protective order limiting all discovery in this action to facts

narrowly tailored to resolve the Defendant Officers' qualified immunity defense at summary

judgment and to quash Plaintiff's overbroad subpoena to non-party Houston Police Department

("HPD"). In support of said motion, Defendants would respectfully show the Court as follows:

**INTRODUCTION**

This is an individual capacity § 1983 action alleging excessive force and false arrest arising from a single incident in July 2021. No *Monell* claim has ever been pled, and the City of Houston is not a party. Defendants have consistently invoked qualified immunity, which remains a live defense. Qualified immunity is "immunity from suit," not merely a defense to liability, and one of its core protections is immunity from the burdens of broad pretrial discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024).

The Fifth Circuit's binding precedent is unequivocal. Once qualified immunity has been asserted, discovery must be "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1130–31 (5th Cir. 2024). On remand in that very case, the district court strictly enforced this limitation and denied the plaintiff's motion to compel training, de-escalation tactics, and mental-health policies. These are the same categories of information (among others) Plaintiff seeks through the HPD subpoena. *Asante-Chioke v. Dowdle*, 2024 WL 5186590, at *2–3 (E.D. La. Dec. 20, 2024). The same result is required here.

Plaintiff's subpoena to non-party HPD flagrantly violates this rule. It demands 20+ categories of HPD policies, customs, training, and manuals (medical care, hog-tying, de-escalation, mental health, racial bias), every injury report and use-of-force incident involving each Defendant Officer since 2016, and all internal investigations. *See* Exhibit A. This is classic *Monell* discovery that has zero relevance to the narrow qualified-immunity facts at issue.

Defendants therefore request that the Court (1) stay all discovery except that narrowly limited to the qualified immunity analysis, (2) enter a protective order prohibiting broader discovery, and (3) quash the HPD subpoena in its entirety.

## LEGAL STANDARD: FIFTH CIRCUIT REQUIRES NARROWLY TAILORED DISCOVERY ON QUALIFIED IMMUNITY

Qualified immunity remains fully viable and must be resolved at the "earliest possible stage." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). The Supreme Court has made clear that an officer may appeal an unfavorable qualified immunity ruling both on a motion to dismiss and on summary judgment; the officer is not limited to single appeal. *Behrens v. Pelletier*, 516 U.S. 299, 307–11 (1996). Qualified immunity shields officers from the burdens of broad pretrial discovery, "which is costly, time-consuming, and intrusive." *Carswell v. Camp*, 54 F. 4th 307, 310 (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648). When the district court cannot rule on qualified immunity without further factual development, discovery is permitted only if it is "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Asante-Chioke*, 103 F.4th at 1130 (quoting *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014)). Any order failing to limit discovery is reversible error. *Id.* at 1131.

### Plaintiff's Subpoena Seeks Irrelevant, Overbroad Discovery Explicitly Prohibited by Binding Precedent

Plaintiff's subpoena to non-party Houston Police Department seeks precisely the type of broad, irrelevant discovery that both the Fifth Circuit and district courts within this Circuit have repeatedly prohibited while qualified immunity remains pending.

The subpoena commands production of:

1. All HPD policies, manuals, customs or practices (as of July 11, 2021) on use of force, hog-tying, de-escalation, mental-health crises, racial bias, qualified immunity, and 20+ other topics.

2. Every injury report for arrests by each Defendant Officer throughout their careers.

3. All use-of-force incidents involving each Defendant Officer from 2016–present (including mere presence or consultation).

3

4.  All internal affairs investigations into excessive force, racial bias or discrimination, or fabrication of evidence by any Defendant Officer.

Training, policies, de-escalation, any prior-incidents, and interal investigations are irrelevant to the "threshold immunity question." *Asante-Chioke*, 2024 WL 5186590, at \*1.

