UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERTO RAMOS, | |
| Plaintiff | |
| v. | Case No. 4:23-cv-2517 |
| SCOTT ERWIN, JENNIFER GILBREATH, HALLIE SMITH, FREDRICK MORRISON, GINO DAGO, | **JURY DEMAND** |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO LIMIT DISCOVERY TO QUALIFIED IMMUNITY, FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(C), AND TO QUASH PLAINTIFF'S SUBPOENA TO NON-PARTY HOUSTON POLICE DEPARTMENT**

Since July 18, 2025, Plaintiff has worked tirelessly to obtain the following records that are highly relevant to this individual capacity lawsuit: (1) certain Houston Police Department ("HPD") policies in effect at the time that he was falsely arrested, tackled, and hogtied by the Defendants;[1] (2) reports regarding injuries to arrestees caused by the Defendants; (3) records concerning use of force incidents involving the Defendants; and (4) documents related to investigations of the Defendants for racial bias, excessive force, discrimination, and evidence fabrication ("requested records").

On March 26, 2026, Defendants filed an omnibus Motion to Limit Discovery to Qualified Immunity, for Protective Order Under Federal Rule of Civil Procedure 26(c), and to Quash

---

[1] This will be referred to throughout as the "Incident."

1

Plaintiff's Subpoena to Non-Party Houston Police Department (the "Motion"). Notably, Defendants' requests to limit discovery to qualified immunity and for a protective order come **sixteen months after the motion to dismiss phase**—where this Court and the Fifth Circuit denied their qualified immunity defense[2]—and **nine months after the commencement of discovery**.

Moreover, Defendants now wish to speak for and quash the subpoena Plaintiff sent to HPD, an entity that Defendants have repeatedly separated themselves from during the discovery process. *See generally* Mot. Plaintiff's subpoena to HPD requests the same records Defendants have repeatedly claimed are outside of their possession, custody, and control. *Compare* Dkt. No. 99 (Pl.'s Opp'n to HPD's Mot. to Quash), Ex. 2, *with* Dkt. No. 67 (Pl.'s Mot. to Compel), Ex. A, Plaintiff's Requests for Production and Defendants' Supplemental Responses Thereto. Defendants cannot have it both ways: they cannot rest on their purported inability to access the requested records and also object when Plaintiff seeks the very same records from another entity.

Further, although Defendants claim that Plaintiff's subpoena must be quashed because it seeks the aforementioned information solely to add a *Monell* claim, *see generally* Mot., Plaintiff has repeatedly explained how each of the requested records addresses an integral issue relevant to the existing claims and defenses in this case. *See* Dkt Nos. 67 (Pl.'s Mot. to Compel), 72 (Pl.'s Reply in Supp. Of Mot. to Compel), 80 (Pl.'s Opp'n to Defs.' Mot. to Quash).

As indicated below, Defendants' procedurally improper and substantively off-base Motion should be denied.

---

[2] *See* Dkt. No. 35 (Mem. & Order); *see also* J. No. 24-20164; Dec. 9, 2024.

I.   **The Court Should Deny Defendants' Eleventh-Hour Motion to Limit Discovery to Qualified Immunity and For Protective Order Because it is Procedurally Improper and Will Further Delay the Case.**

Defendants erroneously claim that the Fifth Circuit requires this Court to "stay all discovery except that narrowly limited to the qualified immunity analysis" and "enter a protective order prohibiting broader discovery" simply because they pleaded qualified immunity as a defense. Mot. at 2-3. That is not the state of the law in this circuit, nor is it substantiated by the case law on which Defendants rely. *See Asante-Chioke v. Dowdle,* 113 F. 4th 1126 (5th Cir. 2024); *Carswell v. Camp*, 54 F. 4th 307 (5th Cir. 2022); *Craft v. Parish of Jeff Davis,* 2025 WL 971740, at *2 (W.D. La. Mar. 31, 2025). In fact, Defendants have not pointed to a single case where a motion to limit discovery to qualified immunity was granted sixteen months after the motion to dismiss phase, after discovery had been underway for nine months, or after a district and appellate court declined to dismiss a lawsuit on qualified immunity grounds. As further outlined below, this Court is not required to, nor should it, limit discovery.

