**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALBERTO RAMOS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:23-cv-02517** |
| | § | |
| **SCOTT ERWIN; JENNIFER GILBREATH;** | § | |
| **HALLIE SMITH; FREDERICK** | § | |
| **MORRISON; and GINO DAGO,** | § | |
| *Defendants.* | § | |

<u>**NON-PARTY CITY OF HOUSTON'S REPLY IN SUPPORT OF THEIR MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM AND FOR PROTECTION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff's opposition does not address that the City of Houston is not a party to this lawsuit and has never been subject to its discovery obligations or its protective order. This Court should quash the subpoena as it requests confidential information protected by state law from a non-party and is facially overbroad.

**<u>The Protective Order Between the Parties Does not Bind the City</u>.**

Plaintiff incorrectly contends that the protective order entered between the parties resolves the City's confidentiality and privilege concerns. It does not. The City is a non-party to this lawsuit. It was not a signatory to, and is not bound by, the parties' protective order. A Rule 26(c) protective order governs discovery "between the parties"; it does not create obligations or rights for third parties who never had the opportunity to negotiate its terms or object to its scope. *See* Fed. R. Civ. P. 26(c)(1). Moreover, the protective order cannot compel the production of confidential law enforcement personnel files and internal affairs records that are protected by state law when the City of Houston is not a party to this lawsuit.

Under Texas Local Government Code §143.089(g), information maintained in a police department's internal file is confidential by law and must not be released. That statutory protection does not dissolve because a protective order was entered between the named parties in the lawsuit. The City's obligations under state law to maintain confidentiality run independently of the parties' stipulations. The City must comply with its own legal obligations.

**The Subpoena Fails to Allow Reasonable Time to Comply and is Disproportionate to the Needs of the Case.**

Plaintiff's "two months" framing overstates the practical reality. The City is a non-party with no prior involvement in this litigation and no advance notice of the specific records that would be demanded. Collecting, reviewing for privilege and confidentiality, redacting as required, and producing records spanning 21 policy categories and the entire tenures of five officers is not a task that can realistically be completed in a compressed timeframe, let alone thirteen days from proper service. *Mario Parra v. State Farm Lloyds*, No. 7:14-CV-691, 2015 WL 12940023, at *1 (S.D. Tex. Jan. 13, 2015) (quashing subpoena with twenty-two-day compliance window as facially unreasonable).

The subpoena is also grossly disproportionate to the needs of the case. Rule 26(b)(1) limits discovery to matters that are "proportional to the needs of the case." Courts in the Fifth Circuit afford non-parties greater protection from discovery burdens than parties. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The subpoena's breadth confirms its disproportionality. It demands all records for 21 policy categories, all use-of-force records involving any Defendant from July 10, 2016, to the present, along with all injury reports for all persons arrested by any Defendant throughout their entire tenures, and all internal-affairs investigations involving any Defendant, including racial bias and evidence fabrication. These categories have no arguable relevance to a Fourth Amendment excessive-force and false-arrest

2

claim arising from a single encounter. Plaintiff has asserted no *Monell* claim and there is no municipal defendant in the case. The subpoena is an impermissible end-run around the absence of municipal liability.

Rule 45(d)(1) imposes an affirmative duty on the issuing party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Plaintiff has not satisfied that duty. Moreover, the subpoena's facial overbreadth is itself sufficient to establish undue burden without a detailed affidavit when the scope is obviously excessive on its face. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018). Further, the Court "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Andra Grp., LP v. JDA Software Grp., Inc*., 312 F.R.D. 444,450 (N.D. Tex. 2015).

In a case with no *Monell* claim and no municipal defendant, the marginal probative value of this evidence is low, and the burden imposed on the City to compile it is substantial. Under any reasonable proportionality analysis, production should not be compelled.

**CONCLUSION**

The City of Houston is a non-party that has never been subject to this litigation's discovery obligations or its protective order, and it is entitled to heightened protection from overbroad and disproportionate discovery demands. For these reasons, and the reasons stated in the City's Motion, the City of Houston respectfully requests that the Court grant this Motion and quash Plaintiff's subpoena duces tecum in its entirety.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

By:  */s/ Christy L. Martin*
Chief, Torts/Civil Rights
ATTORNEY IN CHARGE
SBN: 24041336

3

FBN: 754168
Christy.martin@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, Fourth Floor
Houston, Texas 77002
832-393-6259 Facsimile

***Counsel for Non-Party, City of Houston***

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Christy Martin*
Christy Martin