**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALBERTO RAMOS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | Civil Action No.: 4:23-cv-02517 |
| | § | |
| **SCOTT ERWIN; JENNIFER GILBREATH;** | § | |
| **HALLIE SMITH; FREDERICK** | § | |
| **MORRISON; and GINO DAGO,** | § | |
| *Defendants***.** | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO LIMIT DISCOVERY TO
QUALIFIED IMMUNITY, FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(C), AND
TO QUASH PLAINTIFF'S SUBPOENA TO NON-PARTY HOUSTON POLICE
DEPARTMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff's response does not dispute the controlling legal standard: while qualified immunity remains pending, discovery must be narrowly tailored to facts needed to resolve the immunity defense. *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1130–31 (5th Cir. 2024). Instead, Plaintiff advances three avoidance arguments: that the motion is untimely, that the collateral order doctrine is unavailable, and that Defendants lack standing to challenge the subpoena. Each of these arguments misread controlling precedents and fail to withstand scrutiny.

In *Asante-Chioke*, district court denied the defendants' motion to dismiss on qualified immunity, moving the case past the pleading stage. The defendants appealed the court's denial to limit discovery. The Fifth Circuit held that, even at that stage, the district court was required to limit discovery to only those facts necessary to resolve the qualified immunity defense. *Id.* On remand, the district court denied the plaintiff's requests for precisely the same categories of broad discovery that Plaintiff now seeks here. *Asante-Chioke*, 2024 WL 5186590, at *2–3 (E.D. La. Dec. 20, 2024). The same result is required here.

## DEFENDANTS' MOTION IS TIMELY AND REQUIRED BY BINDING PRECEDENT

Plaintiff argues the motion is "procedurally improper" and "eleventh-hour" because it was not filed at the motion-to-dismiss stage. (Doc. 100). This argument asks the Court to adopt a forfeiture rule that no Fifth Circuit decision or court has ever recognized.

*Asante-Chioke* and *Carswell v. Camp*, 54 F.4th 307, 311–12 (5th Cir. 2022), describe two options available after a motion to dismiss denial. They do not hold that those options expire or that a defendant who pursues an interlocutory appeal permanently forfeits the right to seek limited discovery before summary judgment. Plaintiff's reading of *Carswell* would create an illogical result by asserting that a defendant who appeals the denial of a motion to dismiss on qualified immunity forfeits the very discovery protections that qualified immunity is designed to provide. Plaintiff ignores *Behrens*' core holding that a defendant is not limited to a single appeal and may re-assert qualified immunity at the summary judgment stage. *Behrens v. Pelletier*, 516 U.S. 299, 307–11 (1996). It would be incoherent to hold that *Behrens* preserves the right to re-assert qualified immunity at summary judgment while simultaneously holding that the discovery protections of qualified immunity evaporate when the first appeal is lost.

Moreover, the recent ruling in *Craft v. Parish of Jeff Davis*, cuts directly against Plaintiff's timeliness theory. In *Craft*, the court granted a motion to limit discovery to qualified immunity at the summary judgment stage, not at the motion to dismiss phase. The court stayed all discovery except that "narrowly tailored to uncover facts needed to rule on the immunity claim" *Craft v. Parish of Jeff Davis*, 2025 WL 971740, at *2 (W.D. La. Mar. 31, 2025) (citing *Asante-Chioke*, 103 F.4th at 1131). The same relief is required here. Plaintiff nowhere explains how *Craft* is consistent with his position that such motions must be filed at the motion to dismiss stage. It is not.

## AN ORDER PERMITTING THE OVERBROAD DISCOVERY IS APPEALABLE

Plaintiff claims the collateral order doctrine no longer applies because the Court already

denied qualified immunity at the motion to dismiss stage. This is incorrect. The Fifth Circuit has expressly held that a district court's refusal to limit discovery to facts "narrowly tailored to uncover only those facts needed to rule on the immunity claim" is "tantamount to denial of qualified immunity" and appealable under the collateral order doctrine, even after the motion to dismiss ruling. *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024).

Plaintiff's attempt to convert a procedural timing argument into a waiver of qualified immunity protections is foreclosed by binding precedent.

## DEFENDANTS HAVE STANDING TO SEEK A PROTECTIVE ORDER AND HAVE A PERSONAL INTEREST IN THE RECORDS REQUESTED

Plaintiff conflates Rule 26(c) protective orders with Rule 45 motions to quash. Rule 26(c)(1) expressly authorizes "[a] party … from whom discovery is sought" to move for a protective order. Defendants are parties. They have standing to seek relief limiting the scope of discovery, including third-party subpoenas, when that discovery exceeds the permissible bounds while qualified immunity is pending. Even under Rule 45, Defendants have a sufficient personal interest. The subpoena seeks internal affairs investigations, use-of-force records, and disciplinary histories specifically concerning the individual Defendant Officers throughout their tenure, none of which has any bearing on the qualified immunity analysis.

Any party may challenge discovery that exceeds the permissible scope. To hold otherwise would allow plaintiffs to circumvent qualified immunity's discovery limitations simply by routing every overbroad request through a third-party subpoena to the employing agency.

## THE REQUESTED RECORDS REMAIN IRRELEVANT TO THE QUALIFIED IMMUNITY ANALYSIS

Plaintiff has been in possession of body-worn camera footage of the entire incident, sworn statements, training records, complaint histories, resumes, offense reports, and full personnel files. The additional categories that Plaintiff seeks, including HPD-wide policies, every use-of-force

3

incident since 2016, and internal investigations are precisely the type of discovery the Fifth Circuit has held is impermissible while qualified immunity is pending. *Asante-Chioke*, 2024 WL 5186590, at \*2–3 (denying training, de-escalation, and mental-health records). Plaintiff has not attempted to explain how any of the additional records he seeks through the subpoena have any bearing on the qualified immunity analysis. Qualified immunity is a narrow, individualized inquiry that turns solely on whether these officers violated clearly established law based on the July 2021 encounter with Plaintiff. The broad categories of records requested in the subpoena have no relevance to that determination.

Plaintiff's subpoena is an obvious attempt to conduct *Monell*-style discovery in a case that contains no *Monell* claim. Discovery into department-wide policies, customs, prior incidents, and internal affairs files is classic *Monell* evidence. Plaintiff cannot use a third-party subpoena to obtain what he has not pled against the City, especially while qualified immunity remains pending against the individual officers.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and enter a protective order limiting discovery narrowly tailored to uncover those facts needed to rule on the immunity claim, quash Plaintiff's subpoena to non-party Houston Police Department in its entirety, stay all other discovery pending resolution of Defendants' forthcoming motion for summary judgment on qualified immunity, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

4

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By:    /s/ Alexander Garcia
Alexander Garcia
Assistant City Attorney
SBN:  24104429
FBN:  3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

/s/ Alexander Garcia
Alexander Garcia

5