UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALBERTO RAMOS,

Plaintiff

v.

Case No. 4:23-cv-2517

SCOTT IRWIN, JENNIFER GILBREATH,
HALLIE SMITH, FREDRICK MORRISON,
GINO DAGO,

**JURY DEMAND**

Defendants.

## PLAINTIFF'S MOTION TO STAY ALL DEADLINES

Plaintiff Alberto Ramos ("Mr. Ramos" or "Plaintiff"), by and through his undersigned counsel, respectfully requests that the Court grant this Motion to Stay All Deadlines pending resolution of the discovery disputes that have blocked his access to pertinent records, pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4).

In an effort to conserve judicial resources, Plaintiff's Counsel conferred with Defendants' Counsel regarding Defendants' stance on this Motion. Defendants' Counsel informed Plaintiff's Counsel that he is opposed to the Motion.

Plaintiff requests that this Motion be granted for the reasons stated below. Plaintiff also attaches a Proposed Order for the Court's consideration.

1

## NATURE AND STAGE OF THE PROCEEDING

On July 10, 2021, Plaintiff Alberto Ramos was falsely arrested, hogtied, and tackled by Houston Police Department ("HPD") Officers Scott Irwin,[1] Gino Dago, Frederick Morrison, Hallie Smith, and Jennifer Gilbreath (collectively, "Defendants").[2] On July 10, 2023, Plaintiff Alberto Ramos filed a Complaint against the Defendants under 42 U.S.C. § 1983 for violating his Fourth Amendment Rights to be free from unlawful arrest and excessive force. *See* Doc. 1 ("Complaint").

After the Court issued an Omnibus Order granting in part and denying in part Defendants' motions to dismiss, wherein they sought qualified immunity, Defendants appealed. *See* Doc. 35. On December 9, 2024, the Fifth Circuit affirmed the Court's decision, denying Defendants' request for qualified immunity. J. No. 24-20164; Dec. 9, 2024.

The nine-month-long discovery dispute that has halted this case began on July 18, 2025, when Plaintiff sent written discovery requests to Defendants. Despite three virtual meet and confers at Plaintiff's request, and a hearing on Plaintiff's Motion to Compel, Plaintiff has yet to receive numerous critical records from Defendants, including: (1) HPD policies and training materials in use at the time of the Incident (RFP No. 13); (2) records regarding injuries to arrestees caused by the Defendants (RFP No. 14); (3) records concerning use of force incidents involving the Defendants (RFP No. 15); and (4) records related to investigations of the Defendants for racial bias, excessive force, discrimination, and evidence fabrication (RFP No. 20) (the "requested records").

---

[1] This is the correct spelling of Defendant Irwin's name, which was spelled incorrectly as "Erwin" in initial submissions.
[2] This will be referred to throughout as the "Incident."

After Defendants claimed that the requested records were outside of their possession, custody, and control, Plaintiff subpoenaed HPD for them. On January 28, 2026, the deadline for HPD's response, Defendants filed a Motion to Quash Plaintiff's Subpoena to HPD. On March 13, 2026, Plaintiff re-served the subpoena on HPD for the requested records. HPD filed a Motion to Quash on the deadline for its response, March 26, 2026. One day later, and nearly a year after discovery opened in this case, Defendants filed a Motion to Limit Discovery to Qualified Immunity, for Protective Order Under Federal Rule of Civil Procedure 26(c), and (again) to Quash Plaintiff's Subpoena. The Court held a hearing on those Motions on April 23, 2026.

As these discovery disputes have not yet been resolved, Plaintiff is still waiting to receive the requested records from either the Defendants or HPD.

Plaintiff has been forced to cancel each of the Defendants' depositions because it would be inefficient and wasteful to depose the Defendants without records central to the case, then depose them again once the records have been produced. Additionally, Plaintiff's expert witness advised that it was not possible to prepare a comprehensive expert report without the requested records. Accordingly, Plaintiff was forced to file a Motion to Extend Plaintiff's Expert Deadline and the Joinder and Amendment to Pleadings Deadline. *See* Doc. 86. **Plaintiff's expert deadline is now May 4, 2026,** *see* Doc. 91, **but the case is in the same posture as it was when Plaintiff filed the motion to extend,** *see* Doc. 86. Rather than filing a series of similar motions to extend, Plaintiff now seeks a stay of all deadlines until the pending discovery disputes are resolved. This is the most judicially efficient path forward.

