United States District Court
Southern District of Texas

**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALBERTO RAMOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23-CV-02517** |
| | § | |
| **SCOTT ERWIN,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM & ORDER**

Before the Court are Defendants' Motion to Limit Discovery to Qualified Immunity (ECF No. 93) and non-party City of Houston's Motion to Quash Subpoena (ECF No. 92). For the reasons that follow, the Court now **DENIES** both motions and **ORDERS** that the City of Houston comply with the subpoena within **FOURTEEN DAYS**.

## I.    Background

This is a § 1983 suit arising from Plaintiff Alberto Ramos' encounter with five Houston Police Department Officers. Ramos brings § 1983 claims for false arrest and excessive force as well as state tort claims. A full description of the facts, as alleged in Ramos' complaint, can be found in *Ramos v. Erwin*, 723 F. Supp. 3d 529, 535-37 (S.D. Tex. 2024).

Ramos filed suit in July 2023. In March 2024, this Court denied in part Defendants' Motions to Dismiss on qualified immunity grounds. Defendants appealed this order. In December 2024, the Fifth Circuit affirmed "essentially for the reasons stated by the district court." *Ramos v. Erwin*, No. 24-20164, 2024 WL 5040984, at *1 (5th Cir. Dec. 9, 2024).

1 / 8

## II.     Motion to Limit Discovery to Qualified Immunity

Defendants have moved to limit discovery to only that which is necessary to determine qualified immunity at the summary judgment stage. They cite *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1130–31 (5th Cir. 2024) for the proposition that "[w]hen the district court cannot rule on qualified immunity without further factual development, discovery is permitted only if it is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" ECF No. 93 at 3 (quoting *Asante-Chioke*, 103 F.4th at 1130).

*Asante-Chioke* dealt with the defendant police officers' appeal of the district court's denial of the defendants' request to limit discovery to issues of qualified immunity. In that case, the defendants moved to dismiss the plaintiff's complaint based on qualified immunity. *Asante-Chioke*, 103 F.4th at 1128. In the alternative, they moved to limit discovery to qualified immunity issues in order to reassert the defense in a summary judgment motion. *Id*. The district court denied both motions. *Id*. The defendants appealed only the denial of the motion to limit discovery. *Id*.

The *Asante-Chioke* court described the relationship between qualified immunity and discovery as follows:

> [A] party asserting the defense of qualified immunity is immune from discovery that is avoidable or overly broad, and that when the district court is unable to rule on the immunity defense without further clarification of the fact and when the discovery order is narrowly tailored to uncover those facts needed to rule on the immunity claim, an order allowing such limited discovery is neither avoidable nor overly broad. If the complaint alleges facts to overcome the defense of qualified immunity, the district court may then proceed under *Lion Boulos* [*v. Wilson*, 834 F.2d 504 (5th Cir. 1987)] to allow the discovery necessary to clarify those facts upon which the immunity defense turns.

*Asante-Chioke*, 103 F.4th at 1131 (internal citations and quotation marks omitted). Because "the defense of qualified immunity turn[ed] on" a disputed factual question, the court held that the

district court's denial of the defendants' request to limit discovery was "tantamount to the denial of qualified immunity" and an abuse of discretion. *Id.*

Defendants argue that *Asante-Chioke* requires district courts to limit discovery to qualified immunity in every case, no matter how late in the process such a request is made or the induvial circumstances of the qualified immunity defense. Defendants argue that the discovery Plaintiff seeks from the Houston Police Department (HPD), which includes HPD policies and manuals, other injury and use-of-force reports against the Defendant officers, and internal investigations into use of excessive force, racial bias or discrimination, or fabrication of evidence by any of the Defendant officers are irrelevant to qualified immunity and therefore not discoverable until after a ruling on qualified immunity at the summary judgment stage (if then).

The Court does not read *Asante-Chioke* so broadly. As Plaintiff points out, this case is distinct from *Asante-Chioke* in several ways. First, the *Asante-Chioke* defendants did not appeal the denial of their motion to dismiss on qualified immunity grounds, whereas in this case, Defendants appealed this Court's denial of qualified immunity in April of 2024. Second, the *Asante-Chioke* defendants moved for limited discovery immediately upon the denial of their motion to dismiss, whereas Defendants in this case waited more than a full year after the Fifth Circuit affirmed the denial of their motion to dismiss to raise their request to limit discovery to qualified immunity. At this point, discovery had been ongoing for months. Defendants also have not moved for summary judgment on qualified immunity in the year and a half since the Fifth Circuit dismissed their appeal, despite having repeatedly stated to the Court that all evidence they believe is necessary to determine qualified immunity has been produced. When questioned at the hearing about this timing, Defendants replied that they intended to move for summary judgment on the dispositive motions deadline—three months before trial. They indicated that discovery

3 / 8

could be reopened if the Court again denied qualified immunity, which they acknowledged would require further delay of trial and additional summary judgment motions.

Finally, Defendants have not pointed to a specific, disputed factual question on which qualified immunity turns. In *Asante-Chioke*, qualified immunity "turn[ed] on whether [the defendant] continued. . . firing shots at Asante-Chioke after he became incapacitated." 103 F.4th at 1131. Limited discovery was necessary because it would uncover "whether [the defendant] fired any shots; how many if so; and when, in relation to Asante-Chioke's actions and death." *Id*. In other words, the district court "could not rule on the immunity claim without this discovery." *Lion Boulos v. Wilson*, 834 F.2d 504, 509 (5th Cir. 1987). Here, by contrast, Defendants have not pointed to specific, disputed facts on which the qualified immunity defense turns. Instead, Defendants argue broadly that qualified immunity rests on "the objective reasonableness of the officers' actions during the specific encounter with Plaintiff." ECF No. 93 at 3 (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)). But this merely restates the *legal* test for claims of excessive force and false arrest—it does not dispute a specific *factual* allegation stated in Plaintiff's complaint.

