**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ALBERTO RAMOS,<br><br>Plaintiff<br><br>v.<br><br>SCOTT IRWIN, JENNIFER GILBREATH, HALLIE SMITH, FREDRICK MORRISON, GINO DAGO,<br><br>Defendants. | Case No. 4:23-cv-2517<br><br>**JURY DEMAND** |

**PLAINTIFF ALBERTO RAMOS' MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS AND ALLOW THE PARTIES TO PROCEED WITH DISCOVERY**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... **2**
**INTRODUCTION** .......... **3**
**NATURE AND STAGE OF THE PROCEEDING** .......... **3**
**LEGAL STANDARD** .......... **6**
**ARGUMENT** .......... **8**
I. This Court's June 26, 2026, Order cannot be challenged on interlocutory appeal under the collateral order doctrine. .......... 8
A. The June 26, 2026, Order is not a denial of Defendants' qualified immunity defense, nor is it a declination or refusal to rule on the same. .......... 8
B. Unlike in *Asante-Chioke*, this Court was able to rule on Defendants' qualified immunity defense without further clarification of the facts, and Defendants have not argued otherwise. Accordingly, this Court's denial of Defendant's motion to limit discovery is not appealable under the collateral order doctrine. .......... 9
II. Certifying the appeal as frivolous, retaining jurisdiction, and allowing the parties to proceed with discovery is the most equitable and efficient path forward. .......... 10
**CONCLUSION** .......... **12**

## INTRODUCTION

Plaintiff Alberto Ramos ("Plaintiff" or "Mr. Ramos") moves for this Court to certify the interlocutory appeal filed by Defendants Scott Irwin, Jennifer Gilbreath, Hallie Smith, Fredrick Morrison, and Gino Dago (collectively, "Defendants") as frivolous and retain jurisdiction so the parties may proceed with discovery.

This Court's June 26, 2026, Order–which denies Defendants' eleventh-hour request to limit discovery to qualified immunity and mandates that HPD produce records this Court has already deemed relevant to qualified immunity–does not fall within the "small class" of interlocutory orders that the Fifth Circuit has jurisdiction to review. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

Although Defendants represent that the collateral order doctrine grants the Fifth Circuit jurisdiction to entertain their appeal, neither their cited authority, *Asante-Chioke v. Dowdle*, nor any other Fifth Circuit caselaw supports their position. 103 F. 4th 1126, 1129-31 (5th Cir. 2024). Because Defendants' appeal is based on a clear jurisdictional defect, this Court should certify it as frivolous and allow the parties to proceed with discovery. Such a ruling will prevent Defendants from further delaying this case. Justice requires that Mr. Ramos wait no longer.

## NATURE AND STAGE OF THE PROCEEDING

### I. Defendants appealed this Court's denial of qualified immunity over two years ago, and they were unsuccessful.

On July 10, 2021, Defendants falsely arrested, hogtied, and tackled Mr. Ramos.[1] On July 10, 2023, Mr. Ramos filed a Complaint against the Defendants under 42 U.S.C. § 1983 for violating his Fourth Amendment Rights to be free from unlawful arrest and excessive force. *See*

[1] This will be referred to throughout as the "Incident."

Doc. 1 ("Complaint"). Between September 27, 2023, and February 12, 2024, Defendants each filed motions to dismiss, wherein they sought qualified immunity. Defs.' Mots. to Dismiss, Dkt. Nos. 12, 16, 22, 29. Mr. Ramos opposed each motion. Pls.' Opp'ns to Mots. to Dismiss, Dkt. Nos. 20, 26, 30.

On March 19, 2024, this Court issued an Omnibus Order denying Defendants' bid for qualified immunity. Mem. & Order, Dkt. No. 35. On April 16, 2024, Defendants appealed the March 19, 2024, Order. Notice of Appeal, Dkt. No. 36. Approximately eight months after Defendants appealed, the United States Court of Appeals for the Fifth Circuit affirmed this Court's decision. J. No. 24-20164; Dec. 9, 2024.

Defendants have not moved for summary judgment on qualified immunity in the year and a half since, although they have repeatedly claimed that all evidence necessary to determine qualified immunity has been produced. *See* Defs.' Mot. to Limit Disc. to Qualified Immunity, Dkt. No. 93 at 4; Mem. & Order, Dkt. No. 107 at 3.

