**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALBERTO RAMOS,**<br>***Plaintiff*** | §<br>§<br>§ | |
| **v.** | § | **Civil Action No.: 4:23-cv-02517** |
| | § | |
| **SCOTT ERWIN; JENNIFER GILBREATH; HALLIE SMITH; FREDERICK MORRISON; and GINO DAGO,**<br>***Defendants*.** | §<br>§<br>§<br>§ | |

**<u>DEFENDANTS' RESPONSE IN OPPOSTION TO PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff asks this Court to certify that Defendants' pending interlocutory appeal (No. 26-20367) is frivolous so that discovery may resume while the appeal is heard. Certification is a permissive device that the Fifth Circuit has instructed district courts to use with restraint, and it reaches only an appeal so baseless that nothing can be said in its support. Defendants' appeal is not such an appeal. It is an appeal that published Fifth Circuit precedent expressly authorizes, presenting the legal question whether officers who have asserted qualified immunity may be subjected to this discovery before the required threshold determinations are made. That the appeal may or may not fail is not the question. Certification asks whether anything can be said in its support, and Plaintiff's motion never contends that nothing can. The motion should be denied.

## <u>BACKGROUND</u>

On June 26, 2026, this Court denied Defendants' Motion to Limit Discovery to Qualified Immunity (Doc. 93) and denied non-party City of Houston's Motion to Quash Plaintiff's subpoena duces tecum (Doc. 92). On July 1, 2026, Defendants noticed an interlocutory appeal from the denial of their motion to limit discovery. (Doc. 108.) On July 6, 2026, Defendants moved to stay

discovery pending that appeal, and the City joined and pressed independent grounds (Doc. 111). On July 9, 2026, this Court temporarily stayed discovery pending resolution of the stay motion. (Doc. 112.) Plaintiff filed the present motion on July 22, 2026. (Doc. 118.)

**LEGAL STANDARD**

A notice of interlocutory appeal divests the district court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Where the appeal rests on qualified immunity, that rule applies with particular force, because the entitlement at stake is an immunity from suit and its burdens, including broad-reaching discovery, that is effectively lost if litigation proceeds below. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993). Once an appeal is filed, "the district court is divested of its jurisdiction to proceed against that defendant." *Carty v. Rodriguez*, 211 F. App'x 292, 293 (5th Cir. 2006) (per curiam) (citing *Williams*, 996 F.2d at 729-30).

A narrow exception permits a district court to certify that such an appeal is frivolous or dilatory and thereby retain jurisdiction. *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 398-400 (5th Cir. 2017). The rule "is a permissive one: the district court *may* keep jurisdiction, but is not required to do so," and "[s]uch a power must be used with restraint." *Id.* at 400 (emphasis in original) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). The standard is not whether the appeal will fail but whether anything can be said for it. Certification is warranted where the disposition below "is so plainly correct that nothing can be said on the other side." *Apostol*, 870 F.2d at 1339 (quoted in *BancPass*, 863 F.3d at 399). An appeal is therefore not certifiable merely because the district court, having ruled, expects to be affirmed: appellate jurisdiction is "determined by focusing upon the category of order appealed from, rather than upon

the strength of the grounds for reversing the order." *Behrens v. Pelletier*, 516 U.S. 299, 311 (1996) (quoted in *BancPass*, 863 F.3d at 398).

The Fifth Circuit requires an express finding of frivolousness or forfeiture and will not infer one from an order criticizing an appellant's litigation tactics. *BancPass*, 863 F.3d at 400-01. Absent a certification meeting that description, divestiture is automatic. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (quoted in *BancPass*, 863 F.3d at 401 n.2).

## ARGUMENT

Plaintiff's motion does not state the standard it must satisfy. Its Legal Standard section describes the collateral order doctrine and the boundaries of appellate jurisdiction; the certification inquiry receives two sentences resting on a single district-court decision from another division. (Doc. 118 at 7-8.) Absent are the propositions that govern it: that the power is permissive, that it must be used with restraint, and that it reaches only a disposition so plainly correct that nothing can be said on the other side. *BancPass*, 863 F.3d at 399-400; *Apostol*, 870 F.2d at 1339. Plaintiff cites *BancPass* three times and never for its standard. (Doc. 118 at 10, 12.)

