United States District Court
Southern District of Texas
**ENTERED**
August 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALBERTO RAMOS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23-CV-02517** |
| | § | |
| **SCOTT ERWIN, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court are Defendants' Motion to Stay Discovery Pending Interlocutory Appeal (ECF No. 110) and Plaintiff's Motion to Certify Appeal as Frivolous and Allow Parties to Proceed with Discovery (ECF No. 118). The Court heard argument on the Motions on August 11, 2026. The Court now **GRANTS** Defendants' Motion to Stay and **DENIES** Plaintiff's Motion to Certify Appeal as Frivolous.

The Court is sympathetic to Plaintiff's position and the prejudice to Plaintiff in further delaying a case that has already been delayed by more than three years—in part through Defendants' prior appeal of the denial of qualified immunity at the Motion to Dismiss stage. The Court also agrees with Plaintiff that the Fifth Circuit may well find that it lacks jurisdiction to hear Defendants' appeal because this Court's order denying Defendants' Motion to Limit Discovery to Qualified Immunity does not fall within the "small class of collateral orders" that are immediately appealable. *Hinojosa v. Livingston*, 807 F.3d 657, 663 (5th Cir. 2015) (internal quotation marks omitted). But the Court cannot agree that this result is so likely as to render Defendants' appeal so baseless such that "nothing can be said" for Defendants' position. *BancPass, Inc. v. Highway Toll*

*Admin., L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017) (quoting *Apostol v. Gallion*, 870 F. 2d 1335, 1339) (7th Cir. 1989)). In light of the Fifth Circuit's caution that the power to retain jurisdiction despite an interlocutory appeal "must be used with restraint," the Court must deny Plaintiff's Motion and decline to certify the appeal as frivolous. *Id*.

This case is therefore **STAYED** until the Fifth Circuit's resolution of the pending interlocutory appeal. The parties are **ORDERED** to file a joint status update within **FOURTEEN DAYS** of the disposition of the appeal advising the Court on how they wish to proceed and proposing dates for the remaining deadlines in this case. The September 21, 2026 trial date is **VACATED** for the time being.

**IT IS SO ORDERED.**

Signed at Houston, Texas on August 12, 2026.

Keith P. Ellison
United States District Judge