Similarly, in *Craft v. Parish of Jeff Davis*, the court applied the *Asante-Chioke* framework and granted a stay of discovery except for discovery "narrowly tailored to uncover those facts needed to rule on the immunity claim," recognizing it is appropriate to limit discovery to the issue of qualified immunity so that qualified immunity can be addressed as expeditiously as possible via summary judgment." *Craft v. Parish of Jeff Davis*, 2025 WL 971740, at \*2 (W.D. La. Mar. 31, 2025) (citing *Asante-Chioke*, 103 F.4th at 1131).

Here, policies, customs, training materials, departmental policies, prior use-of-force incidents, and interal investigations have no bearing on whether these individual Defendant Officers violated clearly established law on July 11, 2021. Such discovery is prohibited while qualified immunity remains at issue.

**The Only Permissible Discovery Must be Narrowly Tailored to Qualified Immunity.**

Plaintiff has only two pending claims in this action, false arrest and excessive force, asserted soley against these individual Defendant Officers. There are no *Monell* claims, no supervisory liability claims, and no other causes of action that could justify broader discovery.

Defendants have already produced all relevant evidence necessary to resolve the qualified immunity analysis including body-worn camera footage capturing the entire incident, sworn statements concerning the events of July 11, 2021, training records, complaint histories, resumes, offense reports, and the officers' full personnel files. These materials provide more than enough information for the Court to evaluate the objective reasonableness of the officers' actions during

the specific encounter with Plaintiff. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (excessive-force inquiry is an objective one focused on the facts and circumstances confronting the officers).

Broader requests for HPD-wide policies, unrelated prior incidents, internal investigations, or additional training and de-escalation materials are irrelevant to the qualified immunity analysis.

**Any Order Allowing the Overbroad Discovery Sought Would be Immediately Appealable Under the Collateral Order Doctrine.**

Should this Court deny the requested relief and permit the overbroad discovery sought by Plaintiff, the order would be immediately appealable to the Fifth Circuit under the collateral order doctrine. The Fifth Circuit has expressly held that a district court's refusal to limit discovery in a qualified immunity case to facts "narrowly tailored to uncover only those facts needed to rule on the immunity claim" is "tantamount to denial of qualified immunity" and reviewable on appeal. *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1130–31 (5th Cir. 2024) ("we may review the order under the collateral order doctrine when … the court's discovery order exceeds the requisite 'narrowly tailored' scope") (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)). "Why does the defendant alone enjoy this choice? Because only the defendant-official enjoys qualified immunity from suit." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022).

Allowing the subpoena here would force the Defendant Officers to endure the very burdens of broad pretrial discovery that qualified immunity is designed to prevent, while inviting an unnecessary appeal. This Court should avoid that result by granting the protective order and quashing the subpoena, thereby conserving judicial resources and resolving the qualified immunity defense at the earliest practicable stage.

**Independent Grounds Exist to Quash the Subpoena Under Rule 45**

Even apart from the qualified-immunity limitations discussed above, the Court has independent authority under Federal Rule of Civil Procedure 45(d)(3) to quash the subpoena in its

5

entirety. "Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).

The subpoena is overbroad on its face, seeks information that is irrelevant to any claim or defense currently at issue, and imposes an undue burden on non-party Houston Police Department. Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). None of the material requested bear on the narrow qualified-immunity analysis before the Court. Quashing the subpoena is therefore required to prevent precisely the type of burdensome, irrelevant discovery that Rule 45 was designed to prevent.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and enter a protective order limiting discovery narrowly tailored to uncover those facts needed to rule on the immunity claim, quash Plaintiff's subpoena to non-party Houston Police Department in its entirety, stay all other discovery pending resolution of Defendants' forthcoming motion for summary judgment on qualified immunity, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By:    */s/ Alexander Garcia*
Alexander Garcia
Assistant City Attorney
SBN:  24104429
FBN:  3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor

6

Houston, Texas 77002
832.393.6259 Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned Defendants' Counsel, conferred with Plaintiff's counsels on March 18, 2026, via video conference. Plaintiff opposes the relief requested.

*/s/ Alexander Garcia*
Alexander Garcia

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Alexander Garcia*
Alexander Garcia

7