A.   **Defendants' Own Citations Make Clear that Motions to Limit Discovery Must be Made at the Motion to Dismiss Phase.**

Quoting *Carswell*, 54 F. 4th at 312, the *Asante-Chioke*[3] court explained that defendants seeking qualified immunity have *the option* to move for limited discovery at the motion to dismiss phase. 113 F. 4th at 1130. Once a motion to dismiss is denied: "(1) 'the defendant can immediately appeal the district court's denial under the collateral order doctrine;' or (2). . .'the defendant can move the district court for discovery limited to the factual disputes relevant to whether [qualified immunity] applies, then reassert [qualified immunity] in a summary judgment motion.'" *Id.*; *see*

---

[3] As Plaintiff explained during the February 18, 2026, hearing, in *Asante-Chioke,* "the defendant[s] first filed a motion [to limit discovery to qualified immunity] at the motion to dismiss stage. The defendants. . .also filed a motion to stay discovery until the motion to dismiss was decided. All this happened at the motion to dismiss phase." Feb. 18, 2026 Hr'g Tr. 4:7-14.

*also Lion Boulos v. Wilson,* 834 F.2d 504, 507-10 (5th Cir. 1987) (same). Alternatively, when defendants decline to test the sufficiency of a plaintiff's Complaint via motion to dismiss, it may be "appropriate to limit discovery to the issue of qualified immunity so that qualified immunity can be addressed as expeditiously as possible via summary judgment." *Craft*, 2025 WL 971740, at *2 (same). Even still, a defendant's option to file a motion at the outset of discovery does not automatically instruct the Court to grant the same, nor does it require the Court to limit discovery *sua sponte*.

Here, Defendants declined to file motions to limit or stay discovery at the motion to dismiss phase. Instead, they appealed this Court's denial of qualified immunity,[4] which the Fifth Circuit affirmed. *See* J. No. 24-20164; Dec. 9, 2024. ("Having reviewed the record and the parties' briefs, and having heard oral argument, we affirm essentially for the reasons stated in the district court's opinion."). Since then, Defendants have taken no action to limit discovery to qualified immunity beyond unilaterally refusing to respond to certain discovery requests.

If Defendants wanted discovery to be limited in this case, they should have requested it at the motion to dismiss phase. They did not. The time for Defendants' Motion expired long ago.

**B. Granting Defendants' Motion to Limit Discovery to Qualified Immunity and for Protective Order Prohibiting Broad Discovery Will Further Delay the Case.**

Plaintiff has already been forced to cancel Defendants' depositions due to his inability to procure the requested records. Plaintiff's counsel seeks to litigate this case in an efficient manner without further delay. *See* Nov. 25, 2025 Hr'g Tr. 4:5 ("Why is it taking so long?"); 7:13-16 (" We're commanded to get cases to trial in maximum … three years, and this case will be three years old in July. I really don't understand why it's taking so long.").

---

[4] *See Behrens v. Pelletier*, 516 U.S. 299, 307-11 (1996).

**II.    Because the Collateral Order Doctrine Does Not Apply at this Stage of Litigation, Denying Defendants' Motion Would Not Subject the Court to Immediate Appeal.**

Defendants threaten to appeal if the Court denies their Motion, claiming that the Court's Order would be immediately appealable under the collateral order doctrine. *See* Mot. at 5 ("This Court should avoid [an unnecessary appeal] by granting the protective order. . ."). This is nothing other than a fear-mongering tactic, as the collateral order doctrine does not apply here. The collateral order doctrine applies when a court denies or defers ruling on a motion to dismiss on qualified immunity grounds. According to *Lion Boulos v. Wilson:*

> The Fifth Circuit has held that a district court's refusal to rule on a claim of qualified immunity ... falls within the collateral order doctrine because the defendant's entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters is effectively lost if the case erroneously goes to trial ... the refusal to rule on such claims 'conclusively determines the defendant's claim of right not to stand trial' ... [and because] the claim of immunity in both cases 'is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated.'

834 F.2d at 507 (quoting *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). Because the Court has already ruled on the Defendants' qualified immunity defense, a mere discovery order that the Court enters on this matter would not be immediately appealable under the collateral order doctrine.

Each of the cases Defendants' cited in their Motion involved orders being appealed when a court deferred ruling on or denied the qualified immunity defense at the motion to dismiss stage. In *Zapata v. Melson*, the Fifth Circuit explained that when a district court is "unable to rule on the immunity defense without further clarification of the facts," it should limit discovery to "only those facts needed to rule on the immunity claim." 750 F.3d 481, 485 (5th Cir. 2014). The Fifth Circuit "may review [an] order under the collateral order doctrine" when the district court fails to follow this procedure, "refuses to rule on a qualified immunity defense," or "fails to find first that the

5

plaintiff's complaint overcomes a defendant's qualified immunity defense." *Id.* Otherwise, the appellate court "lacks jurisdiction to review interlocutory orders in qualified immunity." *Id.* Because this Court (affirmed by the Fifth Circuit) first found that Plaintiff's complaint overcame Defendants' qualified immunity defense, the Fifth Circuit has no jurisdiction to review an interlocutory order on the instant motion.