## SUPPORTING MEMORANDUM

Pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4), Plaintiff respectfully requests a stay of all deadlines in the case until all pending discovery disputes are resolved. *See* Fed. R. Civ. P. 6(b)(1)(A); *see also* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order may be modified "for good cause and with the judge's consent."). The Court of Appeals for the Fifth Circuit has advised courts to focus on "the importance of the amendment to the scheduling order" when deciding whether to allow a scheduling modification for good cause under Rule 16(b). *Leza v. City of Laredo*, 496 Fed. App'x 375, 376 (5th Cir. 2012). Ultimately, "whether to modify a scheduling order is a question of trial management left to" a court's discretion. *Iturralde v. Shaw Grp., Inc.,* 512 Fed. Appx. 430, 432 (5th Cir. 2013).

Here, Plaintiff has been deprived of records necessary to litigate his case. For example, this is an excessive force case, yet Defendants have refused to produce (and Plaintiff does not possess through other means) the use of force policy that was in effect at the time of the Incident. Additionally, Defendants have refused to produce (and Plaintiff does not possess through other means) records regarding prior misconduct and violence, even though these records bear on their motive, knowledge, intent, and absence of mistake (as well as the availability of punitive damages). *See Hornback v. Czartorski*, 2022 WL 4279725, at *4 (W.D. Ky. Sept. 15, 2022). Plaintiff cannot move forward without the requested records. As such, the Court should exercise its discretion and stay all deadlines until the pending discovery disputes are resolved.

This Motion is not sought for delay, but so that justice may be done. *See* Fed. R. Civ. P. 6(b)(1)(A).

4

## Conclusion

WHEREFORE, for good cause shown, *see* Fed. R. Civ. P. 16(b)(4),  Plaintiff respectfully requests that this Honorable Court grant the Motion to Stay All Deadlines until the pending discovery disputes are resolved.

Respectfully submitted this 30th day of April, 2026.

/s/ Destiny Planter
Destiny Planter *(pro hac vice)*
Washington, D.C. Bar No. 1780910
destiny@peoplescounsel.org
Brittany Francis* (Texas Bar No. 24141616; S.D. Tex. Bar No. 3837908)
brittany@peoplescounsel.org
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
Caitlin Halpern (Texas Bar No. 24116474; S.D. Tex. Bar No. 3454643)
caitlin.halpern@gmail.com
4416 Bell Street
Houston, TX 77023
Telephone: (571) 215-2002
*Attorney-in-Charge
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

/s/ Destiny Planter

## **CERTIFICATE OF CONFERENCE**

On April 29, 2026, Plaintiff's counsel emailed Alexander Garcia, counsel for Defendants, to request his position on the Motion. On April 30, 2026, Defendants' Counsel responded and indicated that the Defendants oppose the relief requested.

/s/ Destiny Planter

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALBERTO RAMOS, <br><br> Plaintiff <br><br> v. <br><br> SCOTT IRWIN, JENNIFER GILBREATH, HALLIE SMITH, FREDRICK MORRISON, GINO DAGO, <br><br> Defendants. | Case No. 4:23-cv-2517 <br><br> **JURY DEMAND** |

### [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion to Stay All Deadlines, the Court finds good cause for granting Plaintiff's Motion.

It is **ORDERED** that Plaintiff's Motion is **GRANTED**; and

It is further **ORDERED** that **ALL DEADLINES ARE STAYED UNTIL THE PENDING DISCOVERY DISPUTES ARE RESOLVED, AT WHICH POINT THE PARTIES WILL PROMPTLY CONFER ABOUT NEW DEADLINES.**

**SO ORDERED**.

Dated: _____          _____

THE HONORABLE KEITH P. ELLISON

United States District Judge

7