The discovery Defendants object to in this case illustrates the problem with Defendants' argument as applied to this case. Even were the Court to limit discovery to the question of qualified immunity, the Court agrees with Plaintiff that the discovery he seeks *is* relevant to qualified immunity. Plaintiff alleges that he was stopped by police on the basis of his race, tackled, hogtied, and eventually arrested in violation of his Fourth Amendment rights. As Plaintiff points out, the Fifth Circuit has stated that an official's "[f]ailure to follow departmental policy makes actions more questionable, because it is questionable whether it is objectively unreasonable to violate such a departmental rule." *Cruz v. Cervantez*, 96 F.4th 806, 814 (5th Cir. 2024) (quoting *Rice v.*

*ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1133 (5th Cir. 2014)). *See also Hope v. Pelzer*, 536 U.S. 730, 731 (2002) (considering an Alabama Department of Corrections regulation in evaluating the reasonableness of force used by the Defendant prison guards). HPD policies related to arrests and use of force are therefore relevant to the fact-intensive inquiry into the objective reasonableness of Defendants' actions. The Court also agrees with Plaintiffs that prior reports and/or complaints against the Defendant officers for similar conduct are relevant to showing the absence of mistake—which goes to the reasonableness of Defendants' conduct, their knowledge of constitutional requirements, and their states of mind. The Court concludes that the discovery Plaintiff seeks is both relevant and proportional to the needs of the case.

In short, the Court declines to grant Defendants' eleventh-hour request to limit discovery to qualified immunity in a case where Defendants delayed making this request for more than a year after the denial of their motion to dismiss, have no intent to file an early motion for summary judgment on qualified immunity, have not identified specific factual disputes that need to be resolved, and are seeking to avoid discovery that in any case, the Court concludes is relevant to the qualified immunity analysis.

### III.    Motion to Quash

On January 22, Plaintiffs served a subpoena to the City of Houston requesting the following documents:

> (1) All records, communications, and materials (formal and informal) concerning 21 separate policy topics in use by the Houston Police Department on July 11, 2021; (2) Any and all reports regarding injuries to persons arrested by any of the Defendants throughout their entire tenure with HPD; (3) Any and all documents concerning use-of-force incidents conducted by or involving any Defendant from July 10, 2016 to the present; and (4) All documents pertaining to any administrative,

quasi-judicial, or other investigation into allegations of excessive force, racial bias/discrimination, or fabrication of evidence/reports involving any Defendant.

ECF No. 95, Ex. 2 (First Subpoena). Service was effected by certified mail. *Id*. Defendants moved to quash that subpoena on the basis that service by certified mail was improper. *See* ECF No. 76. Plaintiff served the subpoena again by personal service on March 13. ECF No. 95, Ex. 1 (Second Subpoena). The subpoena contained a deadline of March 26. *Id*.

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. Pro. 45(d)(3)(A)(i)-(iv).

The City of Houston seeks to quash the subpoena on the grounds that (1) the subpoena does not provide a reasonable time to comply, (2) the subpoena imposes undue burden on nonparty HPD, and (3) the subpoena is disproportionate and irrelevant.

The Court agrees with Plaintiff that fourteen days is a reasonable time for compliance— particularly where, as here, the City of Houston had actual notice of the documents sought beginning on January 22. *See Hossfeld v. Allstate Ins. Co.*, No. 4:24-MC-142, 2025 WL 2323918, at *3 (E.D. Tex. Aug. 12, 2025) ("[C]ourts throughout this Circuit have routinely held that fourteen days is a reasonable time period to respond to a subpoena.") (collecting cases). The Court likewise agrees with Plaintiff that the City has not met its burden to show a specific undue burden imposed by the subpoena. Plaintiff's requests are highly specific and could likely be satisfied by simple

keyword searches. For the reasons previously stated, the Court also agrees with Plaintiff that the requested documents are relevant and discoverable.[1]

The City additionally asserts privilege based on confidentiality provisions in the Texas Government Code. However, this Court previously rejected this argument. *See Carnaby v. City of Houston*, No. 4:08-cv-1366, 2008 WL 4546606, at *2-3 (S.D. Tex. Oct. 10, 2008) (Ellison, J.) (holding that Texas statutory privilege is not controlling in federal court). The Court declines to reconsider its prior decision on this question. There is a protective order in place in this case that is sufficient to ensure the protection of any confidential documents. The City's arguments about admissibility of the requested information under the Federal Rules of evidence are irrelevant at the discovery stage, because information need not be admissible to be discoverable.

## IV.    Conclusion

For these reasons, the Court **DENIES** Defendants' Motion to Limit Discovery to Qualified Immunity (ECF No. 93) and **DENIES** the City of Houston's Motion to Quash (ECF No. 92). The Court further ORDERS that the City of Houston comply with the subpoena within **FOURTEEN DAYS**.

**IT IS SO ORDERED.**

---

[1] HPD also argued at the hearing on this Motion that many of the requested HPD policies are available online, rendering a third-party subpoena inappropriate. But the Court is not persuaded. Plaintiffs have requested the specific policies that were operative at the time of the alleged incident, that is, July of 2021. Plaintiffs have no way of knowing whether the current policies are the same policies that were active at this time. Additionally, publicly available government policies may differ somewhat from the policy documents available to government employees, particularly when the policies address sensitive topics like use of force by police. Plaintiff is not required to assume that all the documents he seeks correspond to the documents that are available on the department's website.

Signed at Houston, Texas on June 26, 2026.

Keith P. Ellison
United States District Judge