**II. Although Mr. Ramos filed suit three years ago, he is still missing basic discovery due to Defendants' repeated delays and obstruction.**

The parties submitted a Joint Discovery/Case Management Plan on May 2, 2025. *See* J. Disc./Case Management Plan, Dkt No. 49. Since then, Defendants have delayed this case at every turn.[2]

*A. Defendants delayed sending their initial disclosures.*

Counsel for both parties indicated that they would make initial disclosures on or before May 15, 2025. *Id.* at 2. Instead of sending documents on the agreed-upon deadline, Defendants

[2] In addition to the delays outlined below, Defendants also forced Plaintiff to litigate whether an order governing electronic discovery should be entered in the case. Pl.'s Reply in Sup. of Mot. for Entry of Order Regarding the Production of ESI, Dkt. No. 73 at 2.

withheld certain records pending entry of a Confidentiality and Protective Order: a concern they chose not to raise with Plaintiff until their disclosure deadline. *See* Defs.' Opp. Mot. for Confid. and Protective Order, Dkt No. 52. This delayed the case for over a month. Defendants did not send their remaining initial disclosures until this Court rejected their proposed Protective Order[3] on June 17, 2025.

*B. For the past year, Defendants have refused to produce records critical to Mr. Ramos' case, forcing repeated court intervention and bringing the case to a halt.*

On July 18, 2025, Plaintiff sent written discovery requests to Defendants due on August 25, 2025. Despite three virtual meet and confers[4] at Plaintiff's request, and a hearing on Plaintiff's Motion to Compel, Defendants have refused to produce the following records: (1) HPD policies and training materials in effect at the time of the Incident; (2) records regarding injuries to arrestees caused by the Defendants; (3) records concerning use of force incidents involving the Defendants; and (4) records related to investigations of the Defendants for racial bias, excessive force, discrimination, and evidence fabrication (the "requested records").

In November 2025, four months after Plaintiff served his Requests for Production, Defendants asserted that the requested records were outside of their possession, custody, and control. Plaintiff then subpoenaed the Houston Police Department ("HPD") for them. On January 28, 2026, the deadline for HPD's response, Defendants filed a Motion to Quash Plaintiff's Subpoena to HPD. Defs.' Mot. to Quash Pl.'s Subpoena, Dkt No. 76.

---

[3] *See* Confid. and Protective Order, Dkt. No. 61.

[4] During the parties' initial meet and confer on October 7, 2025, Defendants' Counsel represented that he would provide supplementations to cure each of the deficient responses to Plaintiff's RFPs, with the exception of Plaintiff's RFP Nos. 27 and 28 (tax returns and net worth information); and (2) that he was *only* withholding responses to Plaintiff's RFP Nos. 27 and 28 based on the objections made in his initial responses to Plaintiff's RFPs on August 25, 2025. Plaintiff's Counsel expected Defendants' Counsel to cure all other deficiencies in line with his word. He did not, which necessitated additional meet and confers.

On March 13, 2026, Plaintiff re-served the subpoena on HPD for the requested records. Non-party City of Houston waited until March 26, 2026, the deadline for its response, to file a Motion to Quash. Non-party City of Houston's Mot. to Quash Pl.'s Subpoena, Dkt No. 92. On that same day, and long after discovery opened in this case, Defendants filed a Motion to Limit Discovery to Qualified Immunity, for Protective Order Under Federal Rule of Civil Procedure 26(c), and (again) to Quash Plaintiff's Subpoena ("Motion to Limit Discovery to Qualified Immunity"). Defs.' Mot. to Limit Disc. to Qualified Immunity, Dkt. No. 93.

Because the requested records were not–***and still have not been***–produced, Plaintiff has been forced to cancel each of the Defendants' scheduled depositions. Additionally, Plaintiff's expert witness advised that it is not possible to prepare a comprehensive expert report without the requested records. On these bases, Plaintiff was forced to seek a stay of all deadlines until the discovery disputes were resolved. Pl.'s Mot. to Stay All Deadlines, Dkt. No. 104.

## III. Now, Defendants are appealing this Court's June 26, 2026, Order, which resolved the ongoing discovery disputes.

On June 26, 2026, this Court issued a written order resolving the ongoing discovery disputes by denying Defendants' Motion to Limit Discovery to Qualified Immunity and Non-party City of Houston's Mot. to Quash. *See* Dkt. 107, Memo. & Order. Further, this Court ordered HPD to produce the requested records within fourteen days. *Id.*

Shortly before HPD's production deadline, Defendants appealed this Court's Order. Notice of Appeal, Dkt. No. 108. Since then, Defendants and Non-party City of Houston have filed motions to stay discovery pending the interlocutory appeal. Defs.' Mot. to Stay, Dkt. No. 110; Non-Party City of Houston's Notice of Joinder in Defs.' Mot. to Stay, Dkt. No. 111. On July 9, 2026, this Court temporarily stayed discovery pending resolution of these motions. Order, Dkt. No. 112.