The motion's theory is that the appeal is frivolous because the Fifth Circuit lacks jurisdiction over it. (Doc. 118 at 3, 8-10.) That equates two distinct inquiries. Whether the court of appeals has jurisdiction is a question for the court of appeals, raised by a motion to dismiss the appeal and answered by dismissal of it. Whether an appeal is frivolous is a question this Court reaches only in deciding whether to retain its own jurisdiction and answering it does not dispose of the appeal. *BancPass*, 863 F.3d at 401 n.3. The appellate decisions Plaintiff cites belong to the first category, and each is a court of appeals dismissing an appeal pending before it. (Doc. 118 at 10-11.) None is a district court certifying an appeal as frivolous. Nor do any of the decisions apply the standard Plaintiff invokes. *Puderer* dismissed an untimely appeal, and it does not address a district court's power to retain jurisdiction over a case on appeal.

The conflation is visible in the motion's own structure. Plaintiff argues at length that the June 26 Order does not fall within the collateral order doctrine. (Doc. 118 at 8-10.) It then concludes, in a single sentence and without further reasoning, that "Defendants' appeal is frivolous." (*Id.* at 10.) The second proposition does not follow from the first. An appeal may present a genuine question of appellate jurisdiction and still lose on it, which is an ordinary appeal, not a frivolous one. Certification, however, requires that the disposition below be so plainly correct that nothing can be said on the other side. *Apostol*, 870 F.2d at 1339 (quoted in *BancPass*, 863 F.3d at 399). Plaintiff's motion never contends that nothing can be said for this appeal and never addresses the restraint *BancPass* requires. A motion that does not engage the standard cannot satisfy it.

Plaintiff argues for certification by citing *Ramos v. Taylor*, an unrelated action, for the proposition that judicial economy demands certification and retention of jurisdiction. (Doc. 118 at 10.) The quoted language is that court's recitation of the *BancPass* rule in its statement of the standard. The sentences immediately following state that the rule is permissive and must be used with restraint, and the court denied the motion to certify. No. 1:20-CV-1256-RP, 2026 WL 300777, at *2 (W.D. Tex. Jan. 29, 2026).

**A. The appeal cannot be frivolous as published Fifth Circuit precedent expressly authorizes it.**

Defendants appealed this Court's denial of their motion to limit discovery to qualified immunity. The Fifth Circuit has explicitly held that class of order, an order refusing to limit discovery to the qualified-immunity question, is immediately appealable under the collateral-order doctrine because it is tantamount to a denial of qualified immunity. *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1128-31 (5th Cir. 2024). Defendants appealed the same category of order *Asante-*

*Chioke* holds appealable. An appeal supported by published circuit precedent is not one for which nothing can be said.

Nor can Plaintiff defeat appealability by recasting the appeal as a dispute about particular documents. Appellate jurisdiction is determined by the category of order appealed from, not by the strength of the grounds for reversing it. *Behrens*, 516 U.S. at 311. The question Defendants present is whether the June 26 Order comports with the procedure this Circuit requires and whether the discovery it permits exceeds the narrow tailoring *Lion Boulos* and its progeny allow. That question is answered by applying a legal standard, not by resolving any disputed facts.

Moreover, a previous appeal would not render this one frivolous. The Supreme Court has squarely held that an official may assert qualified immunity at successive stages of the same case and appeal an adverse ruling at each, because the legally relevant factors differ at each stage. *Behrens*, 516 U.S. at 306-10. Plaintiff's contrary authority is a single sentence in *Saenz v. Flores* as holding "[a] single pretrial appeal is a sound accommodation of competing interests, multiple appeals are not." (Doc. 118 at 11.) That sentence is not a holding of *Saenz*. It appears there inside a block quotation from *Abel v. Miller*, 904 F.2d 394, 396 (7th Cir. 1990), a decision of the Seventh Circuit. *Saenz*, No. EP-14-CV-244-PRM, 2018 WL 3603111, at *2 (W.D. Tex. June 5, 2018). The proposition Plaintiff states is the one-appeal rule, and *Behrens* rejected that rule six years after *Abel* was decided. In all events, Defendants' present appeal is not a second appeal of the same ruling. The first challenged the denial of a Rule 12(b)(6) motion and this appeal challenges a discovery order which is a different category of order at a different stage.

**B. The appeal presents substantial legal questions.**

Defendants asserted qualified immunity in their Rule 12(b)(6) motions and have preserved it at every stage since. What remains is the defense as it will be resolved on summary judgment.

And the appeal does not assert an immunity no reasonable official could claim. It presents a legal question about what *Lion Boulos*, *Backe*, *Zapata*, *Carswell, and Asante-Chioke* permit and forbid by way of discovery against officials who have invoked the defense of qualified immunity.