In another case cited by Defendants, *Asante-Chioke v. Dowdle*, the Fifth Circuit again made it clear that it has "jurisdiction to review discovery orders under the collateral order doctrine that do not follow *Zapata*'s careful procedure," which, again, is applied when a court defers ruling on the defense of qualified immunity. 103 F. 4th at 1129-30 ("In [*Zapata*] the district court[] refused to rule or deferred ruling on the defense of qualified immunity at the motion to dismiss stage.").

In sum, this Court denied Defendants' qualified immunity defense at the motion to dismiss stage; it did not refuse to rule on or defer ruling. As such, denying Defendants' Motion to Limit Discovery to Qualified Immunity and for Protective Order would not subject the court to immediate appeal.

### III.　　Defendants Lack Standing to Object to Plaintiff's Subpoena.

When a Defendant represents that documents are not within his possession, custody, or control, as Defendants have here, issuing a subpoena to a third party that does possess the documents is an appropriate and routine next step. In reliance on Defendants' repeated representations, Plaintiff issued a subpoena to HPD requesting: (1) HPD policies in effect at the time of the Incident; (2) records of injuries to persons arrested by the Defendants; (3) records of use of force by the Defendants; and (4) records of investigations into excessive force, racial bias, discrimination, or fabrication of evidence by the Defendants. *See* Dkt. No. 80 (Pl.'s Opp'n to Defs.' Mot. to Quash), Ex. B (Subpoena).

Now that Plaintiff has served a subpoena on HPD, Defendants seek to have it quashed; however, Defendants lack standing to make this request.

As Defendants admitted in their first Motion to Quash, *see generally* Dkt. No. 76 (Mot. to Quash), "[t]o challenge a subpoena under Rule 45, the movant must be in possession or control of the requested material, be the person to whom the subpoena is issued, or have a personal right or privilege in the subject matter or a sufficient interest in it." *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979). First, Defendants have repeatedly claimed that they are not in possession or control of the requested records. *See* Dkt. No. 67 (Pl.'s Mot. to Compel), Ex. A, Plaintiff's Requests for Production and Defendants' Supplemental Responses Thereto. Second, the subpoena was not issued to them. Third, Defendants do not have a recognized personal right, privilege, or sufficient interest in the requested records. Although Defendants have previously claimed that they have a sufficient interest in the requested records because they are allegedly confidential and due to privacy concerns, *see* Dkt. No. 81 (Defs.' Reply in Support of Motion to Quash), the protective order in this case disposes of these arguments. To be clear, the protective order does not allow documents to be withheld for confidentiality or privacy purposes; instead, it simply requires them to be marked confidential.

Ultimately, this Court has made clear that "parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." *Wagner v. Harris Cnty., Tex*as, No. 4:23CV-2886, 2025 WL 950088, at *7-8 (S.D. Tex. Mar. 28, 2025) (Ellison, J.) (finding that the defendant lacked standing to quash subpoenas served on third-party law enforcement agencies, which sought records pertaining to the law enforcement agencies' investigations into the deaths of the plaintiffs and other similar incidents). Here, Defendants lack standing.

**IV.   As Undergirded by Binding Precedent, the Records Plaintiff Requested are In Scope, Squarely Relevant, and Discoverable in the Current Case.**

Defendants complain[5] that Plaintiff's document requests are overbroad and irrelevant. *See* Mot. at 4-6. This argument is unavailing. Discovery requests need only be "reasonably calculated to lead to the discovery of admissible evidence." *Degen v. United States*, 517 U.S. 820, 826 (1996) (quoting Fed. R. Civ. Proc. 26(b)(1)). Moreover, "[t]he threshold for relevance in discovery matters is extremely low," *Wellogix, Inc. v. Accenture, LLP*, No. 3:08-CV-119, 2011 WL 1458632, at *5 (S.D. Tex. Apr. 15, 2011) (Ellison, J.), and Plaintiff's subpoena easily satisfies the applicable standard.