**LEGAL STANDARD**

"[J]urisdiction is always first." *Carswell v. Camp,* 54 F.4th 307, 310 (5th Cir. 2022) (quoting *Arulnanthy v. Garland,* 17 F.4th 586, 592 (5th Cir. 2021)). Under 28 U.S.C. § 1291, the Fifth Circuit has jurisdiction to review "final decisions" of the district courts. *Lion Boulos v. Wilson,* 834 F.2d 504, 506 (5th Cir. 1987); *Backe v. LeBlanc,* 691 F.3d 645, 647 (5th Cir. 2012). The Fifth Circuit "generally lacks jurisdiction to entertain interlocutory appeals taken from district court discovery orders because such orders are nonfinal and therefore not immediately appealable." *Zapata v. Melson,* 750 F.3d 481, 484 (5th Cir. 2014); *Mohawk Indus., Inc. v. Carpenter,* 558 U.S. 100, 112–13 (2009). However, 28 U.S.C. § 1291 grants the Fifth Circuit authority to "review a 'small class' of collateral orders traditionally considered non-final." *Hinojosa v. Livingston*, 807 F.3d 657, 663 (5th Cir. 2015) (quoting *Cohen,* 337 U.S. at 546).

The collateral order doctrine grants the Fifth Circuit jurisdiction to review certain orders related to qualified immunity: First, the appellate court may review orders denying a qualified immunity defense asserted in a motion to dismiss or for summary judgment. *Carswell*, 54 F.4th at 310. Second, the collateral order doctrine grants the Fifth Circuit jurisdiction to review orders "declin[ing] or refus[ing] to rule on a motion to dismiss based on a government officer's defense of qualified immunity." *Zapata,* 750 F.3d at 484. Finally, the collateral order doctrine grants the Fifth Circuit jurisdiction to intervene when the district court is "unable to rule on the immunity defense without further clarification of the facts," yet issues a discovery order that exceeds the requisite "narrowly tailored scope to uncover only those facts needed to rule on the immunity claim." *Asante-Chioke*, 103 F. 4th at 1129, 1131 (quoting *Zapata,* 750 F.3d at 485; *Lion Boulos,* 834 F.2d at 506).

Because the Fifth Circuit's jurisdiction is limited, divestment of the district court's jurisdiction while an interlocutory appeal is pending "is neither automatic nor absolute." *Saenz v. Flores*, 2018 WL 3603111, at *1 (W.D. Tex. June 5, 2018). Instead, a district court "may exercise its discretion to proceed to trial despite an interlocutory appeal . . . where an appeal is *frivolous* or *used to manipulate proceedings*." *Id.* (emphasis added).

**ARGUMENT**

**I. This Court's June 26, 2026, Order cannot be challenged on interlocutory appeal under the collateral order doctrine.**

Defendants erroneously claim that this Court's denial of their Motion to Limit Discovery to Qualified Immunity and non-party City of Houston's Motion to Quash Plaintiff's Subpoena is appealable under the collateral order doctrine. Notice of Appeal, Dkt. No. 108, at 1 (citing 28 U.S.C. § 1291; *Asante-Chioke v. Dowdle*, 103 F. 4th 1126, 1129-31 (5th Cir. 2024)). In reality, this Court's June 26, 2026, Order is not one of the select few the Fifth Circuit has jurisdiction to review. *See Hinojosa*, 807 F.3d at 663; *Zapata,* 750 F.3d at 485; *Asante-Chioke*, 103 F. 4th at 1129.

*A. The June 26, 2026, Order is not a denial of Defendants' qualified immunity defense, nor is it a declination or refusal to rule on the same.*

This Court's June 26, 2026, Order is not a denial of qualified immunity that can be appealed under *Carswell,* nor is it a refusal to rule on a motion to dismiss based on a qualified immunity defense that can be appealed under *Zapata*. 54 F.4th at 310; 750 F.3d at 484.

This Court denied the Defendants' qualified immunity defense in its ruling on their motions to dismiss over two years ago. Mem. & Order, Dkt. No. 35 at 11-19. At that time, Defendants properly appealed–yet they were unsuccessful. *Carswell,* 54 F.4th at 310; J. No. 24-20164; Dec.

9, 2024. Since then, Defendants have not re-asserted their qualified immunity defense in a motion for summary judgment, so this Court has had no opportunity to grant or deny it.