Plaintiff's motion reads *Asante-Chioke* to mean that the discovery protections of qualified immunity apply only where the court has identified specific factual gaps it needs filled, and that because the June 26 Order found no such gaps, discovery may proceed without limit. (Doc. 118 at 9-10.) That inverts the framework. *Asante-Chioke* states the rule in the opposite order: a party asserting the defense of qualified immunity "is immune from discovery that is avoidable or overly broad," and it is when the district court is "unable to rule on the immunity defense without further clarification of the facts" and the discovery order is "narrowly tailored to uncover those facts needed to rule on the immunity claim" that an order permitting discovery becomes "neither avoidable nor overly broad." 103 F.4th at 1131 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)). Immunity from avoidable discovery is the baseline and narrowly tailored discovery is the exception. If no further facts are needed to rule on the defense, the consequence is not unlimited discovery but no discovery.

Plaintiff's reading also closes a route this Circuit has expressly left open. *Carswell* describes two courses available to a defendant whose motion to dismiss has been denied: immediate appeal under the collateral order doctrine, or a motion for discovery limited to the factual disputes relevant to qualified immunity, followed by reassertion of the defense on summary judgment. *Carswell*, 54 F.4th at 312. Defendants took the first course and the second is what remains. On Plaintiff's reading it is unavailable, because a court that states it requires no further facts must deny the very motion that course begins with. Nothing in *Carswell* suggests the two courses are alternatives that expire upon the first use, and the Supreme Court holds that an official

may assert the defense at successive stages of the same case. *Behrens* 516 U.S. at 306-10.

Plaintiff's own account of what the records are for points the same way. The motion states that his expert cannot prepare a comprehensive report without them. (Doc. 118 at 6.) A comprehensive expert report is a merits undertaking. It is not what a court requires in order to decide whether a reasonable officer would have understood the conduct alleged to be unlawful. Experts cannot offer testimony regarding what law governs a dispute or what the applicable law means, because that is a function of the Court. *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997). “Allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.” *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Moreover, nothing in the June 26 order conditions a defendant's immunity from avoidable discovery on the promptness with which limitation is sought.

Further, having declined to limit discovery, the Court concluded that the discovery Plaintiff seeks "is both relevant and proportional to the needs of the case." (Doc. 107 at 5.) That is the standard of Federal Rule of Civil Procedure 26(b)(1). The standard this Circuit applies to discovery against officials asserting qualified immunity is different. The discovery allowed must be "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Zapata*, 750 F.3d at 485 (quoting *Backe*, 691 F.3d at 648). Whether a determination of relevance and proportionality under Rule 26 satisfies *Lion Boulos* and its progeny is a legal question, and it is among the questions Defendants' appeal presents.

The subpoena's own terms show how far it reaches beyond any immunity question. It contains four requests. The first commands production of every policy, protocol, custom, or practice in use on July 11, 2021, across twenty-one different subject areas in a case with no municipal-liability claim and no municipal defendant. The second demands every report of injury

to any person arrested by any of the five Defendants "throughout his/her tenure" without temporal limit. The third reaches a decade of use-of-force documentation. The fourth demands all records of any investigation into allegations of excessive force, racial bias, discrimination, or fabrication of evidence as to each Defendant, again without temporal limit. Whether an immunity claimant may be required to submit to that before the threshold defense is resolved is not a question about which nothing can be said.

Another court of this District recently reached the opposite conclusion on the same question. Six weeks before the June 26 Order, Judge Hanen faced this posture in different case brought by Plaintiff's counsel against different Houston police officers. It was another case with no *Monell* claim, no municipal defendant, a broad subpoena to the Houston Police Department, and a defense motion to limit discovery to qualified immunity. That court granted the motions to quash in their entirety, finding Plaintiff's requests so far-reaching that the phrase "fishing expedition" did not do them justice and so beyond any limit justified by the pleadings that the subpoena could not be reformed, and it granted the defendants' motion to limit discovery to qualified immunity. *McWashington v. Rodgers*, No. 4:24-cv-02153, Doc. 95 (S.D. Tex. May 14, 2026) (Hanen, J.).[1] When two courts of the same District, weeks apart, reach opposite conclusions on the same type of overbroad subpoena served by the same counsel under the same qualified-immunity framework, an appeal presenting such a question cannot be a sham.