Each of the requested records addresses an integral issue relevant to the existing claims and defenses—absent a *Monell* claim being pleaded.[6] Starting with Plaintiff's first request, the Supreme Court and Fifth Circuit have found that departmental policies are relevant in Section 1983 cases because they bear on factual questions including whether the law enforcement officer behaved reasonably and whether he should have known that his conduct violated the Constitution. *See, e.g.*, *Hope v. Pelzer*, 536 U.S. 730, 743-44 (2002) ("Relevant to the question whether *Ort* provided fair warning to respondents that their conduct violated the Constitution is a regulation promulgated by ADOC in 1993."); *Cruz v. Cervantez*, 96 F.4th 806, 814 (5th Cir. 2024) ("[F]ail[ure] to follow departmental policy makes [law enforcement] actions more questionable" because it may be "objectively unreasonable to violate such a departmental rule.") (quoting *Rice*

---

[5] Defendants also claim that Plaintiff's subpoena would pose an undue burden on HPD. *See* Mot. at 6. It is unclear how Defendants can make this assertion, as they have repeatedly emphasized that they are not HPD.

[6] Defendants claim that Plaintiff has "more than enough information for the Court to evaluate the objective reasonableness of the officers' actions during the Incident" due to their production of body-worn camera footage, sworn statements concerning the Incident, training records, complaint histories, resumes, offense reports, and personnel files. Mot. at 2, 4. Plainly, Defendants have *no authority* to decide the specific amount of information Plaintiff needs to litigate his case.

*v. ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1133 (5th Cir. 2014)); *see also* Dkt. No. 67 (Mot. to Compel) at 5-8. Defendants do not–and cannot–advance any serious argument that the requested records are irrelevant.

Turning to Plaintiff's remaining requests for injury, use of force, and investigative reports concerning the Defendants, these documents are in scope, relevant, and discoverable because they provide a basis for the Defendants' frame of mind, including their knowledge of constitutional requirements, as well as their "motive, intent, and absence of mistake." *Hornback v. Czartorski*, 2022 WL 4279725, at *4 (W.D. Ky. Sept. 15, 2022) (allowing evidence related to defendant officer's prior uses of force to be heard at trial); *United States v. Mendez*, No. 08-20406-STA, 2009 WL 2982628, at *2 (W.D. Tenn. Sept. 11, 2009) (allowing evidence of "other acts" to prove "motive, opportunity, intent, [or] knowledge"). These factors are relevant to whether a constitutional violation occurred, whether Defendants are entitled to qualified immunity, and whether punitive damages are warranted. *See Hornback*, 2022 WL 4279725, at *4; *see also* Dkt. No. 67 (Mot. to Compel) at 8-9.

There are no independent grounds to quash the subpoena.

## V.    Conclusion

For the foregoing reasons, Defendants' Motion should be denied.

9

/s/ Destiny Planter
Destiny Planter *(pro hac vice)*
Washington, D.C. Bar No. 1780910
destiny@peoplescounsel.org
Brittany Francis* (Texas Bar No. 24141616; S.D. Tex. Bar No. 3837908)
brittany@peoplescounsel.org
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
Caitlin Halpern (Texas Bar No. 24116474; S.D. Tex. Bar No. 3454643)
caitlin.halpern@gmail.com
4416 Bell Street
Houston, TX 77023
Telephone: (571) 215-2002
*Attorney-in-Charge

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 8, 2026, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

*/s/ Destiny Planter*
Destiny Planter

10

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ALBERTO RAMOS, | |
| **Plaintiff** | |
| v. | Case No. 4:23-cv-2517 |
| SCOTT ERWIN, JENNIFER GILBREATH, HALLIE SMITH, FREDRICK MORRISON, GINO DAGO, | **JURY DEMAND** |
| **Defendants.** | |

**[PROPOSED] ORDER DEFENDANTS' MOTION TO LIMIT DISCOVERY TO QUALIFIED IMMUNITY, FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(C), AND TO QUASH PLAINTIFF'S SUBPOENA TO NON-PARTY HOUSTON POLICE DEPARTMENT**

Having considered Defendants' Motion to Limit Discovery to Qualified Immunity, for Protective Order Under Fed. R. Civ. P. 26(C), and to Quash Plaintiff's Subpoena to Non-party Houston Police Department (the "Motion"); Plaintiff's Opposition filed April 8, 2026; and Defendants' Reply, if any, IT IS HEREBY ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

Signed on _____, in Houston, Texas

_____
Hon. Keith P. Ellison
United States District Judge

11