Because Defendants' instant appeal does not ask the Fifth Circuit to review a denial or refusal to rule on qualified immunity, it does not fall within the ambit of the collateral order doctrine.

*B. Unlike in Asante-Chioke, this Court was able to rule on Defendants' qualified immunity defense without further clarification of the facts, and Defendants have not argued otherwise. Accordingly, this Court's denial of Defendant's Motion to Limit Discovery is not appealable under the collateral order doctrine.*

As demonstrated by *Asante-Chioke,* the collateral order doctrine also applies when a court is "unable to rule on the immunity defense without further clarification of the facts," but nonetheless allows discovery beyond the scope of qualified immunity to proceed. 103 F. 4th at 1129, 1131 (quoting *Zapata,* 750 F.3d at 485; *Lion Boulos,* 834 F.2d at 506).

In *Asante-Chioke*, Defendants moved for limited discovery alongside their motion to dismiss, identifying specific factual gaps that would inhibit the Court's qualified immunity analysis. *Id.* at 1127, 1131. Despite it being unclear whether one of the named defendants "fired any shots; how many if so; and when, in relation to [Mr.] Asante-Chioke's death," all of which were relevant to his qualified immunity defense, the district court found that limiting discovery to uncover these facts was "not necessary." *Id.*

The Fifth Circuit explained that, under these circumstances, the collateral order doctrine applied because the district court failed to narrowly tailor the scope of discovery to what was necessary to resolve the material factual gaps the defendants had identified. *Id.* at 1131-32. The Fifth Circuit mandated limited discovery to uncover only the "discernable" information necessary for the lower court to issue a ruling on qualified immunity. *Id.* at 1131.

As this Court's June 26, 2026, Order recognized, this case is procedurally and factually distinct from *Asante-Chioke*, and the collateral order doctrine does not apply. Mem. & Order, Dkt. No. 107 (citing 103 F.4th at 1131). After reviewing the record in full, neither this Court nor the Fifth Circuit found factual gaps in Plaintiff's Complaint that needed to be filled before Defendants' qualified immunity defense could be evaluated. *Comp. Asante-Chioke,* 103 F. 4th at 1128-31 *with* Mem. & Order, Dkt. No. 35 and J. No. 24-20164; Dec. 9, 2024. Further, Defendants have conceded the same. Dkt. 107, Memo. & Order at 4 ("Here, by contrast, Defendants have not pointed to specific, disputed facts on which the qualified immunity defense turns."). When asked to name specific, disputed facts warranting limited discovery during the April 23, 2026, hearing, Defendants could not do so, and they have failed to do so since. Accordingly, no narrowly tailored discovery order is warranted here and the collateral order doctrine does not apply. *See Asante-Chioke,* 103 F. 4th at 1129-32. Defendants' appeal is frivolous.

## II. Certifying the appeal as frivolous, retaining jurisdiction, and allowing the parties to proceed with discovery is the most equitable and efficient path forward.

Judicial economy demands that this Court certify to the Fifth Circuit that Defendants' interlocutory appeal is frivolous and allow the parties to proceed with discovery rather than relinquish jurisdiction. *Ramos v. Taylor,* No. 1:20-CV-1256-RP, 2026 WL 300777, at *2 (W.D. Tex. Jan. 29, 2026) (quoting *BancPass, Inc. v. Highway Toll Admin., L.L.C,* 863 F.3d 391, 398 (5th Cir. 2017)); *see also Puderer v. Cain*, 830 Fed. App'x 458, 459 (5th Cir. 2020) ("[I]n the interest of judicial economy, the appeal is DISMISSED as frivolous."); *United States v. Givens,* 786 Fed. App'x 504 (5th Cir. 2019) (finding that it was "in the interests of judicial economy" to dismiss the frivolous appeal of the district court's order).

The Fifth Circuit regularly dismisses interlocutory appeals on issues that it does not have jurisdiction to review, which is the likely outcome here. *See, e.g*, *Brock v. Walden University*,

L.L.C, No. 23-30689, 2024 WL 1694806 (5th Cir. 2024) (dismissing appeal of an interlocutory order in a discrimination lawsuit for lack of jurisdiction); *La Tierra Interiors, Inc. v. Wash. Fed. Savings* (*In re Tullis*), 500 Fed. Appx. 286, 290 (5th Cir. 2012) (dismissing appeal of the lower court's discovery order because it was not reviewable under the collateral order doctrine); *SEC v. Barton,* No. 25-10871, slip op. at 1 (5th Cir. May 18, 2026) ("Because Barton has not established appellate jurisdiction, we dismiss his interlocutory appeal and do not reach the merits"); *Allen v. Okam Holdings, Inc.,* 116 F.3d 153 (5th Cir. 1997) (dismissing appeal and explaining that "interlocutory appeals are generally disfavored").