The district-court decision on which Plaintiff relies further confirm the distance between this case and a certifiable appeal. In *Saenz*, the court certified where the officer had raised qualified immunity by motion to dismiss, lost, appealed, and been affirmed, and then moved for summary judgment one month before trial on a factual record the court found "has not substantially

[1] See Exhibit A, Order in *McWashington v. Rodgers*.

changed." In *Saenz* videotape evidence showed the officer firing his service weapon "at a handcuffed man, nearly naked, bleeding from his head, and lying prostrate in a loading dock" and the officer "offered no cases suggesting that a shooting under these circumstances does not amount to a constitutional deprivation." *Saenz* 2018 WL 3603111, at *3. The certification there also rested on a record the court had already reviewed. Uncontested video was before it, which is why it could say that a contrary conclusion "borders absurdity." *Id.* This Court has had no comparable occasion. It has ruled on the pleadings, where Plaintiff's allegations are assumed true, and the immunity defense has never been tested against any evidence. A court cannot find that nothing can be said against a disposition when the record bearing on it has not been developed. Every feature that drove that result is absent here. Defendants' appeal is from a different order at a different stage, presenting a discovery question this Court has not previously decided in this case, supported by published circuit authority, with no trial setting in place and pretrial deadlines suspended at Plaintiff's own request. (Doc. 104.)

Courts in this Circuit applying *BancPass* have declined to certify on showings weaker than Defendants make here. In *Ambler v. Nissen*, the court refused to certify because the officer "identified non-frivolous legal conclusions that he intends to appeal," expressly distinguishing *Saenz* on the ground that the officer there had offered no supporting authority while Nissen had briefed the issue and cited cases and holding that on such a record "it would be erroneous to maintain jurisdiction." *Ambler v. Nissen*, 2023 WL 7002066, at *3. And in *Ramos v. Taylor*, the court denied certification "in light of the Fifth Circuit's instruction to use 'restraint.'" *Ramos v. Taylor*, 2026 WL 300777, at *2. Defendants' position is stronger than either case. They preserved and pressed immunity at every stage, and the order they challenge is one the Fifth Circuit has held immediately appealable.

**C. The appeal was not taken for delay.**

Certification requires a finding that the appeal is frivolous or that it is being used as an instrument of delay. *BancPass*, 863 F.3d at 400. The chronology of the appeal demonstrates no such finding. Plaintiff first served a subpoena duces tecum on the Houston Police Department on January 22, 2026, and Defendants moved to quash. (Doc. 76.) On March 11, 2026, the Court denied that motion without prejudice, along with Plaintiff's own motion to compel and Defendants' motion to compel, ordered the parties to confer within fourteen days, and provided that the parties "may renew their motions after that date." (Doc. 88) Plaintiff's chronology omits that order. Plaintiff re-served the subpoena by personal service on March 13, 2026, commanding the non-party City of Houston to produce, among other things, internal-affairs investigations, disciplinary histories, and use-of-force records concerning the five Defendants reaching back to 2016. The City had moved to quash (Doc. 92) and Defendants had moved to quash and to limit discovery to qualified immunity (Doc. 93). Those were the renewals this Court's March 11 Order invited. Plaintiff twice describes filings made on response deadlines as delay (Doc. 118 at 5-6). Motions filed within the time the rules allow are timely. Plaintiff's subpoena was the most aggressive instance of discovery exceeding what the qualified-immunity framework permits, and it is what made a limitation order necessary. Before Plaintiff sought that discovery, there was nothing to limit and nothing to appeal.

Defendants' conduct of the appeal itself has been prompt at every step. This Court entered its Order on June 26, 2026 (Doc. 107); Defendants noticed their appeal five days later, on July 1, 2026 (Doc. 108); and they moved to stay discovery five days after that, on July 6, 2026 (Doc. 110). A party pursuing delay does not move in five days. The contrast with *BancPass* is instructive: there the appellant withheld its immunity defense until summary judgment and announced its

appeal two days before docket call, and the Fifth Circuit still declined to treat the district court's written criticism of that conduct as a certification and decided the appeal on the merits. *BancPass* 863 F.3d at 400-01. The record cannot support the finding that the appeal from its denial was taken for purposes of delay.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion to Certify Defendants' Appeal as Frivolous, maintain the stay of discovery pending resolution of the Motion to Stay (Doc. 110), and grant such further relief to which Defendants may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By: */s/ Alexander Garcia*

Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Alexander Garcia*
Alexander Garcia