Permitting the parties to proceed with discovery is the most efficient option because it avoids an unnecessary delay. Waiting until after the Fifth Circuit addresses Defendants' appeal to proceed with discovery will add months, or even years, of additional litigation and resource expenditure to this case, which will materially prejudice Mr. Ramos. *See Saenz,* 2018 WL 3603111, at *4 (discussing prospect of delay from frivolous appeal). There is no basis or benefit for such delay.

Further delay will only increase the likelihood that "witnesses become unavailable, memories of conversations and dates fade," and parties "los[e] or destroy" documents. *Alcala v. Tex. Webb Cnty.,* 625 F. Supp. 2d 391, 405 (2009). Here, Defendants are public officers who interact with thousands of civilians annually. Mr. Ramos deserves the opportunity to conduct discovery while Defendants still remember the Incident.

The unfairness and prejudice inherent in Defendants' conduct is compounded by the fact that Defendants have already appealed once and lost. *Saenz*, 2018 WL 3603111, at *2 (holding, in civil rights case involving qualified immunity defense, that "[a] single pretrial appeal is a sound accommodation of competing interests, multiple appeals are not.").

District courts are permitted to certify interlocutory appeals as frivolous to prevent precisely the type of disruption and gamesmanship Defendants have engaged in here. *See, e.g.*, *BancPass*, 863 F.3d at 399. Defendants appeal now not because this Court's June 26, 2026, Order was erroneous, but because it is another means of delaying discovery, withholding records, and stalling the case. Mr. Ramos urges this Court to exercise its discretion and intervene. As time passes, his ability to litigate his case weakens.

## CONCLUSION

Mr. Ramos was falsely arrested, tackled, and hogtied five years ago. He deserves the opportunity to litigate his case and vindicate his rights without further delay. *Saenz*, 2018 WL 3603111 at *2 ("Although it is important to protect public officials from frivolous claims and burdens of trials, it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due.").

Mr. Ramos respectfully requests that this Court certify Defendants' interlocutory appeal as frivolous by issuing a written certification and making an express finding of frivolousness. *See BancPass,* 863 F.3d at 400. Mr. Ramos also requests that this Court retain jurisdiction so that the parties may proceed in the discovery process. Finally, if and when this Motion is granted, Mr. Ramos requests that this Court order HPD to produce responses to Plaintiff's subpoena immediately.

Respectfully submitted this 22nd day of July, 2026.

/s/ Destiny Planter
Destiny Planter *(pro hac vice)*
Washington, D.C. Bar No. 1780910
destiny@peoplescounsel.org
Brittany Francis* (Texas Bar No. 24141616; S.D. Tex. Bar No. 3837908)
brittany@peoplescounsel.org
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
Caitlin Halpern (Texas Bar No. 24116474; S.D. Tex. Bar No. 3454643)
caitlin.halpern@gmail.com
4416 Bell Street
Houston, TX 77023
Telephone: (571) 215-2002
*Attorney-in-Charge
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

/s/ Destiny Planter

## CERTIFICATE OF CONFERENCE

On July 13, 2026, Plaintiff's counsel emailed Alexander Garcia, counsel for Defendants, to request his position on the Motion. On July 14, 2026, Defendants' Counsel responded and indicated that the Defendants oppose the relief requested.

/s/ Destiny Planter

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ALBERTO RAMOS,

Plaintiff

v.

SCOTT IRWIN, JENNIFER GILBREATH, HALLIE SMITH, FREDRICK MORRISON, GINO DAGO,

Defendants.

Case No. 4:23-cv-2517

**JURY DEMAND**

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to Certify Defendants' Interlocutory Appeal as Frivolous and Allow the Parties to Proceed with Discovery, Defendants' Opposition thereto, if any, and Plaintiff's Reply, if any, the Court finds good cause for granting Plaintiff's Motion.

It is **ORDERED** that Plaintiff's Motion is **GRANTED**;

It is further **ORDERED** that the Defendants' appeal is **CERTIFIED AS FRIVOLOUS**;

It is further **ORDERED** that the parties are **SHALL PROCEED** with discovery; and

It is further **ORDERED** that the City of Houston **SHALL COMPLY** with the subpoena **IMMEDIATELY.**

**IT IS SO ORDERED**.

Dated: ________________

______________________________

THE HONORABLE KEITH P. ELLISON

United States District Judge